*KD*

# United States Bankruptcy Court

NORTHERN DISTRICT OF ILLINOIS
219 S Dearborn Street
Chicago, IL 60604

**Kenneth S. Gardner**, Bankruptcy Clerk

|  |  |
|---|---|
| Date | 04/29/2008 |

Michael Dobbins, Clerk
United States District Court
Northern District of Illinois
219 S Dearborn Street
Chicago, IL 60604

| | |
|---|---|
| Case Number | 07 B 11984 |
| Case Name | Betty J Dumas |
| Notice of Appeal Filed | 03/20/2008 |
| Appellant | Betty J Dumas |

## Transcripts

**08CV2424
JUDGE DOW
MAG. JUDGE COLE**

Volume ___1___ of ___1___ total

Previous D C Judge _____        Case Number _____

1

1     IN THE UNITED STATES BANKRUPTCY COURT
      FOR THE NORTHERN DISTRICT OF ILLINOIS
2                  EASTERN DIVISION

3

4   In re:                        )
                                  ) No. 07 B 11984
5   BETTY DUMAS,                  )
                                  ) Chicago, Illinois
6                                 ) August 21, 2007
                    Debtor.       ) 10:30 a.m.
7

8       TRANSCRIPT OF PROCEEDINGS BEFORE THE
           HONORABLE JACK B. SCHMETTERER
9

10  APPEARANCES:

11  MS. BETTY DUMAS
    Pro se;
12
    MR. JEROME CASIMIR
13  Also Present;

14  MR. HAROLD MOSKOWITZ
    on behalf of Sabre Group;
15
    MS. KATIE GLEASON
16  on behalf of U.S. Trustee.

17

18

19

20

21

22

23

24

25

16

1       THE COURT:  What's not up until September

2    3rd?

3       MS. DUMAS:  My --

4       MR. CASIMIR:  Redemption date.

5       MS. DUMAS:  My redemption date is not up

6    until September 3rd.

7       MR. CASIMIR:  At the county clerk.

8       THE COURT:  You mean the state court

9    mortgage foreclosure redemption?

10      MR. CASIMIR:  Yes.

11      MS. DUMAS:  Yes.

12      MR. CASIMIR:  That's what I meant to say.

13   So we still have plenty of time.

14      THE COURT:  Until when?

15      MR. CASIMIR:  September 3rd, 2007.

16      THE COURT:  All right, I'm going to have to

17   ask you each to sit down until I talk to you one at

18   a time, unless you talk to me one at a time.

19      MS. DUMAS:  I'm sorry.

20      MR. CASIMIR:  We understand.

21      THE COURT:  You're welcome to stand there,

22   both of you, but I need to talk to you one at a

23   time, please.

24            Apparently, you're trying to borrow

25   money.  Do they know -- now, who owns this property?

17

1          MR. CASIMIR:  I gave it to my wife for
2    Valentine's Day.
3          THE COURT:  You gave it to her for what?
4          MR. CASIMIR:  For Valentine's Day about
5    twelve years ago.
6          THE COURT:  And you no longer own it?
7          MR. CASIMIR:  No, I just -- she's the
8    owner.  I gave it to her for Valentine's Day.
9          THE COURT:  Okay.  And there's a mortgage
10   foreclosure pending now?
11         MR. MOSKOWITZ:  No, there was a tax sale.
12         THE COURT:  A tax sale?
13         MR. MOSKOWITZ:  There was a tax sale and
14   then the redemption period has come and gone.
15         MR. CASIMIR:  The redemption period expires
16   September 3rd.
17         MS. DUMAS:  I got the papers, Your Honor.
18         MR. MOSKOWITZ:  It doesn't expire September
19   the 3rd because it expired last May.  And what they
20   did is they tried to -- they filed their first
21   bankruptcy to stop it.  They were thrown out because
22   of the lack of credit report.  The 60-day period
23   didn't go into effect.  Instead, it was over two
24   days, the redemption period I think was over two
25   days before the filing.

26

1  certificate.

2          MR. CASIMIR:  Okay.

3          THE COURT:  Forget credit counseling.
4  We're done with that.

5              Let me hand this back to you, ma'am.
6  Take these papers back relating to medical history.
7  Take these papers back relating to medical history,
8  please.

9              Now, why do you think, ma'am, why do
10  think you can do something to help yourself in
11  Chapter 13?

12          MS. DUMAS:  Because I got, Your Honor, I
13  put in for a loan.  And I got plenty of neighbors
14  that's going to help me.  They say that I got to pay
15  this right away, so I'm planning on paying the taxes
16  as soon as possible before September 3rd.  And I got
17  some numbers you can call.

18          THE COURT:  You mean from the loan?

19          MS. DUMAS:  Huh?

20          THE COURT:  From the loan?

21          MS. DUMAS:  Yeah, from the loan.  And I got
22  quite a few neighbors that are going to help me.

23          THE COURT:  You have mortgage today, don't
24  you?  You have a mortgage today?  You have a
25  mortgage, don't you?

27

1          MR. CASIMIR:  No.

2          THE COURT:  Did you ever hear of Sabre

3     Group?  They want to take -- they want to foreclose

4     on your home.  Have you heard of them?  Do you know

5     who they are?

6          MR. CASIMIR:  Yes, they -- we were behind

7     on taxes.  There was a tax sale.

8          THE COURT:  They were a purchaser at the

9     tax sale?

10          MR. CASIMIR:  Yes.  And the redemption date

11     is --

12          THE COURT:  They have no mortgage?

13          MR. CASIMIR:  No mortgage, no.  The

14     redemption date is pending for September 3rd, and we

15     plan on paying prior to that date.

16          THE COURT:  Do you have some papers that

17     show me that the redemption is September 3rd?

18          MR. CASIMIR:  I sure do, Your Honor.

19          THE COURT:  May I see it?

20          MR. CASIMIR:  And that's what I was looking

21     for when you asked for my attention.

22          THE COURT:  Sir, you've been looking for a

23     half an hour.  So I guess you don't have them if you

24     can't find them.

25          MR. CASIMIR:  I do have them.

28

1            MS. DUMAS:  We have them.

2            MR. CASIMIR:  We have them.  I'm pretty

3    sure that counsel has a copy somewhere.  I'm sorry

4    our documents got mixed up due to the fire.

5            THE COURT:  Now, what burned up, sir, in

6    the fire?  Did the building burn up?

7            MR. CASIMIR:  No, just portions of the

8    building. We still have the first floor and basement

9    apartment.  But the second floor and third floor

10   needs to be re-done.

11           THE COURT:  Counsel, do you have anything

12   on the records of when the date for redemption

13   expires?

14           MR. CASIMIR:  Here it is, Your Honor.

15           THE COURT:  May I have it?  Show it to the

16   attorney, please.

17           MR. CASIMIR:  That's not it.  I'm sorry.

18           MR. MOSKOWITZ:  Your Honor, this is a

19   petition for tax deed, which was filed in the

20   Circuit Court of Cook County, which indicates in the

21   matter of Cook County Collector regarding the year

22   of 2002, which is the petition of my client, Sabre

23   Group.  This was attached to a petition for removal

24   filed by the debtor in a previous case.  It shows

25   that the date of redemption previous was May 9th of

29

1    this year.

2             MS. DUMAS:  Here you go.

3             THE COURT:  Show it to counsel, please.

4             MS. DUMAS:  Can I speak, Your Honor?

5             THE COURT:  One thing at a time.

6             Can I see it, please?  This looks like

7    an estimate of cost redemption.

8             MR. CASIMIR:  Yes.  The September date

9    should be there on the top to your right, Your

10   Honor.  And after that time --

11            THE COURT:  Just a moment, please.  Would

12   you -- I'm going to find it.  Redemption date

13   extended to September 3rd.

14            MR. CASIMIR:  Correct.

15            THE COURT:  By affidavit of purchaser,

16   whatever that means.  That's you.

17            MR. MOSKOWITZ:  I think it was my client.

18   The only thing it could have been because of the

19   filing of the bankruptcy.  It's a 90 -- 60-day

20   extension under 108 didn't apply because the

21   original first bankruptcy was dismissed.  And there

22   was no plan.  There was no plan confirmed.  So that

23   original 60-day period came and went and didn't

24   apply.  So the original redemption period of May 9th

25   still applies.  So when they filed in July, it was

# United States Bankruptcy Court

NORTHERN DISTRICT OF ILLINOIS
219 S. Dearborn Street
Chicago, IL 60604

**Kenneth S. Gardner**, Bankruptcy Clerk

Date        04/29/2008

Michael Dobbins, Clerk
United States District Court
Northern District of Illinois
219 S Dearborn Street
Chicago, IL 60604

**FILED**

APR 2 9 2008 TC
APR 29 2008
**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

| | |
|---|---|
| Case Number | 07 B 11984 |
| Case Name | Betty J Dumas |
| Notice of Appeal Filed | 03/20/2008 |
| Appellant | Betty J Dumas |

Dear Sir:

Pursuant to **Bankruptcy Rule 8007** transmitted herewith is the Record on Appeal. The Record on Appeal consist of:

| | | | |
|---|---|---|---|
| ✓ | Transmittal Letter and Civil Cover Sheet | ✓ | Notice of Appeal |
| ✓ | Designation and Statement of Issues | ✓ | Copy of Documents Designated |
| ✓ | Transcript of Proceeding | ☐ | Exhibits |
| ☐ | In Forma Pauperis | ☐ | Expedited Notice of Appeal |

Additional Items Included

☐ _____

☐ **2** Total Volumes Transmitted    *1 VOLUME — DESIGNATED DOCUMENTS*
    *1 VOLUME — TRANSCRIPTS*

The following items will be transmitted as a supplemental to the Record on Appeal

☐ _____    **08CV2424**
    **JUDGE DOW**
    _____    **MAG. JUDGE COLE**

Previous D C Judge _____    Case Number _____

By Deputy Clerk    *Dorothy N. Carroll*

## U.S. Bankruptcy Court
## Northern District of Illinois (Chicago)
## Bankruptcy Petition #: 07-11984

*Assigned to:* Honorable Judge Jack B. Schmetterer    *Date Filed:* 07/05/2007
Chapter 7
Voluntary
No asset

**Debtor**
**Betty J Dumas**                              represented by **David A Agay**
3620 South Calumet Av                          Kirkland & Ellis
Chicago, IL 60653                              200 East Randolph
SSN: xxx-xx-9538                               Chicago, IL 60601
                                               312-861-2341
                                               Email: dagay@kirkland.com

**Trustee**
**Gregg Szilagyi**
Tailwind Services LLC
One South Wacker Drive
Suite 800
Chicago, IL 60606
312-634-4748

This is to certify that the within and attached
document is a full, true and correct copy of
the original thereof as the same appears on
file in the office of the Clerk of the United
States Bankruptcy Court for the Northern
District of Illinois.
KENNETH S. GARDNER
CLERK OF COURT
By
Deputy Clerk
Dated 4/29/08

**U.S. Trustee**
**William T Neary**
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604
312-886-5785

| Filing Date | # | Docket Text |
|---|---|---|
| 07/05/2007 | ●1 | Chapter 7 Voluntary Petition (IFP waiver) Filed by Betty J Dumas (Sirmons, Dornesa) (Entered: 07/05/2007) |
| 07/05/2007 | ●2 | First Meeting of Creditors with 341(a) meeting to be held on 08/07/2007 at 12:00 PM at 227 W Monroe Street, Room 3360, Chicago, Illinois 60606. Objections for Discharge due by 10/09/2007. (Sirmons, Dornesa) (Entered: 07/05/2007) |
| 07/05/2007 | ●3 | Application to Proceed In Forma Pauperis Filed by Betty J Dumas . (Sirmons, Dornesa) (Entered: 07/05/2007) |

| 07/05/2007 | ●4 | Statement of Social Security Number(s) Filed by Betty J Dumas . (Sirmons, Dornesa) (Entered: 07/05/2007) |
|---|---|---|
| 07/05/2007 | ●5 | Chapter 7 Statement of Current Monthly Income and Means Test Calculation - Form 22A. Filed by Betty J Dumas . (Sirmons, Dornesa) (Entered: 07/05/2007) |
| 07/05/2007 | ●6 | Notice to Individual Consumer Debtor Filed by Betty J Dumas . (Sirmons, Dornesa) (Entered: 07/05/2007) |
| 07/05/2007 | ●7 | Notice of Motion and Motion to Extend Time for Credit Counseling Filed by Betty J Dumas . Hearing scheduled for 7/13/2007 at 10:30 AM at 219 South Dearborn, Courtroom 682, Chicago, Illinois 60604. (Attachments: # 1 Proposed Order) (Marola, Rosalie) (Entered: 07/06/2007) |
| 07/06/2007 | ●8 | Request for Chapter 7 341 Meeting of Creditors (Delgado, Ramon) (Entered: 07/06/2007) |
| 07/06/2007 | ●9 | BNC Certificate of Service - Meeting of Creditors. (RE: 8 Request for Chapter 7 341 Meeting of Creditors). No. of Notices: 9. Service Date 07/08/2007. (Admin.) (Entered: 07/08/2007) |
| 07/06/2007 | ●10 | **ENTER IN ERROR** Order Denying for the Reasons Stated on the Record Application To Proceed In Forma Pauperis (Related Doc # 3). Signed on 7/6/2007. (Marola, Rosalie) Modified on 7/11/2007 (Walker, Valerie). (Entered: 07/09/2007) |
| 07/06/2007 | ●11 | Certificate of Service (RE: 10 Order on Application to Proceed In Forma Pauperis). (Marola, Rosalie) Modified on 7/11/2007 to correct related document #13(Walker, Valerie). (Entered: 07/09/2007) |
| 07/06/2007 | ●13 | Order Denying for the Reasons Stated on the Record Application To Proceed In Forma Pauperis (Related Doc # 3). First Installment Payment due by 8/5/2007. Second Installment Payment due by 9/5/2007. Signed on 7/6/2007. (Marola, Rosalie) (Entered: 07/11/2007) |
| 07/11/2007 | ●12 | CORRECTIVE ENTRY ENTER IN ERROR (RE: 10 Order on Application to Proceed In Forma Pauperis). (Walker, Valerie) (Entered: 07/11/2007) |
| 07/11/2007 | ●14 | CORRECTIVE ENTRY to correct related document #13 (RE: 11 Certificate of Service). (Walker, Valerie) (Entered: 07/11/2007) |
| 07/13/2007 | ●15 | Hearing Continued (RE: 7 Extend Time for Credit Counseling,). Hearing Scheduled for 07/24/2007 at 10:30 AM at Courtroom 682 |

| | | |
|---|---|---|
| | | 219 South Dearborn, Chicago, IL, 60604. (Beckerman,Steven) (Entered: 07/13/2007) |
| 07/18/2007 | ●16 | Notice of Motion and Motion for Relief from Stay as to 3620 Calumet. Fee Amount $150, Filed by Harold L Moskowitz on behalf of Sabre Group, LLC. Hearing scheduled for 7/24/2007 at 10:00 AM at 219 South Dearborn, Courtroom 682, Chicago, Illinois 60604. (Attachments: # 1 Proposed Order # 2 Statement Accompanying Relief From Stay) (Moskowitz, Harold) (Entered: 07/18/2007) |
| 07/18/2007 | 17 | Receipt of Motion for Relief Stay(07-11984) [motion,mrlfsty] ( 150.00) Filing Fee. Receipt number 7270612. Fee Amount $ 150.00 (U.S. Treasury) (Entered: 07/18/2007) |
| 07/23/2007 | ●18 | Response to (related document(s): 16 Motion for Relief Stay, ) Filed by Betty J Dumas (Marola, Rosalie) (Entered: 07/25/2007) |
| 07/23/2007 | ●19 | Notice of Filing Filed by Betty J Dumas (RE: 18 Response). (Marola, Rosalie) (Entered: 07/25/2007) |
| 07/24/2007 | ●20 | Notice of Filing For Power of Attorney Filed by Betty J Dumas . (Marola, Rosalie) (Entered: 07/25/2007) |
| 07/24/2007 | ●21 | Order and Notice (RE: 16 Motion for Relief Stay, ). Hearing scheduled for 8/21/2007 at 11:30 AM at 219 South Dearborn, Courtroom 682, Chicago, Illinois 60604. Signed on 7/24/2007 (Marola, Rosalie) (Entered: 07/26/2007) |
| 07/26/2007 | ●22 | Hearing Continued (RE: 16 Motion for Relief Stay,, 7 Motion to Extend Time for Credit Counseling, ). Hearing scheduled for 8/21/2007 at 11:30 AM at 219 South Dearborn, Courtroom 682, Chicago, Illinois 60604. (Smith, Deborah) (Entered: 07/26/2007) |
| 08/03/2007 | ●23 | Notice of Motion and Motion for Leave for consideration to process without cost Filed by Betty J Dumas . Hearing scheduled for 8/21/2007 at 09:30 AM at 219 South Dearborn, Courtroom 682, Chicago, Illinois 60604. (Attachments: # 1 Proposed Order) (Marola, Rosalie) (Entered: 08/06/2007) |
| 08/13/2007 | ●24 | Request for Service of Notices. Recovery Management Systems Corporation, 25 S.E. 2nd Avenue Suite 1120,Miami FL 33131-1605 Filed by Recovery Management Systems Corporation. (Singh, Ramesh) (Entered: 08/13/2007) |
| 08/14/2007 | ●25 | Notice of Motion and Motion to Convert Case to Chapter 13. Filed by Betty J Dumas . Hearing scheduled for 8/21/2007 at 09:30 AM at 219 South Dearborn, Courtroom 682, Chicago, Illinois 60604. |

