## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS (EASTERN DIVISION)

| | |
|---|---|
| BETTY J. DUMAS, | ) |
| Appellant, | ) |
| | ) 08-CV-2424 |
| v. | ) |
| | ) Honorable Robert M. Dow |
| SABRE GROUP, L.L.C., | ) |
| | ) **FILED** |
| Appellee. | ) May 14 2008 |
| | ) MAY 1 4 2008 |
| IN RE: | ) MICHAEL W. DOBBINS |
| | ) CLERK, U.S. DISTRICT COURT |
| BETTY J. DUMAS, | ) 07 B 11984 |
| | ) 07 A 00385 |
| | ) 07 A 00620 |
| Debtor. | ) Judge Jack B. Schmetterer |
| | ) Chapter 7 |

### BETTY J. DUMAS'S OPENING APPEAL BRIEF

**TABLE OF CONTENTS**

Page

Statement of Jurisdiction ......................................................................................................... 3

Statement of Issues Presented .................................................................................................. 3

Statement of the Case .............................................................................................................. 4

Statement of Facts ................................................................................................................... 4

Procedural Facts ...................................................................................................................... 8

Argument ................................................................................................................................ 9

I. THE BANKRUPTCY COURT ABUSED ITS DISCRETION WHEN IT ABSTAINED FROM DECIDING A BANKRUPTCY MATTER THAT DOES *NOT* RAISE NOVEL ISSUES OF STATE LAW ................................................................ 9

    A. The Bankruptcy Court Should Not Have Abstained From Deciding A Claim to the Principal Asset of the Bankruptcy Estate ........................................... 9

    B. Applicable, Well-Settled Illinois Law Provides Dumas Should Not Lose Her Home Over Inaccurate Information From the County Clerk ....................... 11

II. THE BANKRUPTCY COURT ERRED IN REQUIRING NO EVIDENCE FROM SABRE. .......................................................................................................... 12

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Covey v. Town of Somers,*
    351 U.S. 141 (1956)........................................................................................................... 13

*In re Application of County Collector (Nat'l Indemnity Corp. v. Otsus)*
    545 N.E.2d 145 (Ill. App. 1989)....................................................................................... 13

*In re Chicago, Milwaukee, St. Paul & Pacific R.R. Co.,*
    6 F.3d 1184 (7th Cir. 1993) ...................................................................................... 3, 10, 11

*In re Murray,*
    276 B.R. 869 (Bankr. N.D. Ill. 2002) ............................................................................... 12

*In re Wells Properties, Inc.,*
    102 B.R. 685 (Bankr. N.D. Ill. 1989) ........................................................................... 3, 10

*Kucharski v. Loop Mortgage Co.,*
    251 N.E.2d 211 (Ill. 1969)................................................................................................ 13

*See Sirt v. GB Property Management Inc.*
    775 N.E.2d 86 (Ill App. 2002) ......................................................................................... 12

**Statutes**

11 U.S.C. § 362(g)(1) ................................................................................................................ 8, 12

28 U.S.C. § 1334(d)........................................................................................................................ 10

28 U.S.C. § 1452............................................................................................................................. 6

28 U.S.C. § 158(a)(1)...................................................................................................................... 3

35 ILCS 200/21-350 ...................................................................................................................... 12

35 ILCS 200/21-385 ...................................................................................................................... 12

35 ILCS 200/22-10 ........................................................................................................................ 13

35 ILCS 200/22-30 ........................................................................................................................ 13

35 ILCS 200/22-5 .......................................................................................................................... 13

35 ILCS 200/22-50 ........................................................................................................................ 13

## Oral Argument Requested

Pursuant to Rule 8012 of the Federal Rules of Bankruptcy Procedure, Betty J. Dumas requests that the Court allow oral argument in this appeal.

## Statement of Jurisdiction

This Court's jurisdiction over this appeal arises under 28 U.S.C. § 158(a)(1). On March 10, 2008, the bankruptcy court entered an order (i) abstaining from deciding the issue of whether Sabre Group, L.L.C. ("Sabre") has a right to Betty J. Dumas's home and (ii) lifting the automatic stay so that Sabre could assert its claimed right to Dumas's home in state court. On March 20, 2008, Dumas filed a notice of appeal.