| | | |
|---|---|---|
| | | (Attachments: # 1 Proposed Order) (Marola, Rosalie) Modified on 8/16/2007 to correct filed date (Walker, Valerie). (Entered: 08/15/2007) |
| 08/14/2007 | ●26 | Notice of Motion and Motion to Amend Schedule F Filed by Betty J Dumas . Hearing scheduled for 8/21/2007 at 09:30 AM at 219 South Dearborn, Courtroom 682, Chicago, Illinois 60604. (Attachments: # 1 Proposed Order) (Marola, Rosalie) (Entered: 08/15/2007) |
| 08/15/2007 | ●27 | Amended Schedules : I & J. Filed by Betty J Dumas . (Marola, Rosalie) (Entered: 08/16/2007) |
| 08/15/2007 | ●28 | Notice of Filing Filed by Betty J Dumas (RE: 27 Amended Schedules (No Fee)). (Marola, Rosalie) (Entered: 08/16/2007) |
| 08/16/2007 | ●29 | CORRECTIVE ENTRY to correct filed date (RE: 25 Motion to Convert Case to Chapter 13, ). (Walker, Valerie) (Entered: 08/16/2007) |
| 08/20/2007 | ●30 | Memorandum Filed by Betty J Dumas (RE: 25 Motion to Convert Case to Chapter 13, ). (Seamann, Pamela) (Entered: 08/21/2007) |
| 08/20/2007 | ●31 | Notice of Filing Filed by Betty J Dumas (RE: 30 Memorandum). (Seamann, Pamela) (Entered: 08/21/2007) |
| 08/21/2007 | ●34 | Order - requirement for credit counseling certificate is waived pursuant to Fed.R.Bank.P.,109(h)(4) (RE: 7 Motion to Extend Time for Credit Counseling, ). Signed on 8/21/2007 (Marola, Rosalie) (Entered: 08/23/2007) |
| 08/21/2007 | ●35 | Order Scheduling (RE: 16 Motion for Relief Stay, ). Hearing scheduled for 9/6/2007 at 11:00 AM at 219 South Dearborn, Courtroom 682, Chicago, Illinois 60604. Signed on 8/21/2007 (Marola, Rosalie) (Entered: 08/23/2007) |
| 08/22/2007 | ●32 | Hearing Continued (RE: 25 Motion to Convert Case to Chapter 13,, 26 Motion to Amend, 23 Motion for Leave, ). Hearing scheduled for 9/6/2007 at 11:00 AM at 219 South Dearborn, Courtroom 682, Chicago, Illinois 60604. (Smith, Deborah) (Entered: 08/22/2007) |
| 08/22/2007 | ●33 | Hearing Continued (RE: 16 Motion for Relief Stay, ). Hearing scheduled for 9/6/2007 at 11:00 AM at 219 South Dearborn, Courtroom 682, Chicago, Illinois 60604. (Smith, Deborah) (Entered: 08/22/2007) |
| 09/04/2007 | ●36 | Memorandum Filed by Betty J Dumas (RE: 25 Motion to Convert Case to Chapter 13, ). (Marola, Rosalie) Additional attachment(s) |

| | | added on 9/7/2007 (Carroll, Dorothy). Modified on 9/7/2007 to attach correct PDF(Carroll, Dorothy). (Entered: 09/05/2007) |
|------------|------|------------------------------------------------------------------------|
| 09/04/2007 | ●37 | Notice of Filing Filed by Betty J Dumas (RE: 36 Memorandum). (Marola, Rosalie) (Entered: 09/05/2007) |
| 09/06/2007 | ●38 | Hearing Continued (RE: 26 Amend). Hearing Scheduled for 09/21/2007 at 11:00 AM at Courtroom 682 219 South Dearborn, Chicago, IL, 60604. (Smith,Deborah) (Entered: 09/06/2007) |
| 09/06/2007 | ●39 | Hearing Continued (RE: 25 Convert Case to 13). Hearing Scheduled for 09/21/2007 at 11:00 AM at Courtroom 682 219 South Dearborn, Chicago, IL, 60604. (Smith,Deborah) (Entered: 09/06/2007) |
| 09/06/2007 | ●40 | Hearing Continued (RE: 23 Leave). Hearing Scheduled for 09/21/2007 at 11:00 AM at Courtroom 682 219 South Dearborn, Chicago, IL, 60604. (Smith,Deborah) (Entered: 09/06/2007) |
| 09/06/2007 | ●41 | Hearing Continued (RE: 16 Relief Stay). Hearing Scheduled for 09/21/2007 at 11:00 AM at Courtroom 682 219 South Dearborn, Chicago, IL, 60604. (Smith,Deborah) (Entered: 09/06/2007) |
| 09/06/2007 | ●42 | Order Scheduling (RE: 16 Motion for Relief Stay, ). Hearing scheduled for 9/21/2007 at 11:00 AM at 219 South Dearborn, Courtroom 682, Chicago, Illinois 60604. Signed on 9/6/2007 (Marola, Rosalie) (Entered: 09/07/2007) |
| 09/07/2007 | ●43 | CORRECTIVE ENTRY to attach correct PDF (RE: 36 Memorandum). (Carroll, Dorothy) (Entered: 09/07/2007) |
| 09/07/2007 | ●44 | Amended Order - Waiving Credit Counseling (RE: 7 Motion to Extend Time for Credit Counseling, ). Signed on 9/7/2007 (Marola, Rosalie) (Entered: 09/10/2007) |
| 09/12/2007 | ●45 | Order Scheduling (RE: 25 Motion to Convert Case to Chapter 13,, 16 Motion for Relief Stay, ).Copy of Memorandum of Pertinent Facts and Issues appended to Court's Request for Volunteer Panel Attorney is appended hereto as a summary of case and issues to date. Hearing scheduled for 9/21/2007 at 11:00 AM at 219 South Dearborn, Courtroom 682, Chicago, Illinois 60604. Signed on 9/12/2007 (Marola, Rosalie) (Entered: 09/13/2007) |
| 09/12/2007 | ●46 | Certificate of Service (RE: 45 Order Scheduling, ). (Marola, Rosalie) (Entered: 09/13/2007) |
| 09/13/2007 | ●47 | Notice of Required Document(s) for Discharge . (Marola, Rosalie) (Entered: 09/13/2007) |

| 09/13/2007 | ●<u>49</u> | BNC Certificate of Service - Notice of Requirement to Complete Course in Financial Management (RE: <u>47</u> Notice of Required Document(s) for Discharge). No. of Notices: 1. Service Date 09/15/2007. (Admin.) (Entered: 09/15/2007) |
|---|---|---|
| 09/14/2007 | ●<u>48</u> | Request Notice of Hearing on Dismissal for Failure to Pay Fees . Hearing scheduled for 10/15/2007 at 10:30 AM at 219 South Dearborn, Courtroom 682, Chicago, Illinois 60604. (Brennan, Kelly) (Entered: 09/14/2007) |
| 09/14/2007 | ●<u>50</u> | BNC Certificate of Service - Hearing. (RE: <u>48</u> Request Notice of Hearing on Dismissal for Failure to Pay Fees). No. of Notices: 13. Service Date 09/16/2007. (Admin.) (Entered: 09/16/2007) |
| 09/17/2007 | ●<u>51</u> | **INCORRECT EVENT-FILER NOTIFIED TO REFILE** Brief in Support to (related document(s): <u>16</u> Motion for Relief Stay, ) Filed by Harold L Moskowitz on behalf of Sabre Group, LLC (Moskowitz, Harold) Modified on 9/18/2007 (Walker, Valerie). (Entered: 09/17/2007) |
| 09/18/2007 | ●52 | CORRECTIVE ENTRY INCORRECT EVENT-FILER NOTIFIED TO REFILE (RE: <u>51</u> Brief). (Walker, Valerie) (Entered: 09/18/2007) |
| 09/21/2007 | ●53 | Hearing Continued (RE: 26 Amend). Hearing Scheduled for 10/19/2007 at 11:30 AM at Courtroom 682 219 South Dearborn, Chicago, IL, 60604. (Smith,Deborah) (Entered: 09/21/2007) |
| 09/21/2007 | ●54 | Hearing Continued (RE: <u>25</u> Convert Case to 13). Hearing Scheduled for 10/19/2007 at 11:30 AM at Courtroom 682 219 South Dearborn, Chicago, IL, 60604. (Smith,Deborah) (Entered: 09/21/2007) |
| 09/21/2007 | ●55 | Hearing Continued (RE: <u>23</u> Leave). Hearing Scheduled for 10/19/2007 at 11:30 AM at Courtroom 682 219 South Dearborn, Chicago, IL, 60604. (Smith,Deborah) (Entered: 09/21/2007) |
| 09/21/2007 | ●56 | Hearing Continued (RE: <u>16</u> Relief Stay). Hearing Scheduled for 10/19/2007 at 11:30 AM at Courtroom 682 219 South Dearborn, Chicago, IL, 60604. (Smith,Deborah) (Entered: 09/21/2007) |
| 09/21/2007 | ●57 | Order Scheduling (RE: 25 Motion to Convert Case to Chapter 13,, <u>16</u> Motion for Relief Stay, ). Hearing scheduled for 10/19/2007 at 11:30 AM at 219 South Dearborn, Courtroom 682, Chicago, Illinois 60604. Signed on 9/21/2007 (Pruitt, Debra) (Entered: 09/25/2007) |
| 09/24/2007 | ●<u>58</u> | Certificate of Service (RE: <u>57</u> Order Scheduling). (Pruitt, Debra) (Entered: 09/25/2007) |

| 10/05/2007 | ❷59 | Response to (related document(s): 16 Motion for Relief Stay, ) Filed by David A Agay on behalf of Betty J Dumas (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G) (Agay, David) (Entered: 10/05/2007) |
|---|---|---|
| 10/15/2007 | ❷60 | Hearing Continued (RE: 48 Request Notice of Hearing on Dismissal for Failure to Pay Fees). Hearing continued on 10/19/2007 at 11:30AM at 219 South Dearborn, Courtroom 682, Chicago, Illinois 60604. (Smith, Deborah) (Entered: 10/15/2007) |
| 10/19/2007 | ❷61 | Hearing Continued (RE: 16 Motion for Relief Stay,, 25 Motion to Convert Case to Chapter 13,, 26 Motion to Amend, 23 Motion for Leave, ). Hearing scheduled for 11/8/2007 at 11:30 AM at 219 South Dearborn, Courtroom 682, Chicago, Illinois 60604. (Smith, Deborah) (Entered: 10/19/2007) |
| 10/19/2007 | ❷62 | Hearing Continued (RE: 48 Request Notice of Hearing on Dismissal for Failure to Pay Fees). Hearing continued on 11/8/2007 at 11:30AM at 219 South Dearborn, Courtroom 682, Chicago, Illinois 60604. (Smith, Deborah) (Entered: 10/19/2007) |
| 10/26/2007 | ❷63 | Supplemental Response to (related document(s): 59 Response, 16 Motion for Relief Stay, ) Filed by David A Agay on behalf of Betty J Dumas (Agay, David) (Entered: 10/26/2007) |
| 11/05/2007 | ❷64 | Reply to (related document(s): 16 Motion for Relief Stay, ) Filed by Harold L Moskowitz on behalf of Sabre Group, LLC (Moskowitz, Harold) (Entered: 11/05/2007) |
| 11/08/2007 | ❷65 | (E)Order Withdrawing Motion to Convert Case to Chapter 13 (Related Doc # 25) . Signed on 11/8/2007. (Marola, Rosalie) Modified on 11/9/2007 to edit docket text to include (E) (Riddick, Debbie). (Entered: 11/08/2007) |
| 11/08/2007 | ❷66 | Order - ON COURTS OWN MOTION - On the motion for Relief from Stay by Sabre Group LLC, the stay is ordered to remain in effect until Ruling by Opinion by mail. (RE: 16 Motion for Relief Stay, ). Signed on 11/8/2007 (Seamann, Pamela) (Entered: 11/09/2007) |
| 11/08/2007 | ❷67 | Notice of Filing for attached documents Filed by Betty J Dumas . (Walker, Valerie) (Entered: 11/09/2007) |
| 11/08/2007 | ❷69 | Order Denying for the Reasons Stated on the Record Application To Proceed In Forma Pauperis (Related Doc # 3). First Installment Payment due by 12/1/2007. Second Installment Payment due by 1/1/2008. Third Installment Payment due by 2/1/2008. Final Installment Payment due by 3/1/2008. Signed on 11/8/2007. |

| | | |
|---|---|---|
| | | (Beemster, Greg) (Entered: 11/09/2007) |
| 11/09/2007 | 68 | CORRECTIVE ENTRY on 11/9/2007 to edit docket text to include (E) (RE: [65] Order on Motion to Convert Case To Chapter 13). (Riddick, Debbie) (Entered: 11/09/2007) |
| 11/09/2007 | 70 | (E)Order Denying for the Reasons Stated on the Record Motion for Leave (Related Doc # 23). Signed on 11/09/2007. (Smith, Deborah) (Entered: 11/09/2007) |
| 11/09/2007 | 71 | Response to Include Opposition Evidence (related document(s): 16 Motion for Relief Stay, ) Filed by Betty J Dumas (Carroll, Dorothy) (Entered: 11/13/2007) |
| 11/14/2007 | 72 | Debtor's Certification of Completion of Instructional Course Concerning Personal Financial Management Filed by Betty J Dumas . (Marola, Rosalie) (Entered: 11/15/2007) |
| 11/14/2007 | 73 | Notice of Filing Filed by Betty J Dumas (RE: 72 Debtor's Financial Management Course Certificate). (Marola, Rosalie) (Entered: 11/15/2007) |
| 11/15/2007 | 74 | Appearance for Matthew M. Wawrzyn Filed by David A Agay on behalf of Betty J Dumas. (Agay, David) (Entered: 11/15/2007) |
| 11/30/2007 | 75 | Notice of Motion and Motion for Turnover of Funds which may be refunded by the Clerk of Cook County or the Treasurer of Cook County from Betty J. Dumas to Illinois Financial Funding Filed by Richard N Golding on behalf of Illinois Financial Funding. Hearing scheduled for 12/6/2007 at 10:00 AM at 219 South Dearborn, Courtroom 682, Chicago, Illinois 60604. (Attachments: # 1 Proposed Order) (Golding, Richard) (Entered: 11/30/2007) |
| 11/30/2007 | 76 | Notice of Motion Filed by Richard N Golding on behalf of Illinois Financial Funding (RE: 75 Motion for Turnover, ). Hearing scheduled for 12/6/2007 at 10:00 AM at 219 South Dearborn, Courtroom 682, Chicago, Illinois 60604. (Golding, Richard) (Entered: 11/30/2007) |
| 12/03/2007 | 77 | Amended Notice of Motion Filed by Richard N Golding on behalf of Illinois Financial Funding (RE: 75 Motion for Turnover, ). Hearing scheduled for 12/13/2007 at 10:00 AM at 219 South Dearborn, Courtroom 682, Chicago, Illinois 60604. (Golding, Richard) (Entered: 12/03/2007) |
| 12/03/2007 | 78 | Receipt of Chapter 7 Installment Payment - $74.75 by SD. Receipt Number 03161119. Payment received from Dumas. (Entered: 12/04/2007) |