## Statement of Issues Presented

(1)    Did the bankruptcy court clearly err when it abstained from hearing whether Sabre has a right to Dumas's home -- the principal property of her bankruptcy estate? *See In re Chicago, Milwaukee, St. Paul & Pacific R.R. Co.*, 6 F.3d 1184, 1185-86 (7th Cir. 1993) (district court abuses its discretion when it abstains from deciding a matter of federal bankruptcy law); *In re Wells Properties, Inc.*, 102 B.R. 685, 692 (Bankr. N.D. Ill. 1989) (bankruptcy court declined abstaining from deciding the exact issue presented here -- whether tax purchaser has right to debtor's property -- because issue is "plainly a core proceeding" and state law "is well established.").

(2)    Did the bankruptcy court err when it entered an order lifting the automatic stay and allowing Sabre to petition for Dumas's home in state court notwithstanding Sabre's total failure to meet its burden of proving that it had a right to Dumas's home? *See Wells Properties, Inc.*, 102 B.R. at 691 ("Until the tax purchasers establish a failure to redeem, they are not, by their own arguments, entitled to relief from the stay.").

## Statement of the Case

There are two reasons why this Court should reverse the bankruptcy court's order allowing Sabre to proceed in Illinois court. *First*, the bankruptcy court abused its discretion when it abstained from hearing an issue that will decide the fate of this bankruptcy estate. Not only does the issue of whether Sabre has the right to take Dumas's home raise federal bankruptcy issues, it can also be decided according to well-settled Illinois law that the bankruptcy court itself acknowledged.

*Second*, the bankruptcy court erred when it simply took Sabre at its word that it had claim to Dumas's home under Illinois law. It was Sabre's burden of proof to establish that Dumas had no equity in her home. But Sabre presented no evidence. The bankruptcy court should not have granted Sabre's motion to lift stay based on no evidence.

## Statement of Facts

### *Betty Dumas and Her Home*

Betty J. Dumas or her family has owned the property at 3620 South Calumet Avenue, Chicago, Illinois 60653-1104 (the "Property") for nearly a century. Over the years, Dumas and her family built substantial equity in the Property, living in their home for years free and clear of encumbrances. As of July 23, 2007, for example, Dumas believed, based on the Cook County Assessor's valuation of the Property, that she held over $175,000 in equity in the Property.

Dumas is of limited means. In recent years, her sources of income have been profits from the small antique/gift basket business she operated from the Property and rent from letting out rooms in the Property.

Fires in and around the Property have nearly wiped out Dumas's already limited income. She could not let her upstairs apartment due to roof damage caused by a fire at the

neighbor's home in February 2005. More recently, on July 25, 2007, a fire in Dumas's home, the Property, damaged most of the inventory she intended to sell.

Dumas is disabled. She is dyslexic, and has for her entire life had great difficulty reading and writing.

*Sabre's Claim to Dumas's Home*

On June 3, 2004, Optimum Financial Inc. ("Optimum Inc.") purchased the year 2002 real estate taxes due and owing on the Property. (Estimate of Cost of Redemption: Annual Sale (attached hereto as Exhibit A); Deposit for Redemption - Annual Sale (attached hereto as Exhibit B).) In connection with that purchase, on June 22, 2004, the County Clerk issued to Optimum Inc. Certificate of Purchase No. 02-0016034 (the "Certificate"). (The Certificate is attached to Exhibit F (referenced below).) According to the Certificate, Optimum Inc. paid the 2002 taxes in the amount of $564.04, interest in the amount of $104.28, and fees in the amount of $280.42, for a total of $948.74

On July 7, 2004, Optimum Inc. purported to assign the Certificate to Sabre.

On May 11, 2006, Optimum Financial, LLC ("Optimum LLC") filed a Notice of Extension of Period of Redemption with the County Clerk of Cook County, purporting to extend the period of redemption through December 22, 2006. (Exhibit C attached hereto.)