| 12/05/2007 | 🔴79 | Response to (related document(s): 75 Motion for Turnover, 77 Notice of Motion, )Request to hear on another date. Filed by Betty J Dumas (Marola, Rosalie) (Entered: 12/06/2007) |
|---|---|---|
| 12/05/2007 | 🔴80 | Notice of Filing Filed by Betty J Dumas (RE: 79 Response). (Marola, Rosalie) (Entered: 12/06/2007) |
| 12/07/2007 | 🔴81 | Notice of Motion and Motion to Bar Jerome Casirer from Filing Pleadings. Filed by Harold L Moskowitz on behalf of Sabre Group, LLC. Hearing scheduled for 12/13/2007 at 10:00 AM at 219 South Dearborn, Courtroom 682, Chicago, Illinois 60604. (Attachments: # 1 Proposed Order) (Moskowitz, Harold) Modified on 12/11/2007 (Walker, Valerie). Modified on 12/26/2007 Incorrect Notice of Motion, Filer notified to refile (Carroll, Dorothy). (Entered: 12/07/2007) |
| 12/10/2007 | 🔴84 | Response to (related document(s): 83 Notice of Motion, 81 Motion to Bar, ) Filed by Betty J Dumas (Gordon, Pamela) (Entered: 12/12/2007) |
| 12/10/2007 | 🔴85 | Notice of Filing Filed by Betty J Dumas (RE: 84 Response). (Gordon, Pamela) (Entered: 12/12/2007) |
| 12/11/2007 | 🔴82 | CORRECTIVE ENTRY INCORRECT PDF-FILER NOTIFIED TO REFILE (RE: 81 Motion to Bar, ). (Walker, Valerie) (Entered: 12/11/2007) |
| 12/11/2007 | 🔴83 | Amended Notice of Motion Filed by Harold L Moskowitz on behalf of Sabre Group, LLC (RE: 81 Motion to Bar, ). Hearing scheduled for 12/13/2007 at 10:00 AM. (Moskowitz, Harold) Modified on 12/13/2007 **Incomplete Event, Missing Hearing Location, Filer Notified** (Carroll, Dorothy). (Entered: 12/11/2007) |
| 12/13/2007 | 🔴86 | CORRECTIVE ENTRY Incomplete Event, Missing Hearing Location, Filer Notified , Hearing Rescheduled (RE: 83 Notice of Motion, ). Hearing scheduled for 12/13/2007 at 10:00 AM at 219 South Dearborn, Courtroom 682, Chicago, Illinois 60604. (Carroll, Dorothy) (Entered: 12/13/2007) |
| 12/14/2007 | 🔴87 | Hearing Continued (RE: 75 Turnover). Hearing Scheduled for 12/21/2007 at 11:30 AM at Courtroom 682 219 South Dearborn, Chicago, IL, 60604. (Smith,Deborah) (Entered: 12/14/2007) |
| 12/14/2007 | 🔴88 | Hearing Continued (RE: 81 Bar). Hearing Scheduled for 12/21/2007 at 11:30 AM at Courtroom 682 219 South Dearborn, Chicago, IL, 60604. (Smith,Deborah) (Entered: 12/14/2007) |

| 12/19/2007 | ◑89 | **DOCKETED ON WRONG CASE-FILER NOTIFIED TO REFILE** Notice of Motion and Motion to Dismiss Adversary Proceeding, Notice of Motion and Motion for Remand Filed by Harold L Moskowitz on behalf of Sabre Group, LLC. Hearing scheduled for 12/21/2007 at 11:30 AM at 219 South Dearborn, Courtroom 682, Chicago, Illinois 60604. (Attachments: # 1 Proposed Order) (Moskowitz, Harold) Modified on 12/20/2007 (Walker, Valerie). (Entered: 12/19/2007) |
|---|---|---|
| 12/20/2007 | ◑90 | CORRECTIVE ENTRY DOCKETED ON WRONG CASE-FILER NOTIFIED TO REFILE (RE: 89 Motion to Dismiss Adversary Proceeding, , Motion for Remand, ). (Walker, Valerie) (Entered: 12/20/2007) |
| 12/20/2007 | ◑91 | Supplemental Response to (related document(s): 59 Response, 16 Motion for Relief Stay,, 63 Response) Filed by David A Agay on behalf of Betty J Dumas (Attachments: # 1 Exhibit H# 2 Exhibit I) (Agay, David) (Entered: 12/20/2007) |
| 12/21/2007 | ◑92 | Order Withdrawing Motion for Turnover (Related Doc # 75). Signed on 12/21/2007. (Walker, Valerie) (Entered: 12/26/2007) |
| 12/21/2007 | ◑94 | Order Granting Motion To Bar (Related Doc # 81). Signed on 12/21/2007. (Seamann, Pamela) (Entered: 12/26/2007) |
| 12/26/2007 | ◑93 | CORRECTIVE ENTRY Incorrect Notice of Motion, Filer notified to refile (RE: 81 Motion to Bar, ). (Carroll, Dorothy) (Entered: 12/26/2007) |
| 02/14/2008 | ◑95 | Notice of Motion and Motion to Extend Time To Pay Chapter 7 Filing Fee Filed by David A Agay on behalf of Betty J Dumas. Hearing scheduled for 2/19/2008 at 10:00 AM at 219 South Dearborn, Courtroom 682, Chicago, Illinois 60604. (Attachments: # 1 Proposed Order # 2 Notice of Motion and Certificate of Service) (Agay, David) (Entered: 02/14/2008) |
| 02/19/2008 | ◑96 | Proposed Order - Regarding debtor's filing fess according to the following terms in the order. (RE: 95 Motion to Extend Time, ). Signed on 2/19/2008 (Marola, Rosalie) (Entered: 02/21/2008) |
| 03/07/2008 | ◑97 | Memorandum Opinion On Motion Of Sabre Group LLC To Modify Stay And Remand Removed Tax Proceeding. (RE: 16 Motion for Relief Stay, ). (Marola, Rosalie) (Entered: 03/10/2008) |
| 03/07/2008 | ◑98 | Certificate of Service (RE: 97 Memorandum Opinion). (Marola, Rosalie) (Entered: 03/10/2008) |
|  |  |  |

| 03/10/2008 | 99 | Order Granting Motion for Relief from Stay (Related Doc # 16). Signed on 3/10/2008. (Marola, Rosalie) (Entered: 03/12/2008) |
|---|---|---|
| 03/11/2008 | 100 | Certificate of Service (RE: 99 Order on Motion for Relief from Stay). (Marola, Rosalie) (Entered: 03/12/2008) |
| 03/20/2008 | 101 | Notice of Appeal to District Court. Filed by David A Agay on behalf of Betty J Dumas. Fee Amount $255 (RE: 99 Order on Motion for Relief from Stay). Appellant Designation due by 3/31/2008. Transmission of Record Due by 4/29/2008. (Agay, David) (Entered: 03/20/2008) |
| 03/20/2008 | 102 | Receipt of Notice of Appeal(07-11984) [appeal,ntcapl] ( 255.00) Filing Fee. Receipt number 8509343. Fee Amount $ 255.00 (U.S. Treasury) (Entered: 03/20/2008) |
| 03/21/2008 | 103 | Notice of Filing to Bk Judge and Parties on Service List (RE: 101 Notice of Appeal, ). (Carroll, Dorothy) (Entered: 03/21/2008) |
| 03/25/2008 | 104 | Adversary Case 1-07-ap-620 Closed . (Green, Charlie) (Entered: 03/25/2008) |
| 03/31/2008 | 105 | Appellant Designation of Contents for Inclusion in Record and Statement of Issue On Appeal Filed by David A Agay on behalf of Betty J Dumas. (RE: 101 Notice of Appeal, ). (Agay, David) (Entered: 03/31/2008) |
| 04/01/2008 | 106 | Appellee Designation of Contents for Inclusion in Record and Statement of Issue on Appeal Filed by Harold L Moskowitz on behalf of Sabre Group, LLC. (RE: 105 Appellant Designation and Statement of Issue). (Moskowitz, Harold) (Entered: 04/01/2008) |

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS (EASTERN DIVISION)

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BETTY J. DUMAS, | ) | 07 B 11984 |
| | ) | |
| Debtor. | ) | Judge Jack B. Schmetterer |
| | ) | Chapter 7 |

### NOTICE OF APPEAL

    Betty J. Dumas, the debtor, appeals under 28 U.S.C. § 158(a)(1) from the order of the bankruptcy court modifying the automatic stay and permitting Sabre Group LLC to proceed in state court to seek a tax deed to the debtor's property, which the Court entered on March 10, 2008.

    The names of all parties to the order appealed from and the names, addresses, and telephone numbers of their respective attorneys are as follows:

Harold L. Moskowitz
55 West Monroe Street
Suite 1100
Chicago, IL 60603
*Counsel to Sabre Group, L.L.C.*

**08CV2424**
**JUDGE DOW**
**MAG. JUDGE COLE**

Dated: March 20, 2008

Respectfully submitted,

BETTY J. DUMAS

  s/David A. Agay  ----------------
By:    One of her attorneys

David A. Agay
Matthew M. Wawrzyn
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601

*Attorneys for Betty J. Dumas*

## CERTIFICATE OF SERVICE

I, Matt Wawrzyn, an attorney, certify that on March 20, 2008 I caused to be messengered the foregoing NOTICE OF APPEAL to the following:

Harold L. Moskowitz
55 West Monroe Street
Suite 1100
Chicago, IL 60603
*Counsel to Sabre Group, L.L.C.*

Gregg Szilagyi
Tailwind Services LLC
One South Wacker Drive
Suite 800
Chicago, IL 60606
*Chapter 7 Trustee*

 s/Matt Wawrzyn  ----------------

UNITED STATES BANKRUPTCY COURT NORTHERN DISTRICT OF ILLINOIS
EASTERN   DIVISION

Honorable JACK B. SCHMETTERER

Date: **March 10, 2008**

Bankruptcy Case No. __07 B 11984__

Adversary No. _____

**Title of Case** — __In re:  Betty J. Dumas__

**Brief Statement of Motion** — __Order of Court__

**Names and Addresses of moving counsel**

**Representing**

**Names and Addresses of other counsel entitled to notice and names of parties they represent** — __See Attached Service Certificate__

## ORDER

__Pursuant to Memorandum Opinion dated March 7, 2008, the stay is modified__
__to permit Sabre Group LLC to proceed in state court to seek a tax deed to Debtor's__
__property.__

**ENTER:**

__United States Bankruptcy Judge__

Hand this memorandum to the Courtroom Deputy.
Counsel will not rise to address the Court until motion has been called.

99

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS (EASTERN DIVISION)

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BETTY J. DUMAS, | ) | 07 B 11984 |
| | ) | |
| Debtor. | ) | Judge Jack B. Schmetterer |
| | ) | Chapter 7 |

## DEBTOR'S DESIGNATION OF RECORD AND ISSUES ON APPEAL

Pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure, Betty J.

Dumas (the "Debtor"), designates the following items to be included in the record on appeal:

### DESIGNATION OF THE RECORD

1. The Motion for Relief from Stay (the "Motion") filed by Sabre Group,
   LLC ("Sabre"). (Docket No. 16).

2. The Debtor's Response to the Motion. (Docket No. 59)

3. The Debtor's Supplemental Response. (Docket No. 63)

4. Sabre's Reply. (Docket 64)

5. The Debtor's Supplemental Response. (Docket 91)

6. The Court's Memorandum Opinion. (Docket 97)

### STATEMENT OF ISSUE TO BE PRESENTED

1. Did Sabre fail to meet its burden of proof under 11 U.S.C. § 362(g)?

2. Does Sabre hold a "claim" as that term is defined at 11 U.S.C. § 101(5)?

Dated:  March 31, 2008

Respectfully submitted,

BETTY J. DUMAS

s/David A. Agay
By:    One of her attorneys

David A. Agay
Matthew M. Wawrzyn
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL  60601

*Attorneys for Betty J. Dumas*

## CERTIFICATE OF SERVICE

I, Matt Wawrzyn, an attorney, certify that on March 31, 2008 I caused to be messengered the foregoing DEBTOR'S DESIGNATION OF RECORD AND ISSUES ON APPEAL to the following:

Harold L. Moskowitz
55 West Monroe Street
Suite 1100
Chicago, IL 60603
*Counsel to Sabre Group, L.L.C.*

Gregg Szilagyi
Tailwind Services LLC
One South Wacker Drive
Suite 800
Chicago, IL 60606
*Chapter 7 Trustee*


 _s/Matt Wawrzyn_ -----------------

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE: | ) |
| | ) |
| **BETTY DUMAS** | )    07 b 11984 |
| | ) |
| **Debtor** | )    **Judge Jack B. Schmetterer** |
| | )    **Chapter 7** |

### ADDITIONAL DESIGNATION OF RECORD
### AND ISSUES ON APPEAL

COMES SABRE GROUP, LLC ("Petitioner"), by its attorney, Harold L. Moskowitz, and pursuant to Bankruptcy Rule 8006 designates the following as additional record on appeal:

1. Order Denying Motion to Convert to Chapter 13 (Docket #65).

2. Motion to Remand and Motion to Dismiss Adversary Proceeding (Docket #89).

3. Dumas Motion to Extend Time (Docket #95).

4. Order on Motion for Relief from Stay (Docket #99).

5. Order Granting Motion to Remand in Related Adversary No. 07 A 380 (Docket #8).

6. Order Granting Motion to Remand in Related Adversary No. 07 A 620 (Docket #8).

### ADDITIONAL ISSUES ON APPEAL

1. Whether the Bankruptcy Court abused its discretion in voluntarily abstaining from resolving the propriety of the Debtor's claimed tax redemption.

1

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

IN RE:                                    )
                                          )
BETTY DUMAS                               )        07 b 11984
                                          )
      Debtor                             )        **Judge Jack B. Schmetterer**
                                          )        **Chapter 7**

## NOTICE OF FILING

TO:    David Agay
        Mathew M. Wawrzyn
        KIRKLAND & ELLIS, LLP
        200 East Randolph Drive
        Chicago, Illinois 60601

      PLEASE TAKE NOTICE that on April 1, 2008, SABRE GROUP, LLC filed the following:

    **1.**      **Sabre Additional Designation of Record and Issues on Appeal.**

A copy of which has herewith been served upon you.

                      /s/ HAROLD L. MOSKOWITZ
                      55 West Monroe Street, Suite 1100
                      Chicago, Illinois 60603
                      (312) 977-0223

## CERTIFICATE OF SERVICE
## (VIA ELECTRONIC DELIVERY)

      Harold L. Moskowitz, certifies that the documents were served upon the parties named above by electronic service.

                _/s/ Harold Moskowitz_





**IN THE UNITED STATES BANKRUPTCY COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BETTY J. DUMAS | ) | 07 B 11984 |
| | ) | |
| Debtor | ) | Judge Jack B. Schmetterer |
| | ) | Chapter 7 |

### NOTICE OF MOTION

TO:   Betty Dumas                 Gregg Szilagyi
       3620 South Calumet Avenue   Tailwind Services LLC
       Chicago, Illinois 60653        One South Wacker Drive
                                  Suite 800
                                  Chicago, IL 60606

PLEASE TAKE NOTICE that on July 24, 2007 at 10:00 a.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Jack B. Schmetterer, Bankruptcy Court Judge, in courtroom 682, in the U.S. Courthouse, 219 Dearborn Street, Chicago, Illinois, or in his absence, before such judge who may be sitting in his place and stead and hearing motions, and shall then and there present the following:

     **1.**     **Motion to Lift Stay.**

Copies of which have herewith been served upon you, and shall pray for the entry of orders in conformity with the prayers of said pleadings.

     AT WHICH TIME AND PLACE you may appear if you so see fit.

                                    /s/Harold Moskowitz
                                    55 West Monroe Street., Suite 1100
                                    Chicago, IL 60603
                                    312/977-0223

### CERTIFICATE OF SERVICE
### (VIA MAIL)

     Harold Moskowitz, an attorney, certifies that he served a copy of the foregoing Motion, upon all persons entitled to notice by depositing same in properly addressed envelopes before 5:00 p.m. on July 18, 2007, in the mail depository located at 55 West Monroe Street, Chicago, Illinois 60602.

                                  ____/s/Harold Moskowitz_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

|                    |   |                           |
|--------------------|---|---------------------------|
| IN RE:             | ) |                           |
|                    | ) |                           |
| BETTY J. DUMAS     | ) | 07 B 11984                |
|                    | ) |                           |
| Debtor             | ) | Judge Jack B. Schmetterer |
|                    | ) | Chapter 7                 |

### MOTION TO LIFT AUTOMATIC STAY

COMES SABRE GROUP, LLC ("Petitioner"), by its attorney, Harold L. Moskowitz, and respectfully prays that this Court lift the automatic stay and permit Petitioner to obtain a tax deed of that parcel of real estate otherwise commonly known as 3620 South Calumet Avenue, Chicago, Illinois (the "Property"). In support hereof, Petitioner states as follows:

1.      This case commenced on July 5, 2007 by the filing of a petition for relief by the Debtor.

2.      This is the second case filed by the Debtor as she filed that case entitled *In re Betty J. Dumas*, Case No. 07-8311 on May 5, 2007. One of the purposes of the filing of this and the last case was to delay the redemption of the delinquent real estate taxes of the Property which were purchased by Petitioner.

3.      The sale of those taxes resulted from a proceeding in the Circuit Court of Cook County in the case entitled *In the Matter of the Application of the County Collector of Cook County, Illinois, for Judgment Against Lands and Lots Returned Delinquent for Nonpayment of General Taxes, for the Year 2002 and Prior Years; Petition of Sabre Group, LLC for a Tax Deed*, Case No 02 TXD 16034 which was filed on December 11, 2006.