On November 13, 2006, Optimum LLC filed a Notice of Extension of Period of Redemption with the County Clerk of Cook County, purporting to extend the period of redemption through March 30, 2007. (Exhibit D attached hereto.)

On December 11, 2006, Heather A. Ottenfeld, Esq. filed a Notice of Extension of Period of Redemption with the County Clerk of Cook County, purporting to extend the period of redemption through May 9, 2007. (Exhibit E attached hereto.)

5

On December 11, 2006, Sabre filed the Petition for Tax Deed (the "Petition") in the Circuit Court of Cook County, Illinois. (Petition attached hereto as Exhibit F.) Sabre alleged that the Certificate was duly issued or assigned to Sabre. (*Id.* ¶ 2.) A purportedly true and exact copy of the Certificate was attached to the Petition. (*Id.* ¶ 3.) Sabre alleged that the period within which the Property could be redeemed expired on May 9, 2007. (*Id.* ¶ 4.) Sabre alleged it would serve all notices required by law and that it "has complied with and will hereafter fully comply with all provisions of Statutes and the Constitution of the State of Illinois relative hereto …" (*Id.* ¶¶ 6-7.)

### *The Bankruptcy Case and the Adversary Proceeding*

On May 7, 2007, Dumas filed a petition under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"), commencing the case styled *In re Betty J. Dumas*, Case No. 07 B 08311 (Bankr. N.D. Ill.) (Schwartz, J.).

The same day she filed a bankruptcy petition, May 7, 2007, Dumas filed the Notice of Removal in the bankruptcy court, thereby removing Sabre's petition for tax deed and commencing an adversary proceeding in the bankruptcy court. In her pro se filing, Dumas alleges, "the Petitioner 'Betty J. Dumas' is entitled to remove this action to the federal court under 28 U.S.C. § 1452, because it appears . . . that it arises, in part under the laws of the United States Bankruptcy Code, the court has jurisdiction." (Notice of Removal ¶ 3.)

On June 5, 2007, the bankruptcy court dismissed Dumas's bankruptcy case for lack of credit counseling certification. Dumas was not represented by counsel, and was unaware of this requirement or whether she qualified for an exemption. The case was closed on July 13, 2007.

Critically, however, the bankruptcy court did *not* dismiss the adversary proceeding. Instead, the bankruptcy court held status hearings in the adversary proceeding on September 11, 2007, October 24, 2007, and November 14, 2007. After the November 14 hearing, the Court entered an order providing, "IT IS HEREBY ORDERED that Heather A. Ottenfeld, the attorney of record for Sabre Group LLC is ordered to appear. The failure by counsel to appear may result in Judgment being entered against [Sabre] without further notice." (Docket No. 8 (11/14/2007 Order).)

On July 5, 2007, Dumas filed another chapter 7 petition, commencing the case styled *In re Betty J. Dumas*, Case No. 07 B 11984 (Bankr. N.D. Ill.) (Schmetterer, J.) After an evidentiary hearing pursuant to § 109(h)(4) of the Bankruptcy Code, the Court excused the credit counseling requirement based on the showing that Dumas's dyslexic condition entitled her to an exemption.

On December 6, 2007, the adversary proceeding was reassigned from Judge John D. Schwartz to Judge Jack B. Schmetterer. (Docket No. 10 (12/6/2007 Order).)

*Dumas's Reliance on the County Clerk*

Between May 7, 2007 and September 4, 2007, on numerous occasions, Dumas either herself or through a representative visited the Cook County Clerk's Office or the Cook County Treasurer's Office in order to notify the State of Illinois of her bankruptcy petitions. On numerous occasions during this period, representatives of the Cook County Clerk's Office and the Cook County Treasurer's Office notified Dumas that she had until September 3, 2007 to redeem her unpaid taxes. (Transcript of Proceedings Before the Honorable Jack B. Schmetterer, August 21, 2007 (relevant portions attached hereto as Exhibit G).)