1

4.    The legal description of the Property is as follows:

LOTS 15 (EXCEPT THE SOUTH 2 ½ FEET THEREOF) IN OWNER'S SUBDIVISION OF PART OF THE EAST ½ OF THE NORTHEAST 1/4 OF THE SOUTHWEST 1/4 OF SECTION 34, TOWNSHIP 39 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

5.    The first case was filed on May 7, 2007. However, because the Debtor did not obtain debt counseling prior to the filing, the case was dismissed on June 5, 2007.

6.    The date of the redemption of those taxes was May 9, 2007. As of July 18, 2007, no such redemption was made. As the redemption period has come and gone, the Debtor has no further interest in the Property.

7.    Despite of a period of three months since the filing of the initial case, the Debtor still has not received credit counseling and makes the same "I do not have a credit card" excuse.

8.    The Court should lift the automatic stay under Section 362(d) of the Code and permit the continued prosecution of the Petition for Tax Deed for the following reasons:

a.    There is no equity or other interest of the Debtor in the Property; and

b.    Petitioner is not being provided adequate protection on the Property.

### ARGUMENT

Because the Debtor failed to redeem the taxes within the statutory period of time, the Debtor and the Trustee have no further interest in the Property. Right on point, as recognized and quoted in the District Court opinion, is *In re Bequette* 184 B.R. 327 (S.D. Ill. 1995), in which the Bankruptcy Court in a Chapter 13 filed after the sale but prior to

2

the redemption date and no subsequent redemption before expiration of the redemption

date ruled that:

> "upon expiration of the redemption period, the owner loses all interest in the property, including the right to redeem, and can do no nothing to prevent issuance of a deed to a tax purchaser (emphasis added). See *In re Jackson*, 176 B.R. 156, 159 (N.D. Ill. 1994); *Tabor Enterprises*, 65 B.R. at 46 (Bankr. N.D. Ohio 1986); *In re McKeever*, 32 B.R. 321, 326 (Bankr N.D. Ill 1994; *In re Rich*, 1994 WL 527161, at 3 (Bankr. N.D. Ill. 1994)."

*In re Bequette* 184 B.R. 327 at 336 (S.D. Ill. 1995).

In addition, this Court in *In re Davenport* 268 B.R. 159 (Bankr. N.D. Ill 2001),

which agreed with *In re Bates*, 270 B.R. 455, 459-63 (Bankr. N.D. Ill. 2001) that there is

a debtor/creditor relationship; nevertheless still held that "the stay does not toll the

redemption period and the only other protection (emphasis added) for the Debtor under

the Code is the right to extend the redemption period by 60 days under §108(b)." Thus,

this Court held that since in that case the debtor failed to redeem within the requisite

period, he "lost all interest in the property." *In re Davenport* 268 B.R. 159, 165-66

(Bankr. N.D. Ill 2001).

In the instant case, the filing of the initial case in May only extended the

redemption date for two additional days after the June 5, 2007 dismissal date since the

case never proceeded for the requisite period. In that case, the Trustee nor anyone else

redeemed the taxes. Therefore, at the time of the filing of this case, the redemptiopn

period had expired and the Debtor had no interest in the Proeprty. As a result, the current

trustee had no interest either.

WHEREFORE, Petitioner prays that this Court:

3



1.    Lift the Automatic Stay and permit the continued prosecution of the

Petition of Sabre Group for Tax Deed for the Property; and

2.    Grant it such other and further relief as this Court seems proper.

Respectfully submitted,

SABRE GROUP, LLC

By:___/s/Harold Moskowitz_____
              One of its Attorneys

HAROLD L. MOSKOWITZ
55 West Monroe Street
Suite 1100
Chicago, Illinois 60603
(312) 977-0223
ARDC: 3128347

4

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BETTY J. DUMAS | ) | 07 B 11984 |
| | ) | |
| Debtor | ) | Judge Jack B. Schmetterer |
| | ) | Chapter 7 |

## ORDER

This matter coming to be heard on the Motion of Sabre Group, L:LC to Lift Automatic Stay,

all parties having been notified, the Court HEREBY ORDERS AS FOLLOWS:

    1.    The Motion to Lift the Automatic Stay is granted and Sabre Group is permitted to

seek a Tax Deed for that parcel of real estate otherwise commonly known as 3620 South Calumet

Avenue, Chicago, Illinois.

DATED:     July 24, 2007        ENTERED

                         _____

                         JUDGE JACK B. SCHMETTERER

HAROLD L. MOSKOWITZ
55 West Monroe Street
Suite 1100
Chicago, Illinois 60603
(312) 977-0223
ARDC: 3128347

1



**REQUIRED STATEMENT TO ACCOMPANY**
**ALL MOTIONS FOR RELIEF FROM STAY**

All Cases: Debtor(s) _____ Betty J. Dumas _____ Case No. _07-11984_ Chapter _7_

All Cases: Moving Creditor _____ Sabre Group, LLC _____ Date Case Filed _7/5/2007_

Chapter 13: Date of Confirmation Hearing _____ or Date Plan Confirmed _____

Chapter 7: _____ No-Asset Report Filed on _____
       _✓_ No-Asset Report not Filed, Date of Creditors Meeting _____ 8/7/2007 _____

1. Collateral
     a.    Home    _✓_
     b.    Car    _____      Year, Make and Model _____
     c.    Other _____

2. Balance Owed as of Petition Date $ _n/a_

3. Estimated Value of Collateral (must be supplied if motion alleges no equity) $ _200,000+_

4. Default
     a.    Pre-Petition Default
         Number of months _____      Amount $ _____

     b.    Post-Petition Default
         i.      On direct payments to the moving creditor
              Number of months _____      Amount $ _____

         ii.      On payments to the Standing Chapter 13 Trustee
              Number of months _____      Amount $ _____

5. Other Allegations
     a.    Lack of Adequate Protection § 362(d)(1)
         i.      No insurance    _____
         ii.      Taxes unpaid    _____      Amount $ _____
         iii.      Rapidly depreciating asset    _____
         iv.      Other _____ debtor no longer has interest in property

     b.    No Equity and not Necessary for an Effective Reorganization § 362(d)(2) _✓_

     c.    Other "Cause" § 362(d)(1) _____
         i.      Bad Faith _____
         ii.      Multiple filings _____

Date: _____ 7/18/2007 _____          _____ s/Harold Moskowitz _____
                                               Counsel for Movant

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS (EASTERN DIVISION)

|                        |   |                             |
|------------------------|---|-----------------------------|
| IN RE:                 | ) |                             |
|                        | ) |                             |
| BETTY J. DUMAS,        | ) | 07 B 11984                  |
|                        | ) |                             |
| Debtor.                | ) | Judge Jack B. Schmetterer   |
|                        | ) | Chapter 7                   |

## DEBTOR'S RESPONSE TO MOTION TO LIFT AUTOMATIC STAY

### INTRODUCTION

Betty Dumas filed a bankruptcy petition to save her home. Pre-petition, one of her creditors, Sabre Group, L.L.C. ("Sabre"), paid $950 for Dumas's 2002 real estate taxes and initiated proceedings in the Illinois courts to obtain Dumas's home, including the approximately $175,000 equity Dumas and her family built up over the past century.

Dumas successfully redeemed her home post-petition. Indeed, the record evidence shows that on September 4, 2007, the Cook County Clerk certified that Dumas had redeemed her home. What is more, the record evidence shows that Sabre has waived its right to a tax deed because it failed to satisfy the strict requirements of Illinois law. Accordingly, Sabre, not Dumas, is the party without an interest in Dumas's home.

The larger point here is that whatever claim Sabre holds, it is a "claim" that can be satisfied in this bankruptcy proceeding. The Supreme Court construes the Bankruptcy Code broadly to offer individuals protection against a variety of creditors. The creditor here wants to displace the debtor from her home and her life's savings on the strength of a $950 pre-petition investment. Dumas redeemed, and has already satisfied the claim. But even assuming she did not redeem in time, Sabre's contingent pre-petition claim should be administered in this case.

## FACTS

### Betty Dumas and the Property

1.    Betty J. Dumas, the Debtor, or her family has owned the property at 3620 South Calumet Avenue, Chicago, Illinois 60653-1104 (the "Property") for nearly a century. (Docket No. 18, Dumas Response ¶ 6.) Over the years, Dumas and her family built substantial equity in the Property, living in their home for years free and clear of encumbrances. (*Id.* ¶ 2.) As of July 23, 2007, for example, Dumas believed, based on the Cook County Assessor's valuation of the Property, that she held over $175,000 in equity in the Property. (*Id.*; *see also Id.* ¶ 19.)

2.    Dumas is of limited means. (Dumas Response ¶ 21.) In recent years, her sources of income have been profits from the small antique/gift basket business she operates from the Property and rent from letting out rooms in the Property. (*Id.* ¶ 21.)

3.    Fires in and around the Property have nearly wiped out Dumas's already limited income. She could not let her upstairs apartment due to roof damage caused by a fire at the neighbor's home in February 2005. (Dumas Response ¶ 21.) More recently, on July 25, 2007, a fire in Dumas's home, the Property, damaged most of the inventory she intended to sell. (Docket No. 30, Dumas Motion to Convert ¶ 3.)

4.    Dumas is disabled. She is dyslexic, and has for her entire life had great difficulty reading and writing. (Dumas Response ¶¶ 24-26.)

### Sabre's Claim

5.    On June 3, 2004, Optimum Financial Inc. ("Optimum") purchased the year 2002 real estate taxes due and owing on the Property. (Estimate of Cost of Redemption: Annual Sale (attached hereto as Exhibit A); Deposit for Redemption - Annual Sale (attached hereto as Exhibit B).) In connection with that purchase, on June 22, 2004, the County Clerk issued to Optimum Certificate of Purchase No. 02-0016034 (the "Certificate"). (The Certificate is attached to

2

Exhibit F (referenced below).)  According to the Certificate, Optimum paid the 2002 taxes in the amount of $564.04, interest in the amount of $104.28, and fees in the amount of $280.42, for a total of $948.74

6.    On July 7, 2004, Optimum Financial, Inc. purported to assign the Certificate to Sabre.

7.    On May 11, 2006, Optimum Financial, LLC filed a Notice of Extension of Period of Redemption with the County Clerk of Cook County, purporting to extend the period of redemption through December 22, 2006.  (Exhibit C attached hereto.)

8.    On November 13, 2006, Optimum Financial, LLC filed a Notice of Extension of Period of Redemption with the County Clerk of Cook County, purporting to extend the period of redemption through March 30, 2007.  (Exhibit D attached hereto.)

9.    On December 11, 2006, Heather A. Ottenfeld, Esq. filed a Notice of Extension of Period of Redemption with the County Clerk of Cook County, purporting to extend the period of redemption through May 9, 2007.  (Exhibit E attached hereto.)

10.    On December 11, 2006, Sabre filed the Petition for Tax Deed (the "Petition") in the Circuit Court of Cook County, Illinois.  (Petition attached hereto as Exhibit F.)  Sabre alleged that the Certificate was duly issued or assigned to Sabre.  (*Id.* ¶ 2.)  A purportedly true and exact copy of the Certificate was attached to the Petition.  (*Id.* ¶ 3.)  Sabre alleged that the period within which the Property could be redeemed expired on May 9, 2007.  (*Id.* ¶ 4.)  Sabre alleged it would serve all notices required by law and that it "has complied with and will hereafter fully comply with all provisions of Statutes and the Constitution of the State of Illinois relative hereto …"  (*Id.* ¶¶ 6-7.)

3

11.     On May 7, 2007, Dumas filed a petition under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"), commencing the case styled *In re Betty J. Dumas*, Case No. 07 B 08311 (Bankr. N.D. Ill.) (Schwartz, J.). The Court dismissed that case on June 5, 2007 for lack of credit counseling certification, and the case was closed on July 13, 2007.

12.     On July 5, 2007, Dumas filed another chapter 7 petition, commencing this case. After a hearing pursuant to § 109(h)(4) of the Bankruptcy Code, the Court excused the credit counseling requirement in this case.

13.     On July 18, 2007, Sabre filed the Motion to Lift Automatic Stay (the "Motion"). Pursuant to § 362(d) of the Bankruptcy Code, Sabre requested that the Court lift the stay and allow it to prosecute the Petition in the Illinois courts because Dumas allegedly held no interest in the Property and because Sabre was not receiving adequate protection. (Motion ¶ 8.)

14.     On July 23, 2007, Dumas filed a response, alleging that she was in the process of obtaining a loan so that she could redeem the Property. (Dumas Response ¶ 12.)

15.     On September 4, 2007, Dumas executed a mortgage on the Property.    The mortgage secures a loan to Dumas.

16.     On September 4, 2007, Dumas deposited $13,195.92 with the County Clerk of Cook County. (Certificate of Deposit for Redemption (attached as Exhibit G).)

## ARGUMENT

## I.    SABRE HOLDS A "CLAIM" THAT CAN BE SATISFIED IN THIS BANKRUPTCY CASE.

### A.    Sabre holds a "claim."

The Court should deny Sabre's Motion because whatever claim it holds should be satisfied in this bankruptcy case, not a proceeding in the state court. The holder of a certificate evidencing the purchase of taxes due and owing on real property does not hold a deed to the

4

underlying real property. *In re Bates*, 270 B.R. 455, 459-461 (Bankr. N.D. Ill. 2001). Instead, the certificate holder has the right to receive either (i) the cost of redemption if the owner redeems the property or (ii) a tax deed to the property if the certificate holder proves it complied with the strict requirements set forth in the Illinois constitution and statute. *Id.* Dumas properly, timely redeemed the Property on September 4, 2007. (Exhibit G.) Assuming *arguendo* she did not, however, Sabre's right to the tax deed is contingent on it proving it met the strict requirements of Illinois law. As demonstrated below, even Sabre's contingent right should be administrated and satisfied in this bankruptcy case.

This Court has applied the Supreme Court's broad construction of the term "claim" under the Bankruptcy Code and held that where the property owner files her bankruptcy petition before she loses the right to redeem the property, the certificate holder holds a "claim" that may be satisfied in the bankruptcy case. *In re Bates*, 270 B.R. at 465. "The term 'claim' means—(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undiputed, secured, or unsecured ..." 11 U.S.C. § 101(5)(A). The Supreme Court has explained, "Congress intended by this language to adopt the broadest available definition of 'claim.'" *Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991); *see also Penn. Dept. of Public Welfare v. Davenport*, 495 U.S. 552, 558 (1990) ("[T]he modifying language ('whether or not such right is ...') reflects Congress' broad rather than restrictive view of the class of obligations that qualify as a 'claim' giving rise to a 'debt.'").

*Davenport* illustrates just how expansive the term "claim" is and the variety of obligations that qualify for satisfaction in bankruptcy. There, the debtors were convicted criminals, who owed the state restitution payments. *Id.* at 556. If they did not pay, their parole

5

could be revoked and they could be imprisoned. *Id.* The Court held that the state was the holder of a "claim" within the meaning of § 101(5)(A) of the Bankruptcy Code and that that "claim" could be satisfied through a chapter 13 plan. *Id.* at 559-60.

As this Court held in *Bates*, the claim in *Davenport* is analogous to the claim a tax purchaser holds. In *Davenport*, the creditor held a right to payment enforceable by the prospect of imprisonment. 495 U.S. 556. In the case of a tax purchaser, the creditor holds a right to payment enforceable by the prospect of the loss of real property (here, the debtor's home). *Bates*, 270 B.R. at 463. *Davenport* and *Bates* teach that bankruptcy protection should be expansively granted. Such protection should apply against pre-petition claims that threaten the debtor's liberty (*Davenport*) and such protection should apply against pre-petition claims that threaten the debtor's pursuit of happiness (*Bates*).

**B.    Dumas satisfied Sabre's "claim."**

Dumas filed a bankruptcy petition within the redemption period (Exhibit A) and redeemed the Property. (Exhibit G.) In *Bates*, this Court held that a certificate holder is the holder of a "secured claim" to the debtor's estate, and that in a chapter 7 case, the secured claim could be satisfied by selling the underlying collateral pursuant to § 363(f) of the Bankruptcy Code. 270 B.R. at 465. That is essentially what happened here. The redemption period extended through September 4, 2007. (Exhibit A.) Dumas encumbered and redeemed the Property. (Exhibit G.) Thus, the Property was redeemed, and Sabre is entitled to collect the cost of redemption from the County. 35 ILCS 200/21-355.

**C.    Even if Sabre's "claim" is unsatisfied, this Court should administer and satisfy it from the Debtor's estate.**

Assuming for the sake of argument that Sabre is entitled to prosecute the Petition for Tax Deed, it would still hold a contingent claim against Dumas's bankruptcy estate. Hence,

6

under § 502(b) of the Bankruptcy Code, this Court should determine the value of the claim as of the petition date, including consideration of Dumas's defenses to Sabre's claim, including that she did not receive notice, that she did not comprehend any notice, and that Sabre has failed to meet all of the other strict requirements of Illinois law.