Between May 7, 2007 and September 4, 2007, Dumas *relied* on the Cook County public officials' statements that she had until September 3, 2007 to redeem her unpaid taxes. During this time, she desperately sought financing so that she could redeem the taxes and save her home.

*Dumas Obtains Financing and Redeems*

September 3, 2007 was Labor Day. The Cook County Clerk's Office was closed.

On September 4, 2007, the day Dumas believed she would possibly lose her home if she did not redeem her taxes, she entered the so-called "Partnership Agreement" with Illinois Financial Funding ("IFF"). (Partnership Agreement attached hereto as Exhibit H.) According to the Partnership Agreement, IFF would redeem the $13,195.92 in taxes in exchange for $40,000 within 60 days secured by a mortgage on the Property.

On September 4, 2007, Dumas deposited $13,195.92 with the County Clerk of Cook County.

**Procedural Facts**

On July 18, 2007, Sabre filed a motion in the bankruptcy court requesting that the court lift the automatic stay and allow it to prosecute the petition for tax deed in the Illinois courts because Dumas allegedly held no interest in the Property and because Sabre was not receiving adequate protection.

On October 5, 2007, Dumas argued that the stay should not be lifted because, *inter alia*, Sabre submitted no evidence that Dumas lacked equity in her home and, accordingly, failed its burden of proof under 11 U.S.C. § 362(g)(1).

On March 7, 2008, the bankruptcy court granted Sabre's motion to lift the automatic stay. In a memorandum opinion, the bankruptcy court held that it was remanding the

action to Illinois court in part because it "lacks the full general equitable powers of a state court judge." For example, the bankruptcy court held:

> As in *In re Rosewell*, a state court judge in the tax deed proceeding will hold plenary jurisdiction and may be able to exercise broad equitable powers so as to allow Dumas's September 4, 2007, redemption even if such redemption occurred after the statutory redemption date. Dumas was informed by an employee of the Cook County Clerk that she had until September 3, 2007 to redeem. She relied on that information, and redeemed on September 4, 2007, as September 3, 2007 was Labor Day and the Clerk's office was closed. Assuming the County Clerk supplied misinformation, under *In re Rosewel* such misinformation from a public official need not be the basis on which Dumas loses her home, especially when there would be no prejudice to the County, which received payment for the taxes at auction, or to Sabre, which could receive the redemption amount from the County Clerk.

(3/8/2008 Memorandum Opinion attached as Exhibit I.)

### Argument

I. **THE BANKRUPTCY COURT ABUSED ITS DISCRETION WHEN IT ABSTAINED FROM DECIDING A BANKRUPTCY MATTER THAT DOES *NOT* RAISE NOVEL ISSUES OF STATE LAW.**

The bankruptcy court abstained from deciding whether Dumas could rely on the County Clerk telling her she had until September 3, 2007 to save her home. As discussed below, this was an abuse of the bankruptcy court's discretion. First, because resolution of the issue directly affects the principal property of the bankruptcy estate -- Dumas's home. And second, because Illinois law is clear and well-settled that Dumas should not lose her home because she relied on erroneous information from the County Clerk. The bankruptcy court had authority to apply this law, and it should have done so here.

    A. **The Bankruptcy Court Should Not Have Abstained From Deciding A Claim to the Principal Asset of the Bankruptcy Estate.**

The bankruptcy court abused its discretion by abstaining to hear a matter that falls so squarely within its core bankruptcy jurisdiction. *See In re Chicago, Milwaukee, St. Paul &*

*Pacific R.R. Co.*, 6 F.3d 1184, 1185-86 (7th Cir. 1993) (the "Milwaukee Road case"); *In re Wells Properties, Inc.*, 102 B.R. 685, 692 (Bankr. N.D. Ill. 1989). In the Milwaukee Road case, for example, the district court abstained from hearing the issue of whether a creditor's contingent claim was barred against the bankruptcy estate because, according to the district court, the issue concerned a matter of purportedly unsettled state law. *Id.* at 1188. The Court of Appeals for the Seventh Circuit reversed the district court, holding that the district court abused its discretion when it abstained from deciding an issue clearly within its federal jurisdiction to decide. *Id.* at 1193.