## II.    SABRE FAILS ITS BURDEN OF PROVING THAT DUMAS HAS NO INTEREST IN THE PROPERTY.

The Court should deny the Motion because Sabre failed its burden of proof. "In a hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section ... the party requesting such relief has the burden of proof on the issue of the debtor's equity in property ..."  11 U.S.C. §  362(g)(1); *see In re Murray*, 276 B.R. 869, 873 (Bankr. N.D. Ill. 2002) (tax purchaser moving to lift stay bears burden of proving debtor lacks equity in property).  Here, Sabre's assertion that Dumas lacks equity in the Property is unsupported and contrary to applicable Illinois law.

First, Sabre has submitted no evidence proving that the redemption period expired on May 9, 2007.  In fact, the record evidence demonstrates that Optimum Financial, LLC obtained extensions of the redemption period notwithstanding the fact that Sabre was the current owner of the Certificate and Optimum Financial Inc. was the original owner of the Certificate. (Exhibits C & D.)  Optimum Financial, LLC is a stranger to the Certificate, being neither the purchaser or assignee, and thus it had no authority to extend the redemption period under applicable Illinois law.  35 ILCS 200/21-385 ("The purchaser or his or her assignee of property sold for nonpayment of general taxes or special assessments may extend the period of redemption at any time before the expiration of the original period of redemption ...").[1]

---

[1]    *See Sirt v. GB Property Management Inc.*, 775 N.E.2d 86, 90 (Ill App. 2002) (strictly construing § 21-385 and quoting "[T]he primary purpose of the tax sale provisions of the Property Tax Code is to coerce tax delinquent property owners to pay their taxes, not to assist tax petitioners in depriving the true owners of their property.").

Therefore, because the redemption period was never extended by a party with standing to do so, the redemption period expired two and one-half years after the June 4, 2004 tax sale, December 4, 2006. 35 ILCS 200/21-350. That makes Sabre's Petition for Tax Deed untimely because 35 ILCS 200/22-30 provides that the action must be brought no later than three months *before* the expiration of the time for redemption. Under this analysis, the sale to Sabre would be declared a "sale in error," because Sabre would have failed to prove its case. 35 ILCS 200/22-50. Sabre would be entitled to a refund only if it could prove it made a bona fide attempt to comply with the statute. 35 ILCS 200/22-50; *see, e.g.*, *Kucharski v. Loop Mortgage Co.*, 251 N.E.2d 211 (Ill. 1969) (purchaser not entitled to refund because it failed to file in time prescribed in the statute). Hence, far from showing Dumas has no interest, the record evidence shows Sabre has no interest in the Property.

Second, Sabre submitted no evidence demonstrating that it will be entitled to a tax deed. Illinois law requires that Sabre provide Dumas with multiple notices before it can obtain a tax deed, including notice within the first four months and fifteen days of the redemption period, 35 ILCS 200/22-5, and three sets of notice within three months prior to the expiration of the redemption period. 35 ILCS 200/22-10 through 200/22-305. Sabre submits no evidence it complied with those notice requirements. What is more, Dumas may have defenses based on her dyslexia and inability to understand the import of the notices that may have been served. *See Covey v. Town of Somers*, 351 U.S. 141, 147 (1956) (notice to taxpayer wholly unable to understand the nature of the proceedings against her property inconsistent with due process of law); *In re Application of County Collector (Nat'l Indemnity Corp. v. Otsus)*, 545 N.E.2d 145, 150 (Ill. App. 1989) (following *Covey*).

Finally, the record evidence, which Sabre did nothing to rebut, demonstrates that Dumas redeemed the Property within the redemption period. (Exhibit G.) Sabre asserts the records of Dumas's redemption to be meaningless, but the records bear the Official Seal of Cook County and the certification of the County Clerk. (*Id.*) The Certificate of Deposit is self-authenticating under Fed. R. Evid. 902(4), and it establishes that Dumas duly redeemed the Property.

Dated:  October 5, 2007

<div style="text-align: right">

Respectfully submitted,

BETTY J. DUMAS


 s/David A. Agay  -----------------
By:    One of her attorneys

David A. Agay
Matthew M. Wawrzyn
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL  60601

*Attorneys for Betty J. Dumas*

</div>

## CERTIFICATE OF SERVICE

I, Matt Wawrzyn, an attorney, certify that on October 5, 2007, I caused to be messengered the foregoing RESPONSE to the following:

Harold L. Moskowitz
55 West Monroe Street
Suite 1100
Chicago, IL 60603
*Counsel to Sabre Group, L.L.C.*

Gregg Szilagyi
Tailwind Services LLC
One South Wacker Drive
Suite 800
Chicago, IL 60606
*Chapter 7 Trustee*

  _s/Matt Wawrzyn_ -----------------

# Exhibit A

*IVU 8 Reprint*

**NOTE: THIS ESTIMATE MUST BE RETURNED AT TIME OF PAYMENT**
**ESTIMATE OF COST OF REDEMPTION: Annual sale**

RECEIVED
DAVID ORR
COOK COUNTY CLERK

DAVID D. ORR

County Clerk of Cook County    07 SEP -4  PM 5: 00

Deputy _____

Date Prepared    09-04-2007

Permanent Real Estate Index Number    17-24-311-072-0000

Volume Number    526        Class    2-11 Tax Code    76037

Property Sold to    OPTIMUM FINANCIAL INC

For  2002 General Taxes OR Special Assessment Warrant No. _____    Inst no. _____

Date of Sale    06-03-2004    Cert. No.    02-0016034

Redemption date extended to    09-04-2007    By Affidavit of Purchaser

Owner's Name or Trust No., Mailing Address & Phone No.

Name    BETTY J. DUMAS

Address    3620 S. Calumet Av.

Chicago, IL. 60653-1104

Telephone    773-855-5395

EEPT REC'D    9/4/07

| INST. YEAR | DATE PAID | AMOUNT PAID | PENALTY % | PENALTY AMOUNT |
|---|---|---|---|---|
| 1 2003 | 07-29-2004 | 398.33 | 48 | 191.20 |
| 2 2003 | 12-21-2004 | 1,933.51 | 36 | 696.06 |
| 1 2004 | 04-08-2005 | 1,199.25 | 36 | 431.73 |
| 2 2004 | 12-09-2005 | 1,232.95 | 24 | 295.91 |
| 1 2005 | 04-10-2006 | 1,256.11 | 24 | 301.47 |
| 2 2005 | 10-17-2006 | 1,278.53 | 12 | 153.42 |

SUBSEQUENT TAXES ARE PAID BY THE TAX PURCHASER AND ARE SUBJECT TO ANNUAL INCREASE FROM THE DATE THEY ARE PAID

Total Subsequent Tax _____    8,530.54

Total Subsequent Penalty _____    2,217.61

**FEES ARE SUBJECT TO INCREASE AS PAID BY THE TAX PURCHASER.**

CLERK _____    16.67

TORRENS _____

ADVER. _____    170.00

MAIL _____    274.96

SHERIFF _____    535.40

FILING _____    454.00

BUYER _____    35.00

OTHER _____

COURT COSTS _____

TOTAL FEES $ _____    1,486.03

County Treasurer Funds    $    233.42

County Clerk Fees    $    47.00

Taxes Sold    $    668.82

Prior Year(s) Sold    0000 TO 0000    $    0.00

AMOUNT OF SALE    $    948.74

Penalty Periods    7 x  0 %=  0 %    $    0.00

Add interest of 1/2% per month when redemption period is extended from
12-03-2006 to 09-04-2007    0.0 %    $    0.00

SUBSEQUENT TAXES

Total Subsequent Taxes    $    8,530.54

Total Subsequent Penalty    $    2,217.61

Clerk,Adver., Mail, Sheriff, Filing, Torrens & Court Costs    Fees $    1,486.03

Redemption Fees    $    10.00

Sub-Total $    13,192.92

Cost of Estimate    $    3.00

GRAND TOTAL $    13,195.92

**NOTE: THE GRAND TOTAL IS SUBJECT TO INCREASE.**

ESTIMATE CHECKED & AUDITED
DAVID ORR

SEP 0 4 2007

APPROVED:
COOK COUNTY CLERK

Sale penalties increase every 6 months
from the date of sale. Additional
penalty of _____ % amounting to
$ _____ added after _____

Includes additional 5% fee required per ...

**THE ILLINOIS PROPERTY TAX CODE REQUIRES PAYMENT BE MADE IN FULL WITH CURRENCY, CERTIFIED OR CASHIER'S CHECK, EXPRESS OR U.S. MONEY ORDERS. NO PARTIAL PAYMENTS. ALL CHECKS MADE PAYABLE TO DAVID D. ORR, COOK COUNTY CLERK.**

**IMPORTANT: PLEASE READ REVERSE SIDE**





CL30

1 OF  1

Exhibit B

 

# Cook County Clerk's Office

Real Estate & Tax Services
118 N. Clark Street Room 434
Chicago, Illinois 60602
312- 603-5643

| | |
|---|---|
| Transaction #: | R308427 |
| Date: | 9/4/2007 5:34:44 PM |
| Cashier: | CB |
| Register #: | 2 |

(B)

## Deposit for Redemption-Annual Sale

Owner:   Betty J. Dumas
3620 S. Calumet Avenue
Chicago, Il 60653

PIN # 17-34-311-072-0000
Vol # 526
Sale Year: 2002
Certificate # 02-0016034
Date of Sale: 06/03/2004
Buyer: OPTIMUM FINANCIAL INC

(773) 855-5395

Reference:   Illinois Financial Funding Corp.
Comment:

| Description | Comments | Value |
|---|---|---|
| County Treasurer Funds | | $233.42 |
| County Clerk Fees | | $47.00 |
| Taxes Sold | | $668.32 |
| Prior Year | Prior Year(s) Sold 0000 TO 0000 | $0.00 |
| Penalty Periods | 7 X 0%= 0% | $0.00 |
| Total Subsequent Taxes | 2003 1st Installment | $8,530.54 |
| | 2003 2nd Installment | |
| | 2004 1st Installment | |
| | 2004 2nd Installment | |
| | 2005 1st Installment | |
| | 2005 2nd Installment | |
| | 2006 1st Installment | |
| Total Subsequent Penalty | @ 12% per Annum | $2,217.61 |
| Miscellaneous Fees | | $1,486.03 |
| | Sub Total | $13,182.92 |
| Redemption Fees | | $10.00 |
| Cost of Estimate | | $3.00 |

**P A I D**
ENTERED AND RECORDED

SEP 0 4 2007

COUNTY CLERK
DAVID ORR

| | | |
|---|---|---|
| | Total | $13,195.92 |
| | Cash Tendered | $13,200.00 |
| | Change Cash | $4.08 |

Green=Customer
Yellow=File
White=Original



Exhibit C

STATE OF ILLINOIS
60602

SS:

COUNTY OF COOK

## NOTICE OF EXTENSION OF PERIOD OF REDEMPTION

| | |
|---:|:---|
| Volume Number: | 526 |
| Permanent Index Number: | 17-34-311-072-0000 |
| Year of Tax: | 2002 |
| Date of Sale: | June 3, 2004 |
| Certificate of Sale Number: | 02-0016034 |
| Extended Expiration Date: | December 22, 2006 |

TO THE COUNTY CLERK OF COOK COUNTY, ILLINOIS 60602

Optimum Financial, LLC being first duly sworn, deposes and says that:

1. Affiant is the attorney for the owner and holder of Certificate of Sale for the Tax Sale above mentioned covering the above-stated Volume and Permanent Index Number.

2. Affiant further deposes and says that the owner and holder of Certificate of Sale does hereby extend the time of redemption to and including the date indicated above in accordance with the provisions of the Illinois Property Tax Code as amended.

> Optimum Financial, LLC
> This Notice was served upon the
> County Clerk of Cook County on
> May 11, 2006.

MAY 1 1 2006

PIN:17343110720000

*PR*

TSSNOE - Page 596 of 662

Exhibit D



STATE OF
ILLINOIS

SS:

COUNTY OF COOK

2006C07 D004789

## NOTICE OF EXTENSION OF PERIOD OF REDEMPTION

| | |
|---|---|
| Volume Number: | 526 |
| Permanent Index Number: | 17-34-311-072-0000 |
| Year of Tax: | 2002 |
| Date of Sale: | June 3, 2004 |
| Certificate of Sale Number: | 02-0016034 |
| Extended Expiration Date: | March 30, 2007 |

TO THE COUNTY CLERK OF COOK COUNTY, ILLINOIS

Optimum Financial, LLC being first duly sworn, deposes and says that:

1. Affiant is the attorney for the owner and holder of Certificate of Sale for the Tax Sale above mentioned covering the above-stated Volume and Permanent Index Number.

2. Affiant further deposes and says that the owner and holder of Certificate of Sale does hereby extend the time of redemption to and including the date indicated above in accordance with the provisions of the Illinois Property Tax Code as amended.

Optimum Financial, LLC
This Notice was served upon the
County Clerk of Cook County on
November 13, 2006.

EXTENSION RECEIVED NOV 1 3 2006
COUNTY CLERK OFFICE

PIN:17343110720000

TSSNOE - Page 217 of 295

# Exhibit E

STATE OF ILLINOIS

COUNTY OF COOK

SS:

2006COTD004789   

## <u>NOTICE OF EXTENSION OF PERIOD OF REDEMPTION</u>

|  |  |
|---|---|
| Volume Number: | 526 |
| Permanent Index Number: | 17-34-311-072-0000 |
| Year of Tax: | 2002 |
| Date of Sale: | June 3, 2004 |
| Certificate of Sale Number: | 02-0016034 |
| Extended Expiration Date: | May 9, 2007 |

TO THE COUNTY CLERK OF COOK COUNTY, ILLINOIS

Heather A. Ottenfeld being first duly sworn, deposes and says that:

1. Affiant is the attorney for the owner and holder of Certificate of Sale for the Tax Sale above mentioned covering the above-stated Volume and Permanent Index Number.

2. Affiant further deposes and says that the owner and holder of said Certificate of Sale does hereby extend the time of redemption to and including the date indicated above in accordance with the provisions of the Illinois Property Tax Code, as amended.

Heather A. Ottenfeld, Attorney
This Notice was served upon the County
Clerk of Cook County on
December 11, 2006.

EXTENSION RECEIVED
COUNTY CLERK OFFICE   DEC 1 1 2006

PIN:17343110720000

TSSNOE - Page 1 of 1

Exhibit F




IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - COUNTY DIVISION

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE COUNTY COLLECTOR FOR JUDGMENT AND ORDER OF SALE AGAINST LANDS AND LOTS RETURNED DELINQUENT FOR NONPAYMENT OF GENERAL TAXES AND/OR SPECIAL ASSESSMENTS FOR THE YEAR 2002 AND PRIOR YEARS<br><br>PETITION OF: Sabre Group, L.L.C. | 2006COTD004789<br>CALENDAR/ROOM 8<br>TIME 00:00<br>Tax Deed<br>NO.:<br>CERTIFICATE NO.: 02-0016034<br>VOLUME NO.: 526 |

## PETITION FOR TAX DEED

        NOW COMES Sabre Group, L.L.C., Petitioner herein and, in Petition to this Honorable Court for Tax Deed, states as follows:

        1. The following described real estate was sold on June 3, 2004, at the annual tax sale held on said date by the Cook County Treasurer of Cook County, Illinois; which sale of said property was held in accordance with the judgment of this court duly entered after due notice had been made in accordance with the Illinois Property Tax Code, as amended:

                LOT 15 (EXCEPT THE SOUTH 2 1/2 FEET THEREOF) IN
                OWNER'S SUBDIVISION OF PART OF THE EAST 1/2 OF
                THE NORTHEAST 1/4 OF THE SOUTHWEST 1/4 OF
                SECTION 34, TOWNSHIP 39 NORTH, RANGE 14 EAST OF
                THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY,
                ILLINOIS

                Permanent Index Number: 17-34-311-072-0000

        2. That a Certificate of Purchase, No. 02-0016034 was duly issued or assigned to Sabre Group, L.L.C., your Petitioner, which is still the owner of said Certificate.

        3. That a true and exact copy of the aforementioned Certificate of Purchase is attached hereto and made a part hereof as Exhibit "A".

        4. That said real estate has not been redeemed from said tax sale and that the time for redemption will expire on May 9, 2007.

5. That all taxes and special assessments which became due and payable on said parcel(s) of real estate subsequent to the date of said sale and prior to and including the date of the filing of this petition will be redeemed. Prior to the entry of an order directing the County Clerk to issue a tax deed, all other taxes and special assessments falling due on said parcel(s) of real estate between the date of filing this Petition and the date of said order, if any, will be paid and all forfeitures and sale occurring in said interval, if any, will be redeemed.

6. That all notices required by law to be given will be given prior to the entry of an order directing the issuance of a tax deed to said parcel(s) of real estate to petitioner unless redemption is made within the time and in the manner provided by law.

7. That your Petitioner has complied with and will hereafter fully comply with all provisions of Statutes and of the Constitution of the State of Illinois relative hereto and will be entitled to the issuance of a Tax Deed if the real estate herein is not redeemed from the sale within the time allowed by law.