In *Wells*, the bankruptcy court declined to abstain from deciding the very issue presented here. 102 B.R. at 692. In that case, as here, a tax purchaser moved to lift the automatic stay and petition for a tax deed in state court, arguing that the debtor had not timely redeemed. *Id.* at 688. The bankruptcy court declined to abstain from hearing whether the debtor did or did not properly redeem its back-taxes. First, the bankruptcy court held,

> The effort by the tax purchasers in the present case to expunge the redemption of 201 North Wells from the records of the County Clerk, although grounded in state law, is plainly a core proceeding. The district court, and by reference the bankruptcy court, has exclusive jurisdiction over property of the debtor's estate, pursuant to 28 U.S.C. § 1334(d), and the question whether the redemption in this case is valid will determine whether the tax purchasers or the bankruptcy estate is entitled to own 201 North Wells, which is now the estate's largest asset.

*Id.* at 692. Second, the bankruptcy court held that the applicable state law -- "the impact of a mistake by the County Clerk on a party attempting to redeem property from a tax sale" -- was well-established. *Id.*

Similar to the district court in the Milwaukee Road case and contrary to the bankruptcy court in *Wells*, here the bankruptcy court abused its discretion when it abstained from deciding a question that it clearly had jurisdiction to hear.

10

**B.   Applicable, Well-Settled Illinois Law Provides Dumas Should Not Lose Her Home Over Inaccurate Information From the County Clerk.**

The bankruptcy court abused its discretion by abstaining from applying the Illinois rule of decision it cited in its Memorandum Opinion. The Court held, "under *In re Rosewell* such misinformation from a public official need not be the basis on which Dumas loses her home, especially when there would be no prejudice to the County, which received payment for the taxes at auction, or to Sabre, which could receive the redemption amount from the County Clerk." (3/8/2008 Memorandum Opinion at 11.) Although recognizing this Illinois rule that an owner should not lose her home based on reliance on misinformation from the County Clerk, the court abstained from applying it because "[t]here is no case law found holding that one of those mistakes that can be recognized is the issuing of a certificate of redemption after expiration of the statutory redemption period." (*Id.* at 13.)

This bankruptcy court decision is an abuse of discretion. "If a state law issue is not unsettled, or if there is no state authority directly on point, then the bankruptcy court is qualified to resolve the issue, and there is no reason to refer it to a state court." *In re Chicago, Milwaukee, St. Paul & Pacific R.R. Co.*, 6 F.3d at 1189 n. 8. Here, the bankruptcy court did not need an Illinois case directly on point. It was enough that the bankruptcy court recognized a clear line of Illinois cases holding that a home owner may equitably rely on information she receives from the County Clerk. (3/8/2008 Memorandum Opinion at 11.) Indeed, the bankruptcy court in *Wells* recognized this same line of cases and applied them, holding that the debtor's redemption was effective notwithstanding that it was paid in the incorrect amount. 102 B.R. 699. The bankruptcy court abused its discretion because it abstained from applying the well-settled Illinois law it acknowledged in its memorandum opinion.

11

## II. THE BANKRUPTCY COURT ERRED IN REQUIRING NO EVIDENCE FROM SABRE.

The bankruptcy court erred in granting Sabre's motion to lift the automatic stay based on zero evidence. "In a hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section ... the party requesting such relief has the burden of proof on the issue of the debtor's equity in property ..." 11 U.S.C. § 362(g)(1); *see In re Murray*, 276 B.R. 869, 873 (Bankr. N.D. Ill. 2002) (tax purchaser moving to lift stay bears burden of proving debtor lacks equity in property). Here, Sabre's assertion that Dumas lacks equity in the Property is unsupported and contrary to applicable Illinois law.