WHEREFORE, your Petitioner prays:

A. That this Honorable Court doth find:

1. that due notice of said tax sale and of the time for redemption therefrom has been given to all parties entitled thereto as required by law;

2. that due notice of the filing of this Petition has been given to all parties entitled thereto as required by law;

3. that all general taxes and special assessments which became due and payable on the real estate herein subsequent to the date of sale herein have been paid or redeemed as required by law;

4. that your Petitioner has fully complied with all applicable provisions of the Illinois Property Tax Code, as amended, and of all other applicable statutes of the State of Illinois and the Constitution of the State of Illinois, entitling Petitioner to a Tax Deed; and

5. that no redemption has been made from the tax sale herein prior to the expiration of time of redemption.

B. That this Honorable Court enter an Order directing the County Clerk of Cook County to issue a Tax Deed to your Petitioner.

Certificate No.: 02-0016034

TSSPFTD - Page 2 of 3

C.  That this Honorable Court enter an Order as may be necessary to place and maintain Petitioner, as grantee, in possession of said real estate.

D.  That this Honorable Court grant such other and further and different relief in the premises as the nature of this case may require.

Sabre Group, L.L.C., Petitioner

By:_____
One of its Attorneys

Heather A. Ottenfeld, # 39731
Attorney for Petitioner
120 West Madison Street, Suite 918
Chicago, Illinois  60602
(312) 251-1333

Certificate No.: 02-0016034

TSSPFTD - Page 3 of 3

CERTIFICATE OF PURCHASE

STATE OF ILLINOIS )
                   ) ss
COUNTY OF COOK     )

CERTIFICATE NUMBER 02-0018034

## --CERTIFICATE OF PURCHASE--

### FOR GENERAL TAXES AND SPECIAL ASSESSMENTS, A.D. 2002, ETC.

I, DAVID D. ORR, County Clerk in and for the County and State aforesaid DO HEREBY CERTIFY THAT **OPTIMUM FINANCIAL INC** did, on the day hereinafter set forth, purchase at Public Auction, at the Court House in CHICAGO, the property designated by PERMANENT REAL ESTATE NUMBER 1 7 - 3 4 - 3 1 1 - 0 7 2 - 0 0 0 0, situated in said County for the taxes, interest and costs due and unpaid thereon for the tax year 2002 and prior and paid as purchase money on said property the total amount of taxes, interest and costs thereon as stated herein.

VOLUME 5 2 6      PERMANENT INDEX NUMBER 1 7 - 3 4 - 3 1 1 - 0 7 2 - 0 0 0 0

| TAXES | Date of Sale | Rate of Percent Sold | | | Total Amt. of TAXES and Interest | Date Paid |
|---|---|---|---|---|---|---|
| | 06/03/04 | 0.00 | Tax | 564.04 | | 06/03/04 |
| GENERAL 2002 | | | Interest | 104.28 | | |
| | | | | | 668.32 | |
| BACK TAX | | | Tax | | | |
| YRS - | | | Interest | | | |
| SPECIAL ASSESSMENT 2003 | | | Tax | | | |
| | | | Interest | | | |
| STATUTORY TREASURER FEES | | | | | 233.42 | |
| STATUTORY CLERK FEES | | | | | 47.00 | |
| PRIOR YEARS' SPECIAL & GENERAL TAXES | | | | | | |
| 20 | | | | | | |
| 20 | | | | | | |
| 20 | | | | | | |
| 20 | | | | | | |

TOTAL                                              948.74

Received this 22 day of JUNE , 2004 , the sum of $ 948.74 the amount of the purchase money on the above property.

If the aforesaid property is not redeemed in the manner and within the time provided by law, the above-named purchaser, his heirs or assigns, will, upon application and compliance with the provisions of law pertaining thereto, be entitled to receive a deed of conveyance for said real estate herein described by said permanent index number; provided that unless the holder of this certificate shall take out said deed, as entitled by law, and file same for record within one year from and after expiration of the time of redemption, the said certificate or deed, and the sale upon which it is based, shall from and after the expiration of one year, be absolutely null.

WITNESS my hand and the official seal at CHICAGO in said County this 22 day of JUNE , A.D., 2004 .

Assessee:

Countersigned:

*Maria Pappas*
County Treasurer and Ex-Officio Collector
of Cook County

*David D. Orr*
County Clerk of Cook County

THIS DOCUMENT HAS A COLORED BACKGROUND. ANY ERASURES VOID THIS CERTIFICATE.

STATE OF ILLINOIS )
                  ) ss
COUNTY OF COOK    )

      In consideration of the sum of       TEN       DOLLARS, I do hereby sell, assign, transfer and set over to     SABRE GROUP, LLC    , his heirs, executors, administrators and assigns, the within CERTIFICATE OF PURCHASE, and all my right, title and interest in or to the real estate therein described, to have and to hold the same to himself, his heirs, executors, administrators and assigns, to his and their sole use, benefit and behoof forever.

      Given under my hand and seal this   7th   day of   July   A.D. 20 04

Optimum Financial, Inc.

By: _____

Jason Baumbach

Exhibit G

# CERTIFICATE OF DEPOSIT FOR REDEMPTION

I, DAVID D. ORR, County Clerk of Cook County, do hereby certify that a deposit for redemption was made in my office for the property and taxes described below and in the amount herein set forth:

| | |
|---|---|
| Redemption Number: | R308427 |
| PIN Number: | 17-34-311-072-0000 |
| Volume Number: | 526 |
| Sale Year: | 2002 |
| Certificate Number: | 02-0016034 |
| Date of Sale: | 6/3/2004 |
| Taxes Sold To: | OPTIMUM FINANCIAL INC |
| Deposit Made By: | Betty J. Dumas |
| | 3620 S. Calumet Avenue |
| | Chicago, Il 60653 |
| Reference: | Illinois Financial Funding Corp. |
| Date of Deposit: | 09/04/2007 |

| | | |
|---|---|---|
| County Treasurer Funds | | $233.42 |
| County Clerk Fees | | $47.00 |
| Taxes Sold | | $668.32 |
| Prior Year | Prior Year(s) Sold 0000 TO 0000 | $0.00 |
| Penalty Periods | 7 X 0%= 0% | $0.00 |
| Total Subsequent Taxes | 2003 1st Installment | $8,530.54 |
| | 2003 2nd Installment | |
| | 2004 1st Installment | |
| | 2004 2nd Installment | |
| | 2005 1st Installment | |
| | 2005 2nd Installment | |
| | 2006 1st Installment | |
| Total Subsequent Penalty | @ 12% per Annum | $2,217.61 |
| Miscellaneous Fees | | $1,486.03 |
| | Subtotal - Amount of Redemption: | $13,182.92 |
| Redemption Fees | | $10.00 |
| Cost of Estimate | | $3.00 |
| | Total - Amount of Deposit: | $13,195.92 |

Dated: 9/7/2007



Given under my hand and Official Seal of said County, at my office in Chicago, Illinois.

Deputy _____ CCM

David Orr

County Clerk of Cook County

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS (EASTERN DIVISION)

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| | ) | |
| BETTY J. DUMAS, | ) | 07 B 11984 |
| | ) | |
| Debtor. | ) | Judge Jack B. Schmetterer |
| | ) | Chapter 7 |

## DEBTOR'S SUPPLEMENTAL RESPONSE
## TO MOTION TO LIFT AUTOMATIC STAY

Betty J. Dumas, the debtor, at the direction of the Court at the October 19, 2007 hearing

held in this matter, respectfully submits this response supplementing her original October 5,

2007 response to the Motion to Lift Automatic Stay of Sabre Group, L.L.C. ("Sabre").[1] Dumas

states as follows:

1.      Dumas wants to keep her home.  The home has been in her family for nearly 100

years.  Over the century, Dumas and her family have built up approximately $175,000 in equity

in the Property.  (Response ¶ 1.)

2.      Sabre wants Dumas's home, and the $175,000 equity, on the strength of its $900

investment.  Optimum Financial, Inc. purchased the 2002 real estate taxes on Dumas's home for

about $900.  (Response ¶ 5; *see* Exhibit F.)  Optimum Financial, Inc. assigned the Certificate to

Sabre.  Sabre believes it is entitled to displace Dumas from her home and her life's savings

---

[1]    On October 5, 2007, Dumas filed Debtor's Response to Motion to Lift Automatic Stay (the "Response"), which
attached Exhibits A through G, the evidence Dumas asserts defeats Sabre's Motion to Lift Automatic Stay.  All
capitalized terms not defined in this supplemental response shall have the meanings ascribed in the Response.



because (i) it allegedly gave her all of the notices describing her right to redeem;[2] (ii) she, a dyslexic, allegedly understood those notices;[3] and (iii) she nonetheless did not redeem in time.

3.    The Court should deny the motion to lift the automatic stay for at least two reasons. First, Dumas has already satisfied Sabre's secured claim. Second, even if Sabre still holds a secured claim, it has failed to meet its burden under § 362(g) of the Bankruptcy Code to prove Dumas lacks equity in the Property.

## I.    SABRE'S "CLAIM" HAS BEEN PAID AND ITS LIEN EXTINGUISHED.

4.    Dumas filed a bankruptcy petition before the redemption period purportedly expired on May 9, 2007. Therefore, this case falls within the following rule: "As long as the redemption period has not expired prior to the bankruptcy filing, there is a claim that can be treated during the bankruptcy case—through sale of the collateral in Chapter 7 or plan treatment in Chapter 13—*even though the redemption period expires during the pendancy of the case. In re Bates*, 270 B.R. 455, 467 (Bankr. N.D. Ill. 2001) (emphasis added). *See also In re Commings*, 297 B.R. 701, 707 (Bankr. N.D. Ill. 2003) ("Possession of an *in rem* right against property owned by a debtor in a bankruptcy case gives the tax purchaser a 'claim' in the bankruptcy."); *Davenport v. S.I. Securities (In re Davenport)*, 268 B.R. 159, 167 (Bankr. N.D. Ill. 2001) (holding tax purchaser is "creditor" of the bankruptcy estate: "To hold that there is no debtor-creditor relationship here because the funds supplied by [the tax purchaser] were channeled

---

2    *See, e.g.*, 35 ILCS 200/22-5 (mandating notice within first four months and fifteen days of the redemption period); 35 ILCS 200/22-10 through -305 (mandating at least three sets of notice within three months prior to the expiration of the redemption period).

3    *See, e.g., Covey v. Town of Somers*, 351 U.S. 141, 147 (1956) (notice to taxpayer wholly unable to understand the nature of proceedings against her property inconsistent with due process of law); *In re Application of County Collector (Nat'l Indemnity Corp. v. Otsus)*, 545 N.E.2d 145, 150 (Ill. App. 1989) (following *Covey*).

2

through the Cook County Collector would be to exalt form over substance at the expense of the Code's policy of preventing the piecemeal destruction of a debtor's estate.").

5.    Here, Dumas satisfied Sabre's secured claim when she redeemed the Property on September 4, 2007. (Exhibit G.)  As noted in *Bates*, 270 B.R. at 466, if the chapter 7 debtor wishes to retain her collateral, she must satisfy the secured creditor with a lump sum payment. Dumas did that, paying the County Clerk of Cook County $13,195.92 (Exhibit G), which the Clerk is then obligated to pay Sabre in satisfaction of Sabre's right to payment and related lien. 35 ILCS 200/21-355.

6.    Accordingly, Dumas requests that the Court deny Sabre's motion for relief from the automatic stay because Sabre's secured claim has been satisfied and its lien extinguished.

## II.    SABRE HAS FAILED ITS BURDEN UNDER SECTION 362(g).

7.    Sabre asserts that Dumas has no interest in her home.  (Sabre Motion ¶ 6.) However, Sabre offers the Court *no* evidence in support of the purported May 9, 2007 redemption date.  Sabre offers the Court *no* evidence that it gave Dumas all of the notices of that redemption date, as are required under Illinois law. (*See supra* ¶ 2 n.2 & 3; Response at 8.)

8.    Instead, the record evidence shows that Dumas timely redeemed.  (Exhibit G.) What is more, the record evidence shows that Optimum Financial, LLC, an entity that was neither a purchaser nor an assignee of the Certificate, filed the Notices of Extension of the Period of Redemption.  (Exhibits C and D.)  As a stranger to the Certificate, Optimum Financial, LLC had no authority under 35 ILCS 200/21-385 to extend the period, and thus Sabre defaulted and waived its right to obtain a deed to the Property.  (*See* Response at 7-8.)

3

9.    Accordingly, the Court should deny Sabre's motion to lift the automatic stay because Sabre failed to meet its burden under 11 U.S.C. § 362(g) of proving Dumas lacked equity in her home.

Dated:  October 26, 2007

Respectfully submitted,

BETTY J. DUMAS

_s/David A. Agay_____
By:    One of her attorneys

David A. Agay
Matthew M. Wawrzyn
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL  60601

*Attorneys for Betty J. Dumas*

4

## CERTIFICATE OF SERVICE

I, Matt Wawrzyn, an attorney, certify that on October 26, 2007, I caused to be messengered the foregoing SUPPLEMENTAL RESPONSE to the following:

Harold L. Moskowitz
55 West Monroe Street
Suite 1100
Chicago, IL 60603
*Counsel to Sabre Group, L.L.C.*

Gregg Szilagyi
Tailwind Services LLC
One South Wacker Drive
Suite 800
Chicago, IL 60606
*Chapter 7 Trustee*


_s/Matt Wawrzyn_ -----------------

5

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BETTY DUMAS | ) | 07 b 11984 |
| | ) | |
| Debtor | ) | Judge Jack B. Schmetterer |
| | ) | Chapter 7 |

### NOTICE OF FILING

TO:   David Agay
      Mathew M. Wawrzyn
      KIRKLAND & ELLIS, LLP
      200 East randolph Drive
      Chicago, Illinois 60601

PLEASE TAKE NOTICE that on November 5, 2007, SABRE GROUP, LLC filed the following:

1.      **Reply in Support of Motion to Lift Stay.**

A copy of which has herewith been served upon you.

> /s/ HAROLD L. MOSKOWITZ
> 55 West Monroe Street, Suite 1100
> Chicago, Illinois 60603
> (312) 977-0223

### CERTIFICATE OF SERVICE
### (VIA ELECTRONIC DELIVERY)

Harold L. Moskowitz, certifies that the documents were served upon the parties named above by electronic service.

_____/s/ Harold Moskowitz_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **BETTY DUMAS** | ) | **07 b 11984** |
| | ) | |
| **Debtor** | ) | **Judge Jack B. Schmetterer** |
| | ) | **Chapter 7** |

### REPLY IN SUPPORT OF MOTION TO LIFT AUTOMATIC STAY

COMES SABRE GROUP, LLC ("Petitioner"), by its attorney, Harold L. Moskowitz, and in support of its motion to lift the automatic stay and permit it to continue the prosecution of its Petition for an Order Directing the County Clerk to Issue a Tax Deed which would grant it a tax deed of that parcel of real estate otherwise commonly known as 3620 South Calumet Avenue, Chicago, Illinois" (the "Property") states as follows:

Both the Debtor's Response to the motion and her Surresponse do not address either the issues originally presented by the motion (the effect of §108(b)) nor the issues which the Court asked it to address – the effect of the motion to convert to a Chapter 13 and any need for a possible evidentiary hearing. Instead, the Response seems to concede that §108(b) is inapplicable (it merely makes a factual statement that the proposed redemption was timely) and, in addition to making an argument not on the merits but on "rachmonos" (i.e., mercy) instead,[1] makes a new argument: that the extensions for redemption were untimely themselves and made the petition for tax deed also untimely. Dumas also claims that somehow Sabre's claim should and has been addressed in the

---

[1] By claiming that the taxes sold were only $900 (without explaining how more than $13,000 had to be paid) and that the Property has been long held by the family.

1

bankruptcy process. While said arguments ignore the facts and the law on the issue, the validity of the current petition for deed is a matter better left for the State Court to opine upon rather than this Court.

## ADDITIONAL FACTS

The Response does not dispute the facts set forth in the motion. Instead, it acknowledges that on June 22, 2004, the taxes were sold to Optimium Financial Inc., and that the taxes were assigned to Sabre on July 7, 2004 and subsequently extended by Optimum Finance LLC as "attorney for the owner and holder of the certificate" on May 11, 2006 to December 22, 2006, on November 13, 2006 to March 30, 2007, and by Heather Ottenfeld (also as attorney) on December 11, 2006 to May 9, 2007 (See Response Exhibits C through F). As a result, Dumas claims that Optimum was a "stranger to the Certificate, being neither the purchaser or assignee" (Response, p. 7) and its extensions were without force and effect and the petition for deed was not timely.