*First*, Sabre submitted *no* evidence proving that the redemption period expired on May 9, 2007. In fact, the record evidence demonstrates that Optimum LLC obtained extensions of the redemption period notwithstanding the fact that Sabre was the current owner of the Certificate and Optimum Inc. was the original owner of the Certificate. (Exhibits C & D.) Optimum LLC is a stranger to the Certificate, being neither the purchaser or assignee, and thus it had no authority to extend the redemption period under applicable Illinois law. 35 ILCS 200/21-385 ("The purchaser or his or her assignee of property sold for nonpayment of general taxes or special assessments may extend the period of redemption at any time before the expiration of the original period of redemption ...").[1] Therefore, because the redemption period was never extended by a party with standing to do so, the redemption period expired two and one-half years after the June 4, 2004 tax sale, December 4, 2006. 35 ILCS 200/21-350.

---

[1] *See Sirt v. GB Property Management Inc.*, 775 N.E.2d 86, 90 (Ill App. 2002) (strictly construing § 21-385 and quoting "[T]he primary purpose of the tax sale provisions of the Property Tax Code is to coerce tax delinquent property owners to pay their taxes, not to assist tax petitioners in depriving the true owners of their property.").

12

That makes Sabre's Petition for Tax Deed untimely because 35 ILCS 200/22-30 provides that the action must be brought no later than three months *before* the expiration of the time for redemption. Under this analysis, the sale to Sabre would be declared a "sale in error," because Sabre would have failed to prove its case. 35 ILCS 200/22-50. Sabre would be entitled to a refund only if it could prove it made a bona fide attempt to comply with the statute. 35 ILCS 200/22-50; *see, e.g., Kucharski v. Loop Mortgage Co.*, 251 N.E.2d 211 (Ill. 1969) (purchaser not entitled to refund because it failed to file in time prescribed in the statute). Hence, far from showing Dumas has no interest, the record evidence shows Sabre has no interest in the Property.

*Second*, Sabre submitted no evidence demonstrating that it will be entitled to a tax deed. Illinois law requires that Sabre provide Dumas with multiple notices before it can obtain a tax deed, including notice within the first four months and fifteen days of the redemption period, 35 ILCS 200/22-5, and three sets of notice within three months prior to the expiration of the redemption period. 35 ILCS 200/22-10 through 200/22-305. Sabre submitted no evidence it complied with these notice requirements. What is more, Dumas may have defenses based on her dyslexia and inability to understand the import of the notices that may have been served. *See Covey v. Town of Somers*, 351 U.S. 141, 147 (1956) (notice to taxpayer wholly unable to understand the nature of the proceedings against her property inconsistent with due process of law); *In re Application of County Collector (Nat'l Indemnity Corp. v. Otsus)*, 545 N.E.2d 145, 150 (Ill. App. 1989) (following *Covey*).

*Finally*, the record evidence, which Sabre did nothing to rebut, demonstrates that Dumas redeemed the Property within the redemption period. (Exhibit G.) Sabre asserts the records of Dumas's redemption to be meaningless, but the records bear the Official Seal of Cook County and the certification of the County Clerk. (*Id.*) The Certificate of Deposit is self-

13

authenticating under Fed. R. Evid. 902(4), and it establishes that Dumas duly redeemed the Property.

### Conclusion

Based on the argument set forth above, Betty J. Dumas respectfully requests that this Court enter an order reversing the bankruptcy court order and remanding for proceedings in the bankruptcy court on the issues of whether Dumas properly redeemed and whether Sabre submitted sufficient evidence to support lifting the automatic stay.

Dated: May 14, 2008

> Respectfully submitted,
>
> BETTY J. DUMAS
>
> _s/David A. Agay_ ----------------
> By:   One of her attorneys
>
> David A. Agay
> Matthew M. Wawrzyn
> KIRKLAND & ELLIS LLP
> 200 East Randolph Drive
> Chicago, IL  60601
>
> *Attorneys for Betty J. Dumas*

## CERTIFICATE OF SERVICE

I, Matt Wawrzyn, an attorney, certify that on May 14, 2008, I caused to be messengered the foregoing OPENING APPEAL BRIEF to the following:

Harold L. Moskowitz
55 West Monroe Street
Suite 1100
Chicago, IL 60603
*Counsel to Sabre Group, L.L.C.*


_s/Matt Wawrzyn_ ----------------