## ARGUMENT

In addition to the fact that the validity of the extensions is an issue better suited to be resolved by the Circuit Court of Cook County, the Response misstates the extension role of Optimum stated in the extensions; the Clerk had accepted and posted the extensions; and that Dumas had waived any such defense. Moreover, the law is clear that having not timely redeemed prior to the case being filed, the Debtor has no interest in the Property at the onset of the case whether there was a Chapter 13 filed or not.

### A.    Chapter 13 Motion Irrelevant Since Tax Redemption Period Had Expired.

As stated in the original motion, and shown by response Exhibit F, the redemption period had been extended to May 7, 2007. Dumas filed her original case on

2

May 5, 2007 which case was then dismissed on June 5, 2007. Because Dumas concedes that the 60 day extension set forth in §108(b) terminated when the case did, Dumas had until June 7, 2007 to redeem. She did not do so. Therefore, when she filed her second case on July 5, 2007, by that time the redemption period had already expired and she had already lost all interest in the Property. See *In re Bequette 184* B.R. 327 (S.D. Ill. 1995) ("upon expiration of the redemption period, the owner loses all interest in the property, including the right to redeem, and can do no nothing to prevent issuance of a deed to a tax purchaser (emphasis added). See *In re Jackson*, 176 B.R. 156, 159 (N.D. Ill. 1994); *Tabor Enterprises*, 65 B.R. at 46 (Bankr. N.D. Ohio 1986); *In re McKeever*, 32 B.R. 321, 326 (Bankr N.D. Ill 1994; *In re Rich*, 1994 WL 527161)"). There is no case that opines that a filing of even a case under Chapter 13 can resuscitate an already expired redemption period. Even the analysis set forth in *In re Bates*, 270 B.R. 455 (Bankr. N.D. Ill. 2002), which allowed the use of §1322(b)(2) to modify Illinois law and permit the redemption of the real estate taxes over the life of the chapter 13 plan – mandated that the redemption period had to have not expired on the date of filing. That is not the case here.

This case, in fact, is not a Chapter 13 case at all, but a case filed under Chapter 7. The Trustee has asserted no objection to the motion. The Court has repeatedly recognized that the motion to convert cannot be granted as the Debtor has insufficient income to fund a plan – in the more than 5 months since the case has been filed, she has yet to even pay the filing fee let alone the more than $13,000 due to either Sabre or the party from whom she borrowed money to make the deposit without bankruptcy Court permission!!

Moreover, even in a normal Chapter 13 case, which this is not, *Bates* provides no support because it is inopposite to almost every other case in this District on the same or similar issue; is not supported by the clear language of the Bankruptcy Code. See *In re Bequette 184* B.R. 327 (S.D. Ill. 1995); *In re Mary L. Blue*, 247 B.R. 748 (Bankr. N.D. Ill 2000); *Hood v Hall*, 321 Ill.App. 3d 452, 254 Ill.Dec. 473, 747 N.E.2d 510, 513 (4th Dist. 2001); *In re Davenport* 268 B.R. 159 (Bankr. N.D. Ill 2001);  *In re Stewart*, 190 B.R. 846(Bankr. C.D. Ill., 1996); *In re Murray*, 276 B.R. 869 (Bankr. N.D. Ill. 2002); and in *Smith v. Phoenix Bond & Indem.*, 288 B.R. 793 (N.D. Ill. 2002).

Instead of facts, the Response and Surresponse both claim, without factual or legal authority, that the attempted redemption was timely. Its claim that the redemption was paid and the "secured claim" was satisfied is without any legal basis. Getting the Clerk to set forth an alleged new redemption date" by telling them a bankruptcy has been filed is not proof of the right redemption date. That is insufficient to refute the Exhibits attached to Dumas' own Response.[2]

## B.    Response Mischaracterizes Optimum's Extensions.

In its rush to claim "gotcha" on the extensions, Dumas fails to read the extensions themselves. Both Optimum extension's state that the extensions are being filed "as attorney" for the owner and holder of the certificate. As a result, whether or not it was a

---

[2]That is also why the claim that Sabre has no provided sufficient evidence to their right to lift stay to be laughable. Dumas' own exhibits show that it is the assignee of the certificate. Dumas does not deny she made no payment prior to June 7, 2007. Nothing more needs to be shown to be allowed to present and prosecute the motion.

4

"stranger" or not is irrelevant to whether or not the extensions were filed with the authority necessary.[3]

Moreover, the Property Tax Code's strict compliance standards only apply to notices under 735 ILCS §through 22-30. There is no case or statute that says that they apply to these extension notices. In addition, Dumas does not deny that the extensions had been accepted by the County Clerk, then posted and the extensions granted. In fact, it was these very extensions that the Debtor depended upon when they told the County Clerk that because of the second bankruptcy case that they were entitled to a redemption date of September 4, 2007. She cannot have it both ways.

## C.    Dumas Waived the Claim.

35 ILCS §200/21-380 provides that any person redeeming and who desires to preserve his or her right to defend against the petition for a tax deed must accompany the deposit for redemption with a writing entitled, "redemption under protest." The writing must list the grounds for such protest which are limited to those defenses that provide sufficient basis to deny the deed. In the instant case, Dumas did not do so. Since the alleged defenses are nothing less than defenses to issuance of the deed, her failure to protest dooms these claims even if they had merit. That Section provides that any grounds for the objection not specified at the time of redemption *shall not be considered by the Court*." Therefore, no such defenses may be considered here as well.

---

[3]Moreover, the clerical error in the extensions is so clearly a misnomer that the Court need not delve into the mind of the scrivener or the parties to determine the right of Optimum to file. No case has held that any such clerical errors which, gives *additional time to redeem and not less*, are defective and insufficient to extend the redemption period.

5

**D.      These Issues are Better Suited for Adjudication by the State Court.**

As set forth in 28 U.S.C. §1334(c)(2), a State law claim or cause of action related to a case under title 11 but not arising under title 11 or arising under a case under title 11, with respect to an action that could not have commenced in a United States court absent jurisdiction under this section, the district court (and, by extension, the bankruptcy court) shall abstain from hearing such proceeding. In addition, when it comes to what "cause" is under 11 U.S.C. §362 which is a case by case determination, it has been widely held that clear congressional policy giving state law claimants the right to have their claims heard in state court should be followed. *Piombo Corporation v Castlerock Properties*, 781 f 2d 159 (9th Cir. 1986). Also matters of state law are "best decided by the state courts" *Pursifull v Eakin*, 814 f2d 1501, 1506 (10th Cir 1987). The Seventh Circuit has accepted this principle stating that: "it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate will result, in order to leave the parties in their chosen forum and relieve the bankruptcy court from any duties that may be handled elsewhere." *In re Holtcamp*, 669 F.2d 505, 508 cited by *In re Pro Football Weekly, Inc.* 60 BR 824 (N.D. Ill. 1986).

When the Court issued its initial briefing schedule as to the motion, the then issue to be resolved was the question of whether the extension granted §108(b) could continue after a case was dismissed and whether you can piggy-back said extensions. That issue was exclusively a bankruptcy one. Those are no longer applicable. The new alleged issue of the extensions, etc., on the other hand, is one completely of state law and has nothing to do with Title 11. As a result, the Court should lift the stay and permit the

6

State Court to resolve any such claims.  Since that is a matter that the State Court has more familiarity with and can do so in an expeditious manner, any such claim should be adjudicated by the State Court.

WHEREFORE, SABRE GROUP, LLC prays that the Court lift the automatic stay and grant it such other and further relief as this Court deems proper.

Respectfully submitted,

SABRE GROUP, LLC

By:   /s/ Harold Moskowitz
One of Its Attorneys

HAROLD L. MOSKOWITZ
55 West Monroe Street
Suite 1100
Chicago, Illinois 60603
(312) 977-0223
ARDC: 3128347

7

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS (EASTERN DIVISION)

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BETTY J. DUMAS, | ) | 07 B 11984 |
| | ) | |
| Debtor. | ) | Judge Jack B. Schmetterer |
| | ) | Chapter 7 |

## DEBTOR'S SUPPLEMENTAL RESPONSE
## TO MOTION TO LIFT AUTOMATIC STAY

Betty J. Dumas, the debtor, at the direction of the Court at the December 13, 2007
hearing held in this matter, respectfully submits this response supplementing her original
October 5, 2007 response and her October 26, 2007 supplemental response to the Motion to Lift
Automatic Stay of Sabre Group, L.L.C. ("Sabre").[1] Dumas states as follows:

1.    At the December 13 hearing, the Court requested that Dumas brief two issues:  (1)
What, if any, discretion does an Illinois or Federal court have to allow redemption of unpaid real
estate taxes at some time after the statutory redemption date?  (2) What precedent cited in
Dumas's unauthorized pro se filings should be brought to the Court's attention?

I.    **ILLINOIS LAW PROVIDES THAT A COURT MAY ALLOW REDEMPTION
      AFTER THE STATUTORY REDEMPTION DATE WHERE TIMELY
      REDEMPTION MAY HAVE BEEN PRECLUDED BECAUSE OF OFFICIAL
      MISTAKE.**

2.    An employee at the County Clerk of Cook County informed Dumas as early as
August 21, 2007 that she could redeem up until September 3, 2007. (Transcript of Proceedings

---

[1]    On October 5, 2007, Dumas filed Debtor's Response to Motion to Lift Automatic Stay (the "Response"), which
attached Exhibits A through G, the evidence Dumas asserts defeats Sabre's Motion to Lift Automatic Stay.  All
capitalized terms not defined in this supplemental response shall have the meanings ascribed in the Response.

Before the Honorable Jack B. Schmetterer, August 21, 2007 (relevant portions attached hereto as Exhibit H).)

3.    Under Illinois law, "a court may properly exercise its equitable powers and allow redemption even after the statutory period has expired in cases where redemption may have been precluded due to fraud *or mistake on the part of the purchaser or public official.*" *Phoenix Bond & Indemnity Co. v. FDIC (In re Rosewell)*, 498 N.E.2d 790, 794 (Ill. App. 1st Dist. 1986) (emphasis added). In *Rosewell*, the statutory redemption date was November 14, 1983. *Id.* at 792. In October 1983, however, the party with the right to redeem received notices stating both the correct redemption date and an incorrect redemption date, which the deputy county clerk mistakenly stated was February 15, 1984. *Id.*  The redeeming party relied on the incorrect notice, and redeemed by February 15, 1984. *Id.*  The trial court denied the tax purchaser's petition for tax deed, and the appellate court affirmed, holding in pertinent parts as follows:

> If [the redeeming party] is permitted to redeem the property, the county will not lose any tax revenue to which it is entitled since the taxes have already been paid. It has long been settled that Illinois law favors redemption and unless injury results to the purchaser at the sale, a liberal construction will be given to the redemption laws. And, the mere failure of a tax certificate holder to get a deed does not injure him, since the purchaser recovers the amount paid from the county. Moreover, the right of a purchaser to get a deed is subservient to the right of the owner or interested party in the property to redeem.

*Id.* at 794 (citations omitted).

4.    As the court did in *Rosewell*, this Court should exercise its equitable powers and allow Dumas's September 4, 2007 redemption even if such redemption occurred after the statutory redemption date. Dumas was informed by an employee of the Cook County Clerk that she had until September 3, 2007 to redeem. (Ex. H.)  She relied on that information, and redeemed on September 4, 2007, as September 3, 2007 was Labor Day. (Ex. G.)  Assuming the

2

County Clerk supplied misinformation, under *Rosewell*, such misinformation from a public official should not be the basis on which Dumas loses her home, especially when there would be no prejudice to the County, which received payment for the taxes at the auction, or Sabre, which could receive the redemption amount from the County.

5.    Dumas stresses that *Rosewell* is simply one of her theories on which this Court could find her redemption timely. In addition, *In re Bates*, 270 B.R. 455, 467 (Bankr. N.D. Ill. 2001), holds as follows: "As long as the redemption period has not expired prior to the bankruptcy filing, there is a claim that can be treated during the bankruptcy case—through sale of the collateral in Chapter 7 or plan treatment in Chapter 13—*even though the redemption period expires during the pendancy of the case*." Dumas's first bankruptcy case extended the redemption period to July 6, 2007 by operation of 11 U.S.C. § 108(b), and her second bankruptcy case extended the redemption period to September 3, 2007 by operation of § 108(b). Therefore, under *Bates*, Dumas could redeem at any time during the bankruptcy case because she filed each bankruptcy petition within the redemption period. Moreover, given the effect of § 108(b), she redeemed even before the redemption period expired because she redeemed on September 4, 2007. The County building was closed on Labor Day, September 3, 2007.

## II.    JUDGE HOLLIS RECENTLY FOLLOWED *BATES*.

6.    On December 10, 2007, Dumas filed a document in which she cited *In re Kasco*, No. 06 B 16620 (Bankr. N.D. Ill. Nov. 8, 2007) (Hollis, J.) (attached hereto as Exhibit I). In *Kasco*, Judge Hollis followed, among other precedent, *Bates* and held that property owners could make a redemption payment through their chapter 13 plan because they filed a bankruptcy petition before the redemption period expired.

3

## **CONCLUSION**

For the reasons set forth above, in her October 5, 2007 response, and in her October 26,

2007 supplemental response, Dumas respectfully requests that the Court deny Sabre's motion to

lift stay.

Dated:  December 20, 2007

<div style="margin-left:40%">

Respectfully submitted,

BETTY J. DUMAS


 _s/David A. Agay_____
By:     One of her attorneys


David A. Agay
Matthew M. Wawrzyn
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL  60601

*Attorneys for Betty J. Dumas*

</div>

4

# CERTIFICATE OF SERVICE

I, Matt Wawrzyn, an attorney, certify that on December 20, 2007, I caused to be messengered the foregoing SUPPLEMENTAL RESPONSE to the following:

Harold L. Moskowitz
55 West Monroe Street
Suite 1100
Chicago, IL 60603
*Counsel to Sabre Group, L.L.C.*

Gregg Szilagyi
Tailwind Services LLC
One South Wacker Drive
Suite 800
Chicago, IL 60606
*Chapter 7 Trustee*

 s/Matt Wawrzyn -----------------

5

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE | ) |
| | ) |
| BETTY J. DUMAS | ) |
| Debtor. | ) |
| | ) |
| BETTY J. DUMAS | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| SABRE GROUP | ) |
| Defendant. | ) |
| | ) |
| BETTY J. DUMAS | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| SABRE GROUP, LLC | ) |
| Defendant. | ) |

Bankruptcy No. 07 B 11984

Adversary No. 07 A 00380

Adversary No. 07 A 00620

## MEMORANDUM OPINION ON MOTION
## OF SABRE GROUP LLC TO MODIFY STAY
## AND REMAND REMOVED TAX PROCEEDING

The law can sometimes be a cruel trap for the unwary.  So it was here.

Pending in this Chapter 7 bankruptcy is the Motion of assignee of a tax purchaser ("tax purchaser") to modify the bankruptcy stay so it can obtain a tax deed.  Also pending is Debtor's related removal of the state court tax proceeding and motion of tax purchaser to remand it.  For reasons stated below, the Motion to Modify Stay will be allowed and the tax proceeding will be remanded.

## INTRODUCTION

Debtor obtained, evidently through inheritance, ownership of a piece of Illinois real estate improved with a single-family home in which she and her husband live and work at their small business. Debtor derived a portion of her income from renting a room in the home. The property was free and clear of any mortgage when Debtor obtained it, but Debtor fell on hard economic times. She lost the rental income due to a fire that damaged part of the property. She was awarded approximately $75,000 in a civil lawsuit in the Northern District of Illinois for discrimination in lending, but the defendant declared bankruptcy before Debtor recovered any money. She eventually fell behind on her real estate taxes and the property was sold for 2002 real estate taxes to Optimum Financial Inc., which then assigned the Certificate of Tax Sale to the movant, Sabre Group LLC ("Sabre"). Those taxes were purchased for about $900.

On May 7, 2007, Debtor filed her first bankruptcy case, which under 11 U.S.C. § 108(b) had the effect of extending her time to redeem from the tax sale for sixty days after the bankruptcy was filed. The pendency of that first bankruptcy case might well have given her time to redeem and save her home if it had continued. Unfortunately, the bankruptcy case was dismissed because she had not obtained a Certificate of Debtor Education specifically required by bankruptcy law before a debtor can file bankruptcy unless the debtor qualifies for an exemption. Debtor was *pro se* and did not know about the exemption. The bankruptcy judge in that first case had no choice when the U.S. Trustee, pursuant to his duty, moved for dismissal, and the first bankruptcy case was dismissed. Sabre argues that the dismissal ended the redemption extension under § 108(b).

- 2 -

On July 5, 2007, Debtor filed her second bankruptcy case, again without the requisite Certificate. The U.S. Trustee again moved to dismiss. But this time Debtor's husband had read up on the law, and helped her to assert an exemption to the requirement of a Certificate. After an evidentiary hearing, her exemption was allowed because of her dyslexic condition and the U.S. Trustee's motion was denied. No appeal was sought from that ruling. Debtor's case relies on the argument that the second filing triggered another sixty-day extension to redeem from the tax sale under §108(b). This argument assumes that her time to redeem had not already expired in the gap between dismissal of the first bankruptcy and filing of the second.

Debtor has since paid the full redemption amount to the Cook County Clerk, but Sabre does not want to collect it. Sabre wants to obtain good title to the residence free and clear of any mortgage in return for whatever it paid to Optimum for the tax purchase Certificate originally acquired for $900.

It is not the job of a judge to have a view of justice different from whatever the law requires. But when a home might be taken from a mentally challenged *pro se* debtor, because she lacked ability and knowledge to jump through required legal hoops, the judge should be very careful to at least make sure, if the law might require that result, that the case is in the appropriate court with complete authority to decide the issue.

A counsel volunteered under our *pro bono* system to represent Debtor on the issues presented here, so good arguments were made in an effort to help her. The Court is grateful for the worthy and thoughtful effort by Attorney Matthew M. Wawrzyn of the law firm Kirkland & Ellis LLP for contributing those services.

- 3 -

## FINDINGS OF FACT

The following Findings of Fact are made from undisputed parts of the record and evidence taken.

1. On June 3, 2004, the property taxes for 3620 South Calumet Avenue, Chicago, Illinois were sold at the Cook County Treasurer's tax sale for $900.

2. The statutory two-year redemption period expired on June 5, 2006 (June 3 fell on a Saturday). 35 ILCS 200/21-350.

3. On December 11, 2006, Sabre filed its Petition for Tax Deed, which extended the period of redemption until May 9, 2007. (Pet. for Tax Deed ¶ 4.)

4. On May 7, 2007, Debtor filed her first Chapter 7 bankruptcy petition. In re Betty J. Dumas, 07-B-08311 (Schwartz, J.). The period for redemption was extended until July 9, by virtue of 11 U.S.C. § 108(b)(2) (July 7 fell on a Saturday). In addition, Debtor filed a Notice of Removal of the tax deed proceeding to the bankruptcy court, Adversary proceeding No. 07-A-00380.

5. On June 5, 2007, Judge Schwartz dismissed Debtor's first bankruptcy case for failure to obtain credit counseling. (Debtor did not assert any exemption to the requirement of credit counseling.)

6. On July 5, 2007, Debtor filed her second Chapter 7 bankruptcy petition. In re Betty J. Dumas, 07-B-11984 (Schmetterer, J.). In addition, Debtor filed a second Notice of Removal of the tax deed proceeding to the bankruptcy court, Adversary proceeding No. 07-A-00620.

- 4 -

7.      The U.S. Trustee moved to dismiss Debtor's second Chapter 7 bankruptcy for failure of Debtor to obtain credit counseling. However, following hearing and by reason of evidence showing that Debtor's dyslexic condition entitled her to be exempt from credit counseling, without objection of the U.S. Trustee, her filing of credit counseling certificate was excused. 11 U.S.C. § 109(h)(4).

8.      An employee at the County Clerk of Cook County informed Dumas as early as August 21, 2007, that she could redeem up until September 3, 2007. (Transcript of Proceedings, August 21, 2007.)

9.      On September 4, 2007, Debtor obtained an Estimate of Redemption from the Cook County Clerk showing that the redemption date was "extended to September 4, 2007 by Affidavit of Purchaser." On the same day, Debtor paid the full redemption amount certified by the Clerk to be due ($13,195.92) to the Cook County Clerk.

10.     Additional statements of facts in the Conclusions of Law will stand as additional Findings of Fact.

## CONCLUSIONS OF LAW

Debtor has claimed that her property is worth $170,000. In most Chapter 7 bankruptcy cases where a valuable asset might be available to pay creditors, the Chapter 7 Trustee would be involved in a struggle for the asset. But here there are no creditors scheduled except Sabre, and the Chapter 7 Trustee has not sought to administer this asset. The Debtor's title still held by her can be viewed as property of her bankruptcy estate, but the Trustee has no interest in administering the property. If stay modification were denied to enable sale of Debtor's interest before she lost title in the tax proceeding, that would accomplish nothing. Any sale would be

- 5 -

subject to Sabre's claim of right to obtain a tax deed, a claim that must be decided. The property
is likely not marketable so long as Sabre's claim for tax deed remains. For reasons set forth
below, the stay should be modified and the tax proceeding remanded to a state court judge to
decide the tax deed issue.

The substantive issues under Illinois law are governed by the Illinois Property Tax Code.
35 ILCS 200/1-1 *et seq.* Under Illinois law, taxes on real property constitute a lien. 35 ILCS
200/21-75. If the taxes are not paid, the county collector may sell the taxes to the highest bidder
at a tax sale. 35 ILCS 200/21-190; See A.P. Properties, Inc. v. Goshinsky, 714 N.E.2d 519, 522
(Ill. 1999) (delineating the tax purchase process). After the taxes are sold the county's lien is
extinguished and the tax buyer is given a tax certificate which entitles him or her to payment of
the purchase price of the taxes plus an interest penalty. In re Milne, 185 B.R. 280, 281 n.2 (N.D.
Ill. 1995). If the property owner does not redeem the taxes within the statutorily allowed period,
the owner's interest in the property will be extinguished and the tax purchaser may obtain a tax
deed on the property. 35 ILCS 200/22-40; In re Davenport, 268 B.R. 159, 165 (Bank. N.D. Ill.
2001). See also In re Winters, No. 93-7381, 1995 WL 453053, at *4 (N.D. Ill. July 28, 1995); In
re Halas, 194 B.R. 605, 609 (Bankr. N.D. Ill. 1996) (Schmetterer, J.); In re Wells Props., Inc.,
102 B.R. 685, 689-90 (Bankr. N.D. Ill. 1989) (Wedoff, J.) for discussion of the statutory scheme.

Following a tax sale, the effect of the owner filing bankruptcy is clear: "[W]hen a
petition in bankruptcy is filed before the expiration of the applicable state redemption period,
§ 108(b) extends the redemption period for 60 days from the commencement of bankruptcy
proceedings." Goldberg v. Tynan (In re Tynan), 773 F.2d 177, 179 (7th Cir. 1985).
Furthermore, 11 U.S.C. § 362 does not toll the running of the redemption period under state law,

- 6 -

id. at 179-80, but requires the tax purchaser to seek to modify the automatic stay before petitioning for a tax deed.

After filing her first bankruptcy case, Debtor had sixty days to redeem from the tax sale provided she kept her first bankruptcy alive. She did not redeem before her first bankruptcy was dismissed. When Debtor's first bankruptcy was dismissed on June 5, she was returned to the legal position she occupied immediately before the commencement of her case. 11 U.S.C. § 349(b)(3). The second bankruptcy was filed after the redemption period expired. Thus, Debtor's argument that her second bankruptcy petition entitled her to another sixty-day extension under 11 U.S.C. § 108(b) is without merit. It has been held that "after the redemption period has expired, there is nothing that the debtor can do to prevent the purchaser from obtaining a deed to the property." In re Winters, 1995 WL 453053, at *5. Thus, courts usually have no discretion to depart from specific legislative requirements relating to redemption from tax sales. Dupuy v. Morse, 85 N.E.2d 187, 190 (Ill. App. Ct. 1949).

However, Illinois courts will exercise equitable discretion to relieve an owner from a deficient redemption based on the county clerk transmitting mistaken information about the amount necessary in order to redeem. Gage v. Scales, 100 Ill. 218 (Ill. 1881); see also In re Wells Props., Inc., 102 B.R. at 697. This is based on "the general, and often-expressed policy of Illinois law that 'redemption, although a statutory privilege and to be exercised in substantial compliance with the statute, is nevertheless looked upon with favor and unless injury is to result to the purchaser at the sale a liberal construction will be given redemption laws.'" Id. at 696-97 (citations omitted).

In this case, the Cook County Clerk allowed Debtor to redeem on September 4, perhaps with the understanding that another 60-day extension under 11 U.S.C. § 108(b) began to run with the filing of the second bankruptcy case. Sabre argues that the Clerk's mistake occurred after the period for redemption had already expired and, therefore, Debtor could not reasonably rely on it in tendering payment outside the redemption period. In In re Wells Props., Inc., an insufficient redemption amount was tendered on April 28, and the redemption period ended on May 1. Id. 102 B.R. at 688. There the court reasoned that the debtor would have tendered the correct amount by May 1, but for the clerk's error regarding the proper amount for redemption. In this case, Sabre argues that Debtor cannot argue that she would have timely redeemed but for the Cook County Clerk's error in issuing an Estimate of Redemption on September 4, 2007, because the statutory redemption period had already expired on June 7. Debtor argues that she was entitled to rely on the Clerk's issuing a certificate of redemption in September.

Sabre has also argued that the property never became property of the estate in the second bankruptcy case, because Debtor was divested of her legal and equitable interest when the redemption period expired, In re Halas, 194 B.R. at 612 (citing In re Lucille Jackson, 173 B.R. 637, 641 (Bankr. N.D. Ill. 1994) (citations omitted)), and, therefore, the automatic stay does not even apply.

In In re Wells Props., Inc., 102 B.R. at 691-92, Judge Wedoff analyzed whether the federal courts should abstain from deciding the adequacy of a redemption under state law. He reasoned that whether something was property of the estate and the validity of a lien against that property are core proceeding in bankruptcy and, therefore, not subject to mandatory abstention under 28 U.S.C. § 1334(c)(2). Permissive abstention is governed by 28 U.S.C. § 1334(c)(1),

- 8 -

which provides for abstention "in the interest of justice, or in the interest of comity with State courts or respect for State law." According to that opinion, "Courts have abstained pursuant to this provision in proceedings that raised novel or unsettled issues of state law, without raising significant issues of bankruptcy law. On the other hand, where there are significant bankruptcy law issues or where the state law involved is settled, courts have declined to abstain under Section 1334(c)(1)." In re Wells Props., Inc., 102 B.R. at 692.

Some Illinois courts have ruled that the redemption rights of a mortgagor are not lost if he makes a timely tender, notwithstanding that it is in an inadequate amount, where such inadequacy results from the mistake of a public officer who wrongfully informed the mortgagor as to the amount due. In re Application of County Treasurer, 171 Ill.App.3d 644, 121 Ill.Dec. 545, 525 N.E.2d 852, 854-55 (Ill. App. Ct. 1987). In addition, there is precedent to the effect that the official can waive the statutory conditions regarding the form of tender (i.e., personal check versus cash or certified funds) without affecting the owner's rights to tender in the correct form outside the redemption period. In re Application of Williamson County Collector, 470 N.E.2d 1193, 1194-95 (Ill. App. Ct. 1984). The Property Tax Code has been amended to require the person attempting to redeem to rely reasonably on the county clerk's error. 35 ILCS 200/22-45; In re County Collector, 742 N.E.2d 839, 842-43 (Ill. App. Ct. 2000).

In seeking equitable relief, this Debtor claims to be entitled to rely on the fact that the Cook County Clerk issued a certificate of redemption after expiration of the redemption period. This set of facts is not governed by settled Illinois law. Therefore, the removed Adversaries should be remanded so that the Illinois courts may decide the issue. Because the property cannot be sold and the Chapter 7 Trustee does not pursue any interest, and also because there are no

- 9 -

creditors other than Sabre, cause is shown for the automatic stay to be lifted and the tax

proceedings remanded so that adequacy of the attempted redemption can be decided in state

court. Moreover, Debtor' attorney has reported that on January 14, 2008, an Illinois court

ordered Dumas to vacate her home based on alleged safety concerns and that the home is now in

hands of a receiver. That is further cause to modify the stay was so Sabre can obtain a ruling on

its claim for tax deed.

      Under Illinois law, "a court may properly exercise its equitable powers and allow

redemption even after the statutory period has expired in cases where redemption may have been

precluded due to fraud or mistake on the part of the purchaser or public official," Phoenix Bond

& Indemnity Co. v. FDIC (In re Rosewell), 498 N.E.2d 790, 794 (Ill. App. Ct. 1986). In

Rosewell, the statutory redemption date was November 14, 1983. Id. at 792. In October 1983,

however, the party with the right to redeem received notices stating both the correct redemption

date and an incorrect redemption date, which the deputy county clerk mistakenly stated was

February 15, 1984. The redeeming party relied on the incorrect notice, and redeemed by

February 15, 1984. The trial court denied the tax purchaser's petition for tax deed, and the

appellate court affirmed, holding in pertinent parts as follows:

> If [the redeeming party] is permitted to redeem the property, the county will not
> lose any tax revenue to which it is entitled since the taxes have already been paid.
> It has long been settled that Illinois law favors redemption and unless injury
> results to the purchaser at the sale, a liberal construction will be given to the
> redemption laws. And, the mere failure of a tax certificate holder to get a deed
> does not injure him, since the purchaser recovers the amount paid from the
> county. Moreover, the right of a purchaser to get a deed is subservient to the right
> of the owner or interested party in the property to redeem.

Id. at 794 (citations omitted).

As in In re Rosewell, a state court judge in the tax deed proceeding will hold plenary jurisdiction and may be able to exercise broad equitable powers so as to allow Dumas's September 4, 2007, redemption even if such redemption occurred after the statutory redemption date. Dumas was informed by an employee of the Cook County Clerk that she had until September 3, 2007 to redeem. She relied on that information, and redeemed on September 4, 2007, as September 3, 2007 was Labor Day and the Clerk's office was closed. Assuming the County Clerk supplied misinformation, under In re Rosewell such misinformation from a public official need not be the basis on which Dumas loses her home, especially when there would be no prejudice to the County, which received payment for the taxes at the auction, or to Sabre, which could receive the redemption amount from the County Clerk.

However, while a bankruptcy judge may exercise equitable powers under 11 U.S.C. § 105 to carry out purposes within core or related bankruptcy jurisdiction, that judge lacks the full general equitable powers of a state court judge. Specifically, a bankruptcy judge cannot use equitable tools available under § 105 to overrule explicit statutory language of another code section, such as the sixty-day extension in 11 U.S.C. § 108(b), or to alter property rights outside of nonbankruptcy law. In re Ludlow Hosp. Soc., Inc., 124 F.3d 22, 27 (1st Cir. (Mass.) 1997). Therefore, while some equitable remedies are available here, this is not a court with full equity powers of the state judge.

Dumas stresses that In re Rosewell is simply one of her theories on which this Court could find her redemption timely. In addition, In re Bates, 270 B.R. 455, 467 (Bankr. N.D. Ill. 2001), held that, "As long as the redemption period has not expired prior to the bankruptcy filing, there is a claim that can be treated during the bankruptcy case – through sale of the

- 11 -

collateral in Chapter 7 or plan treatment in Chapter 13 – even though the redemption period expires during the pendency of the case." However, no sale is possible here, and Debtor's motion to convert to Chapter 13 was withdrawn.

Dumas's first bankruptcy case extended the redemption period to July 7, 2007, by operation of 11 U.S.C. § 108(b). Dumas argues that her second bankruptcy case further extended the redemption period to September 3, 2007, and therefore she could redeem on September 4, 2007, before the redemption period expired in the second case. Dumas also relies on In re Kasco, No. 06 B 16620 (Bankr. N.D. Ill. Nov. 8, 2007) (Hollis, J.) In Kasco, Judge Hollis followed, among other precedents, Bates and held that property owners could make a redemption payment through their chapter 13 plan because they filed a bankruptcy petition before the redemption expired. Therefore, under Bates, Dumas argues that she could redeem at any time during the second bankruptcy case because she filed each bankruptcy petition within the redemption period.

Both of these arguments assume that the extension from Debtor's first bankruptcy case stayed alive under § 108(b) even after her case was dismissed, and that she can benefit from another extension upon the filing of her second case. However, dismissal of a bankruptcy case ends all rights, protections, and duties that filing of the case brought into existence unless the statute specifically preserves them after dismissal. 11 U.S.C. § 349(b)(3). No statute preserved the extension after dismissal of Debtor's first case, so Debtor's argument under bankruptcy law must be rejected. Moreover, as noted Debtor did not (and probably could not) pursue conversion to Chapter 13, and the property is not presently marketable because of the cloud on title from the tax sale.

- 12 -

## CONCLUSION

Debtor's state law redemption period expired on June 7, 2007, two days after dismissal of her first bankruptcy case. She was not entitled to a second sixty-day extension under 11 U.S.C. § 108(b) at the time when she filed her second bankruptcy. Under Illinois law, however, courts are able, under limited circumstances, to exercise their equitable discretion in applying the Illinois Property Tax Code based on mistakes by the collecting clerk. There is no case law found holding that one of those mistakes that can be recognized is the issuing of a certificate of redemption after expiration of the statutory redemption period. This is an unsettled area of state law, and this Court should abstain under 28 U.S.C. § 1334(c)(1) from deciding the issue.

The automatic stay will be modified so that Sabre can proceed with its Petition for Tax Deed which will be remanded. Debtor can raise her redemption defense in that proceeding, and the state judge can exercise full equitable authority to resolve the issue under state law.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Entered this 7th day of March 2008.

- 13 -