# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS (EASTERN DIVISION)

|  |  |  |
|---|---|---|
| BETTY J. DUMAS, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | 08-CV-2424 |
| | ) | |
| v. | ) | Honorable Robert M. Dow |
| | ) | |
| | ) | |
| SABRE GROUP, L.L.C., | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |
| | ) | |
| IN RE: | ) | |
| | ) | |
| BETTY J. DUMAS, | ) | 07 B 11984 |
| | ) | |
| Debtor. | ) | Judge Jack B. Schmetterer |
| | ) | Chapter 7 |

*FILED*

*May 14 2008*

MAY 1 4 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## APPENDIX TO BETTY J. DUMAS'S OPENING APPEAL BRIEF

# Exhibit A

Reprint

**NOTE: THIS ESTIMATE MUST BE RETURNED AT TIME OF PAYMENT**
*ESTIMATE OF COST OF REDEMPTION: Annual sale*

RECEIVED
DAVID ORR
COOK COUNTY CLERK

DAVID D. ORR

County Clerk of Cook Cour 07 SEP -4 PM 5:00

Deputy _____

Date Prepared __09-04-2007__

Permanent Real Estate Index Number ___17-34-311-072-0000___

Volume Number __526__    Class_2-11_ Tax Code_76037_

Property Sold to__OPTIMUM FINANCIAL INC__

For _2002_ General Taxes OR Special Assessment Warrant No._____ Inst no._____

Date of Sale__06-03-2004__ Cert. No.__02-0016034__

Redemption date extended to __09-04-2007__By Affidavit of Purchaser

Owner's Name or Trust No., Mailing Address & Phone No.

Name __BETTY J. DUMAS__

Address __Illinois Financial Funding Corp.__
__3620 S. Calumet Av.__
__Chicago, IL 60653-1104__

Telephone __773-855-5395__

DEPT REC'D __9/4/07__

---

### SUBSEQUENT TAXES ARE PAID BY THE TAX PURCHASER AND ARE SUBJECT TO ANNUAL INCREASE FROM THE DATE THEY ARE PAID

| INST. YEAR | DATE PAID | AMOUNT PAID | PENALTY % | PENALTY AMOUNT |
|---|---|---|---|---|
| 1 2003 | 07-29-2004 | 398.33 | 48 | 191.20 |
| 2 2003 | 12-21-2004 | 1,933.51 | 36 | 696.06 |
| 1 2004 | 04-08-2005 | 1,199.25 | 36 | 431.73 |
| 2 2004 | 12-09-2005 | 1,232.95 | 24 | 295.91 |
| 1 2005 | 04-10-2006 | 1,256.11 | 24 | 301.47 |
| 2 2005 | 10-17-2006 | 1,278.53 | 12 | 153.42 |

Total Subsequent Tax _____ 8,530.54

Total Subsequent Penalty _____ 2,217.61

### FEES ARE SUBJECT TO INCREASE AS PAID BY THE TAX PURCHASER.

| | |
|---|---|
| CLERK | 16.67 |
| TORRENS | |
| ADVER. | 170.00 |
| MAIL | 274.96 |
| SHERIFF | 535.40 |
| FILING | 454.00 |
| BUYER | 35.00 |
| OTHER | |
| COURT COSTS | |
| TOTAL FEES $ | 1,486.03 |

---

| | | |
|---|---|---|
| County Treasurer Funds | $ | 233.42 |
| County Clerk Fees | $ | 47.00 |
| Taxes Sold | $ | 668.32 |
| Prior Year(s) Sold 0000 TO 0000 | $ | 0.00 |
| AMOUNT OF SALE | $ | 948.74 |
| Penalty Periods _7_ x _0_ % = _0_ % | $ | 0.00 |
| Add interest of 1/2% per month when redemption period is extended from 12-03-2006 to 09-04-2007= 0.0 % | $ | 0.00 |

SUBSEQUENT TAXES

| | | |
|---|---|---|
| Total Subsequent Taxes | $ | 8,530.54 |
| Total Subsequent Penalty | $ | 2,217.61 |
| Clerk,Adver., Mail, Sheriff, Filing, Torrens & Court Costs Fees | $ | 1,486.03 |
| Redemption Fees | $ | 10.00 |
| Sub-Total | $ | 13,192.92 |
| Cost of Estimate | $ | 3.00 |
| GRAND TOTAL | $ | 13,195.92 |

**NOTE: THE GRAND TOTAL IS SUBJECT TO INCREASE.**

ESTIMATE CHECKED & AUDITED
DAVID ORR

SEP 0 4 2007

APPROVED:
COOK COUNTY CLERK

Sale penalties increase every 6 months from the date of sale. Additional penalty of _____ % amounting to $_____ added after _____

Includes additional 5% fee required per Public Act

---

**THE ILLINOIS PROPERTY TAX CODE REQUIRES PAYMENT BE MADE IN FULL WITH CURRENCY, CERTIFIED OR CASHIER'S CHECK, EXPRESS OR U.S. MONEY ORDERS. NO PARTIAL PAYMENTS. ALL CHECKS MADE PAYABLE TO DAVID D. ORR, COOK COUNTY CLERK.**

**IMPORTANT: PLEASE READ REVERSE SIDE**





CL30

1 OF 1

# Exhibit B



# Cook County Clerk's Office

Real Estate & Tax Services
118 N. Clark Street Room 434
Chicago, Illinois 60602
312- 603-5643

| | |
|---|---|
| Transaction #: | R308427 |
| Date: | 9/4/2007 5:34:44 PM |
| Cashier: | CB |
| Register #: | 2 |

## Deposit for Redemption-Annual Sale

Owner:   Betty J. Dumas
3620 S. Calumet Avenue
Chicago, Il 60653

PIN # 17-34-311-072-0000
Vol # 526
Sale Year: 2002
Certificate # 02-0016034
Date of Sale: 06/03/2004
Buyer: OPTIMUM FINANCIAL INC

(773) 855-5395

Reference:   Illinois Financial Funding Corp.
Comment:

| | | |
|---|---|---|
| County Treasurer Funds | | $233.42 |
| County Clerk Fees | | $47.00 |
| Taxes Sold | | $668.32 |
| Prior Year | Prior Year(s) Sold 0000 TO 0000 | $0.00 |
| Penalty Periods | 7 X 0%= 0% | $0.00 |
| Total Subsequent Taxes | 2003 1st Installment | $8,530.54 |
| | 2003 2nd Installment | |
| | 2004 1st Installment | |
| | 2004 2nd Installment | |
| | 2005 1st Installment | |
| | 2005 2nd Installment | |
| | 2006 1st Installment | |
| Total Subsequent Penalty | @ 12% per Annum | $2,217.61 |
| Miscellaneous Fees | | $1,486.03 |
| | Sub Total | $13,182.92 |
| Redemption Fees | | $10.00 |
| Cost of Estimate | | $3.00 |

**PAID**
ENTERED AND RECORDED

SEP 0 4 2007

**COUNTY CLERK
DAVID ORR**

| | |
|---|---|
| Total | $13,195.92 |
| Cash Tendered | $13,200.00 |
| Change Cash | $4.08 |

Green=Customer
Yellow=File
White=Original



# Exhibit C

STATE OF ILLINOIS
60602                              SS:

COUNTY OF COOK

## <u>NOTICE OF EXTENSION OF PERIOD OF REDEMPTION</u>

Volume Number:   526

Permanent Index Number:   17-34-311-072-0000

Year of Tax:   2002

Date of Sale:   June 3, 2004

Certificate of Sale Number:   02-0016034

Extended Expiration Date:   December 22, 2006

TO THE COUNTY CLERK OF COOK COUNTY, ILLINOIS 60602

Optimum Financial, LLC being first duly sworn, deposes and says that:

1.  Affiant is the attorney for the owner and holder of Certificate of Sale for the Tax
    Sale above mentioned covering the above-stated Volume and Permanent Index
    Number.

2.  Affiant further deposes and says that the owner and holder of Certificate of Sale
    does hereby extend the time of redemption to and including the date indicated above in
    accordance with the provisions of the Illinois Property Tax Code as amended.

                                 Optimum Financial, LLC
                                 This Notice was served upon the
                                 County Clerk of Cook County on
                                 May 11, 2006.

MAY 1 1 2006

PIN:17343110720000                              TSSNOE – Page 596 of 662

# Exhibit D

STATE OF
ILLINOIS                    } SS:

COUNTY OF COOK

2006C07 0004789

## NOTICE OF EXTENSION OF PERIOD OF REDEMPTION

Volume Number:    526

Permanent Index Number:    17-34-311-072-0000

Year of Tax:    2002

Date of Sale:    June 3, 2004

Certificate of Sale Number:    02-0016034

Extended Expiration Date:    March 30, 2007

TO THE COUNTY CLERK OF COOK COUNTY, ILLINOIS

Optimum Financial, LLC being first duly sworn, deposes and says that:

1. Affiant is the attorney for the owner and holder of Certificate of Sale for the Tax
   Sale above mentioned covering the above-stated Volume and Permanent Index
   Number.

2. Affiant further deposes and says that the owner and holder of Certificate of Sale
   does hereby extend the time of redemption to and including the date indicated above in
   accordance with the provisions of the Illinois Property Tax Code as amended.

Optimum Financial, LLC
This Notice was served upon the
County Clerk of Cook County on
November 13, 2006.

EXTENSION RECEIVED    NOV 1 3 2006
COUNTY CLERK OFFICE

PIN:17343110720000

TSSNOE - Page 217 of 295

# Exhibit E

STATE OF ILLINOIS

COUNTY OF COOK } SS:    2006COTD004789

## NOTICE OF EXTENSION OF PERIOD OF REDEMPTION

| | |
|---:|---|
| Volume Number: | 526 |
| Permanent Index Number: | 17-34-311-072-0000 |
| Year of Tax: | 2002 |
| Date of Sale: | June 3, 2004 |
| Certificate of Sale Number: | 02-0016034 |
| Extended Expiration Date: | May 9, 2007 |

TO THE COUNTY CLERK OF COOK COUNTY, ILLINOIS

Heather A. Ottenfeld being first duly sworn, deposes and says that:

1. Affiant is the attorney for the owner and holder of Certificate of Sale for the Tax Sale above mentioned covering the above-stated Volume and Permanent Index Number.

2. Affiant further deposes and says that the owner and holder of said Certificate of Sale does hereby extend the time of redemption to and including the date indicated above in accordance with the provisions of the Illinois Property Tax Code, as amended.

Heather A. Ottenfeld, Attorney
This Notice was served upon the County
Clerk of Cook County on
December 11, 2006.

EXTENSION RECEIVED    DEC 1 1 2006
COUNTY CLERK OFFICE

PIN:17343110720000

TSSNOE - Page 1 of 1

# Exhibit F

2C
5l23l07

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - COUNTY DIVISION

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE COUNTY COLLECTOR FOR JUDGMENT AND ORDER OF SALE AGAINST LANDS AND LOTS RETURNED DELINQUENT FOR NONPAYMENT OF GENERAL TAXES AND/OR SPECIAL ASSESSMENTS FOR THE YEAR 2002 AND PRIOR YEARS<br><br>PETITION OF: Sabre Group, L.L.C. | 2006COTD004789<br>CALENDAR/ROOM 8<br>TIME 00:00<br>Tax Deed<br>NO.:<br>CERTIFICATE NO.: 02-0016034<br>VOLUME NO.: 526 |

**PETITION FOR TAX DEED**

NOW COMES Sabre Group, L.L.C., Petitioner herein and, in Petition to this Honorable Court for Tax Deed, states as follows:

1. The following described real estate was sold on June 3, 2004, at the annual tax sale held on said date by the Cook County Treasurer of Cook County, Illinois; which sale of said property was held in accordance with the judgment of this court duly entered after due notice had been made in accordance with the Illinois Property Tax Code, as amended:

> LOT 15 (EXCEPT THE SOUTH 2 1/2 FEET THEREOF) IN OWNER'S SUBDIVISION OF PART OF THE EAST 1/2 OF THE NORTHEAST 1/4 OF THE SOUTHWEST 1/4 OF SECTION 34, TOWNSHIP 39 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS
>
> Permanent Index Number: 17-34-311-072-0000

2. That a Certificate of Purchase, No. 02-0016034 was duly issued or assigned to Sabre Group, L.L.C., your Petitioner, which is still the owner of said Certificate.

3. That a true and exact copy of the aforementioned Certificate of Purchase is attached hereto and made a part hereof as Exhibit "A".

4. That said real estate has not been redeemed from said tax sale and that the time for redemption will expire on May 9, 2007.

5. That all taxes and special assessments which became due and payable on said parcel(s) of real estate subsequent to the date of said sale and prior to and including the date of the filing of this petition will be redeemed. Prior to the entry of an order directing the County Clerk to issue a tax deed, all other taxes and special assessments falling due on said parcel(s) of real estate between the date of filing this Petition and the date of said order, if any, will be paid and all forfeitures and sale occurring in said interval, if any, will be redeemed.

6. That all notices required by law to be given will be given prior to the entry of an order directing the issuance of a tax deed to said parcel(s) of real estate to petitioner unless redemption is made within the time and in the manner provided by law.

7. That your Petitioner has complied with and will hereafter fully comply with all provisions of Statutes and of the Constitution of the State of Illinois relative hereto and will be entitled to the issuance of a Tax Deed if the real estate herein is not redeemed from the sale within the time allowed by law.

WHEREFORE, your Petitioner prays:

A. That this Honorable Court doth find:

    1. that due notice of said tax sale and of the time for redemption therefrom has been given to all parties entitled thereto as required by law;

    2. that due notice of the filing of this Petition has been given to all parties entitled thereto as required by law;

    3. that all general taxes and special assessments which became due and payable on the real estate herein subsequent to the date of sale herein have been paid or redeemed as required by law;

    4. that your Petitioner has fully complied with all applicable provisions of the Illinois Property Tax Code, as amended, and of all other applicable statutes of the State of Illinois and the Constitution of the State of Illinois, entitling Petitioner to a Tax Deed; and

    5. that no redemption has been made from the tax sale herein prior to the expiration of time of redemption.

B. That this Honorable Court enter an Order directing the County Clerk of Cook County to issue a Tax Deed to your Petitioner.

Certificate No.: 02-0016034

TSSPFTD - Page 2 of 3

C.  That this Honorable Court enter an Order as may be necessary to place and maintain Petitioner, as grantee, in possession of said real estate.

D.  That this Honorable Court grant such other and further and different relief in the premises as the nature of this case may require.

Sabre Group, L.L.C., Petitioner

By:_____

One of its Attorneys

Heather A. Ottenfeld, # 39731
Attorney for Petitioner
120 West Madison Street, Suite 918
Chicago, Illinois  60602
(312) 251-1333

Certificate No.: 02-0016034

TSSPFTD - Page 3 of 3

CERTIFICATE OF PURCHASE

STATE OF ILLINOIS )
                  ) ss
COUNTY OF COOK    )

CERTIFICATE NUMBER 02-0016034

--CERTIFICATE OF PURCHASE--

FOR GENERAL TAXES AND SPECIAL ASSESSMENTS, A.D. 2002, ETC.

I, DAVID D. ORR, County Clerk in and for the County and State aforesaid DO HEREBY CERTIFY THAT **OPTIMUM FINANCIAL INC** did, on the day hereinafter set forth, purchase at Public Auction, at the Court House in CHICAGO, the property designated by PERMANENT REAL ESTATE NUMBER 1 7 - 3 4 - 3 1 1 - 0 7 2 - 0 0 0 0, situated in said County for the taxes, interest and costs due and unpaid thereon for the tax year 2002 and prior and paid as purchase money on said property the total amount of taxes, interest and costs thereon as stated herein.

VOLUME  5 2 6        PERMANENT INDEX NUMBER    1 7 - 3 4 - 3 1 1 - 0 7 2 - 0 0 0 0

| TAXES | Date of Sale | Rate of Percent Sold | | | Total Amt. of TAXES and Interest | Date Paid |
|---|---|---|---|---|---|---|
| | 06/03/04 | 0.00 | Tax | 564.04 | | 06/03/04 |
| GENERAL 2002 | | | Interest | 104.28 | | |
| | | | | | **568.32** | |
| BACK TAX YRS - | | | Tax | | | |
| | | | Interest | | | |
| SPECIAL ASSESSMENT 2003 | | | Tax | | | |
| | | | Interest | | | |
| STATUTORY TREASURER FEES | | | | | **233.42** | |
| STATUTORY CLERK FEES | | | | | **47.00** | |
| PRIOR YEARS' SPECIAL & GENERAL TAXES | | | | | | |
| 20 | | | | | | |
| 20 | | | | | | |
| 20 | | | | | | |
| 20 | | | | | | |

TOTAL                                                                948.74

Received this  22  day of  JUNE  , 2004 , the sum of $  948.74  the amount of the purchase money on the above property.

If the aforesaid property is not redeemed in the manner and within the time provided by law, the above-named purchaser, his heirs or assigns, will, upon application and compliance with the provisions of law pertaining thereto, be entitled to receive a deed of conveyance for said real estate herein described by said permanent index number; provided that unless the holder of this certificate shall take out said deed, as entitled by law, and file same for record within one year from and after expiration of the time of redemption, the said certificate or deed, and the sale upon which it is based, shall from and after the expiration of one year, be absolutely null.

WITNESS my hand and the official seal at CHICAGO in said County this  22  day of  JUNE  , A.D., 2004 .

Assessee:

Countersigned:

*Gloria Pappas*
County Treasurer and Ex-Officio Collector
of Cook County

*David D. Orr*
County Clerk of Cook County

THIS DOCUMENT HAS A COLORED BACKGROUND. IT MEASURES VOID THIS CERTIFICATE.

STATE OF ILLINOIS )
                  ) ss
COUNTY OF COOK    )

      In consideration of the sum of     TEN       DOLLARS, I do hereby sell, assign, transfer and set over to     SABRE GROUP, LLC   , his heirs, executors, administrators and assigns, the within CERTIFICATE OF PURCHASE, and all my right, title and interest in or to the real estate therein described, to have and to hold the same to himself, his heirs, executors, administrators and assigns, to his and their sole use, benefit and behoof forever.

          Given under my hand and seal this   7th   day of  July   A.D. 20 04

Optimum Financial, Inc.

By: _____
    Jason Baumbach

# Exhibit G

1

1         IN THE UNITED STATES BANKRUPTCY COURT
        FOR THE NORTHERN DISTRICT OF ILLINOIS
2               EASTERN DIVISION

3

4  In re:                  )
                       ) No. 07 B 11984
5  BETTY DUMAS,          )
                       ) Chicago, Illinois
6                      ) August 21, 2007
               Debtor.   ) 10:30 a.m.
7

8      TRANSCRIPT OF PROCEEDINGS BEFORE THE
        HONORABLE JACK B. SCHMETTERER
9

10  APPEARANCES:

11  MS. BETTY DUMAS
    Pro se;
12

MR. JEROME CASIMIR
13  Also Present;

14  MR. HAROLD MOSKOWITZ
    on behalf of Sabre Group;
15

MS. KATIE GLEASON
16  on behalf of U.S. Trustee.

17

18

19

20

21

22

23

24

25

16

1          THE COURT:  What's not up until September
2   3rd?
3          MS. DUMAS:  My --
4          MR. CASIMIR:  Redemption date.
5          MS. DUMAS:  My redemption date is not up
6   until September 3rd.
7          MR. CASIMIR:  At the county clerk.
8          THE COURT:  You mean the state court
9   mortgage foreclosure redemption?
10          MR. CASIMIR:  Yes.
11          MS. DUMAS:  Yes.
12          MR. CASIMIR:  That's what I meant to say.
13   So we still have plenty of time.
14          THE COURT:  Until when?
15          MR. CASIMIR:  September 3rd, 2007.
16          THE COURT:  All right, I'm going to have to
17   ask you each to sit down until I talk to you one at
18   a time, unless you talk to me one at a time.
19          MS. DUMAS:  I'm sorry.
20          MR. CASIMIR:  We understand.
21          THE COURT:  You're welcome to stand there,
22   both of you, but I need to talk to you one at a
23   time, please.
24          Apparently, you're trying to borrow
25   money.  Do they know -- now, who owns this property?

17

1          MR. CASIMIR:  I gave it to my wife for
2    Valentine's Day.
3          THE COURT:  You gave it to her for what?
4          MR. CASIMIR:  For Valentine's Day about
5    twelve years ago.
6          THE COURT:  And you no longer own it?
7          MR. CASIMIR:  No, I just -- she's the
8    owner.  I gave it to her for Valentine's Day.
9          THE COURT:  Okay.  And there's a mortgage
10   foreclosure pending now?
11         MR. MOSKOWITZ:  No, there was a tax sale.
12         THE COURT:  A tax sale?
13         MR. MOSKOWITZ:  There was a tax sale and
14   then the redemption period has come and gone.
15         MR. CASIMIR:  The redemption period expires
16   September 3rd.
17         MS. DUMAS:  I got the papers, Your Honor.
18         MR. MOSKOWITZ:  It doesn't expire September
19   the 3rd because it expired last May.  And what they
20   did is they tried to -- they filed their first
21   bankruptcy to stop it.  They were thrown out because
22   of the lack of credit report.  The 60-day period
23   didn't go into effect.  Instead, it was over two
24   days, the redemption period I think was over two
25   days before the filing.

26

1    certificate.

2           MR. CASIMIR:  Okay.

3           THE COURT:  Forget credit counseling.

4    We're done with that.

5                Let me hand this back to you, ma'am.

6    Take these papers back relating to medical history.

7    Take these papers back relating to medical history,

8    please.

9                Now, why do you think, ma'am, why do

10   think you can do something to help yourself in

11   Chapter 13?

12          MS. DUMAS:  Because I got, Your Honor, I

13   put in for a loan.  And I got plenty of neighbors

14   that's going to help me.  They say that I got to pay

15   this right away, so I'm planning on paying the taxes

16   as soon as possible before September 3rd.  And I got

17   some numbers you can call.

18          THE COURT:  You mean from the loan?

19          MS. DUMAS:  Huh?

20          THE COURT:  From the loan?

21          MS. DUMAS:  Yeah, from the loan.  And I got

22   quite a few neighbors that are going to help me.

23          THE COURT:  You have mortgage today, don't

24   you?  You have a mortgage today?  You have a

25   mortgage, don't you?

27

1          MR. CASIMIR:  No.

2          THE COURT:  Did you ever hear of Sabre

3    Group?  They want to take -- they want to foreclose

4    on your home.  Have you heard of them?  Do you know

5    who they are?

6          MR. CASIMIR:  Yes, they -- we were behind

7    on taxes.  There was a tax sale.

8          THE COURT:  They were a purchaser at the

9    tax sale?

10          MR. CASIMIR:  Yes.  And the redemption date

11    is --

12          THE COURT:  They have no mortgage?

13          MR. CASIMIR:  No mortgage, no.  The

14    redemption date is pending for September 3rd, and we

15    plan on paying prior to that date.

16          THE COURT:  Do you have some papers that

17    show me that the redemption is September 3rd?

18          MR. CASIMIR:  I sure do, Your Honor.

19          THE COURT:  May I see it?

20          MR. CASIMIR:  And that's what I was looking

21    for when you asked for my attention.

22          THE COURT:  Sir, you've been looking for a

23    half an hour.  So I guess you don't have them if you

24    can't find them.

25          MR. CASIMIR:  I do have them.

28

1          MS. DUMAS:  We have them.

2          MR. CASIMIR:  We have them.  I'm pretty

3    sure that counsel has a copy somewhere.  I'm sorry

4    our documents got mixed up due to the fire.

5          THE COURT:  Now, what burned up, sir, in

6    the fire?  Did the building burn up?

7          MR. CASIMIR:  No, just portions of the

8    building. We still have the first floor and basement

9    apartment.  But the second floor and third floor

10   needs to be re-done.

11         THE COURT:  Counsel, do you have anything

12   on the records of when the date for redemption

13   expires?

14         MR. CASIMIR:  Here it is, Your Honor.

15         THE COURT:  May I have it?  Show it to the

16   attorney, please.

17         MR. CASIMIR:  That's not it.  I'm sorry.

18         MR. MOSKOWITZ:  Your Honor, this is a

19   petition for tax deed, which was filed in the

20   Circuit Court of Cook County, which indicates in the

21   matter of Cook County Collector regarding the year

22   of 2002, which is the petition of my client, Sabre

23   Group.  This was attached to a petition for removal

24   filed by the debtor in a previous case.  It shows

25   that the date of redemption previous was May 9th of

29

1    this year.

2            MS. DUMAS:  Here you go.

3            THE COURT:  Show it to counsel, please.

4            MS. DUMAS:  Can I speak, Your Honor?

5            THE COURT:  One thing at a time.

6                    Can I see it, please?  This looks like

7    an estimate of cost redemption.

8            MR. CASIMIR:  Yes.  The September date

9    should be there on the top to your right, Your

10   Honor.  And after that time --

11           THE COURT:  Just a moment, please.  Would

12   you -- I'm going to find it.  Redemption date

13   extended to September 3rd.

14           MR. CASIMIR:  Correct.

15           THE COURT:  By affidavit of purchaser,

16   whatever that means.  That's you.

17           MR. MOSKOWITZ:  I think it was my client.

18   The only thing it could have been because of the

19   filing of the bankruptcy.  It's a 90 -- 60-day

20   extension under 108 didn't apply because the

21   original first bankruptcy was dismissed.  And there

22   was no plan.  There was no plan confirmed.  So that

23   original 60-day period came and went and didn't

24   apply.  So the original redemption period of May 9th

25   still applies.  So when they filed in July, it was

# Exhibit H

## PARTENERSHIP AGREEMENT

The undersigned parties in exchange of mutual and valuable consideration and in an attempt to salvage the property commonly known as 3620 s. calumet Chicago il 60653_ from being lost for taxes hereby agree as follows:

1.    Illinois Financial Funding will redeem the delinquent taxes owed on the property commonly known as 3620 s. calumet Chicago il 60653.

2.    Betty Dumas will be given 60 days to repay Illinois Financial Funding $40,000. (A mortgage will be executed securing this amount.)

3.    In the event Betty Dumas fails to make payment as provided above, she will transfer the property in fee to Illinois Financial Funding.

4.    Illinois Financial Funding will pay Betty Dumas $65,000 less the amount required to reinstate the delinquent real estate taxes.

5.    It is expressly agreed that Betty Dumas will take the steps necessary to have the legal capacity to convey the property in the event she can not repay the debt. These steps include but are not limited to the dismissal of her pending bankruptcy case.

6.    It is also expressly agreed that Betty Dumas will make all reasonable efforts to cooperate in the sale of the transfer of the property should she fail to repay Illinois Financial Funding timely.

Dated: September 4, 2007

_____

Betty Dumas

OFFICIAL SEAL
JAMES A. TUCKER
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 8-29-2010

_____

Eugene Khaan

Exhibit I

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| BETTY J. DUMAS | ) | Bankruptcy No. 07 B 11984 |
| Debtor. | ) | |
| ————————————————— | ) | |
| BETTY J. DUMAS | ) | |
| Plaintiff, | ) | |
| v. | ) | Adversary No. 07 A 00380 |
| | ) | |
| SABRE GROUP | ) | |
| Defendant. | ) | |
| ————————————————— | ) | |
| BETTY J. DUMAS | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Adversary No. 07 A 00620 |
| | ) | |
| SABRE GROUP, LLC | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION ON MOTION
## OF SABRE GROUP LLC TO MODIFY STAY
## AND REMAND REMOVED TAX PROCEEDING

The law can sometimes be a cruel trap for the unwary. So it was here.

Pending in this Chapter 7 bankruptcy is the Motion of assignee of a tax purchaser ("tax purchaser") to modify the bankruptcy stay so it can obtain a tax deed. Also pending is Debtor's related removal of the state court tax proceeding and motion of tax purchaser to remand it. For reasons stated below, the Motion to Modify Stay will be allowed and the tax proceeding will be remanded.

## INTRODUCTION

Debtor obtained, evidently through inheritance, ownership of a piece of Illinois real estate improved with a single-family home in which she and her husband live and work at their small business. Debtor derived a portion of her income from renting a room in the home. The property was free and clear of any mortgage when Debtor obtained it, but Debtor fell on hard economic times. She lost the rental income due to a fire that damaged part of the property. She was awarded approximately $75,000 in a civil lawsuit in the Northern District of Illinois for discrimination in lending, but the defendant declared bankruptcy before Debtor recovered any money. She eventually fell behind on her real estate taxes and the property was sold for 2002 real estate taxes to Optimum Financial Inc., which then assigned the Certificate of Tax Sale to the movant, Sabre Group LLC ("Sabre"). Those taxes were purchased for about $900.

On May 7, 2007, Debtor filed her first bankruptcy case, which under 11 U.S.C. § 108(b) had the effect of extending her time to redeem from the tax sale for sixty days after the bankruptcy was filed. The pendency of that first bankruptcy case might well have given her time to redeem and save her home if it had continued. Unfortunately, the bankruptcy case was dismissed because she had not obtained a Certificate of Debtor Education specifically required by bankruptcy law before a debtor can file bankruptcy unless the debtor qualifies for an exemption. Debtor was *pro se* and did not know about the exemption. The bankruptcy judge in that first case had no choice when the U.S. Trustee, pursuant to his duty, moved for dismissal, and the first bankruptcy case was dismissed. Sabre argues that the dismissal ended the redemption extension under § 108(b).

On July 5, 2007, Debtor filed her second bankruptcy case, again without the requisite Certificate. The U.S. Trustee again moved to dismiss. But this time Debtor's husband had read up on the law, and helped her to assert an exemption to the requirement of a Certificate. After an evidentiary hearing, her exemption was allowed because of her dyslexic condition and the U.S. Trustee's motion was denied. No appeal was sought from that ruling. Debtor's case relies on the argument that the second filing triggered another sixty-day extension to redeem from the tax sale under §108(b). This argument assumes that her time to redeem had not already expired in the gap between dismissal of the first bankruptcy and filing of the second.

Debtor has since paid the full redemption amount to the Cook County Clerk, but Sabre does not want to collect it. Sabre wants to obtain good title to the residence free and clear of any mortgage in return for whatever it paid to Optimum for the tax purchase Certificate originally acquired for $900.

It is not the job of a judge to have a view of justice different from whatever the law requires. But when a home might be taken from a mentally challenged *pro se* debtor, because she lacked ability and knowledge to jump through required legal hoops, the judge should be very careful to at least make sure, if the law might require that result, that the case is in the appropriate court with complete authority to decide the issue.

A counsel volunteered under our *pro bono* system to represent Debtor on the issues presented here, so good arguments were made in an effort to help her. The Court is grateful for the worthy and thoughtful effort by Attorney Matthew M. Wawrzyn of the law firm Kirkland & Ellis LLP for contributing those services.

- 3 -

## FINDINGS OF FACT

The following Findings of Fact are made from undisputed parts of the record and evidence taken.

1.    On June 3, 2004, the property taxes for 3620 South Calumet Avenue, Chicago, Illinois were sold at the Cook County Treasurer's tax sale for $900.

2.    The statutory two-year redemption period expired on June 5, 2006 (June 3 fell on a Saturday). 35 ILCS 200/21-350.

3.    On December 11, 2006, Sabre filed its Petition for Tax Deed, which extended the period of redemption until May 9, 2007. (Pet. for Tax Deed ¶ 4.)

4.    On May 7, 2007, Debtor filed her first Chapter 7 bankruptcy petition. In re Betty J. Dumas, 07-B-08311 (Schwartz, J.). The period for redemption was extended until July 9, by virtue of 11 U.S.C. § 108(b)(2) (July 7 fell on a Saturday). In addition, Debtor filed a Notice of Removal of the tax deed proceeding to the bankruptcy court, Adversary proceeding No. 07-A-00380.

5.    On June 5, 2007, Judge Schwartz dismissed Debtor's first bankruptcy case for failure to obtain credit counseling. (Debtor did not assert any exemption to the requirement of credit counseling.)

6.    On July 5, 2007, Debtor filed her second Chapter 7 bankruptcy petition. In re Betty J. Dumas, 07-B-11984 (Schmetterer, J.). In addition, Debtor filed a second Notice of Removal of the tax deed proceeding to the bankruptcy court, Adversary proceeding No. 07-A-00620.

- 4 -

7.      The U.S. Trustee moved to dismiss Debtor's second Chapter 7 bankruptcy for failure of Debtor to obtain credit counseling.  However, following hearing and by reason of evidence showing that Debtor's dyslexic condition entitled her to be exempt from credit counseling, without objection of the U.S. Trustee, her filing of credit counseling certificate was excused.  11 U.S.C. § 109(h)(4).

8.      An employee at the County Clerk of Cook County informed Dumas as early as August 21, 2007, that she could redeem up until September 3, 2007. (Transcript of Proceedings, August 21, 2007.)

9.      On September 4, 2007, Debtor obtained an Estimate of Redemption from the Cook County Clerk showing that the redemption date was "extended to September 4, 2007 by Affidavit of Purchaser."  On the same day, Debtor paid the full redemption amount certified by the Clerk to be due ($13,195.92) to the Cook County Clerk.

10.     Additional statements of facts in the Conclusions of Law will stand as additional Findings of Fact.

## CONCLUSIONS OF LAW

Debtor has claimed that her property is worth $170,000.  In most Chapter 7 bankruptcy cases where a valuable asset might be available to pay creditors, the Chapter 7 Trustee would be involved in a struggle for the asset.  But here there are no creditors scheduled except Sabre, and the Chapter 7 Trustee has not sought to administer this asset.  The Debtor's title still held by her can be viewed as property of her bankruptcy estate, but the Trustee has no interest in administering the property.  If stay modification were denied to enable sale of Debtor's interest before she lost title in the tax proceeding, that would accomplish nothing.  Any sale would be

- 5 -

subject to Sabre's claim of right to obtain a tax deed, a claim that must be decided. The property is likely not marketable so long as Sabre's claim for tax deed remains. For reasons set forth below, the stay should be modified and the tax proceeding remanded to a state court judge to decide the tax deed issue.

The substantive issues under Illinois law are governed by the Illinois Property Tax Code. 35 ILCS 200/1-1 *et seq.* Under Illinois law, taxes on real property constitute a lien. 35 ILCS 200/21-75. If the taxes are not paid, the county collector may sell the taxes to the highest bidder at a tax sale. 35 ILCS 200/21-190;  See A.P. Properties, Inc. v. Goshinsky, 714 N.E.2d 519, 522 (Ill. 1999) (delineating the tax purchase process). After the taxes are sold the county's lien is extinguished and the tax buyer is given a tax certificate which entitles him or her to payment of the purchase price of the taxes plus an interest penalty. In re Milne, 185 B.R. 280, 281 n.2 (N.D. Ill. 1995). If the property owner does not redeem the taxes within the statutorily allowed period, the owner's interest in the property will be extinguished and the tax purchaser may obtain a tax deed on the property. 35 ILCS 200/22-40; In re Davenport, 268 B.R. 159, 165 (Bank. N.D. Ill. 2001). See also In re Winters, No. 93-7381, 1995 WL 453053, at *4 (N.D. Ill. July 28, 1995); In re Halas, 194 B.R. 605, 609 (Bankr. N.D. Ill. 1996) (Schmetterer, J.); In re Wells Props., Inc., 102 B.R. 685, 689-90 (Bankr. N.D. Ill. 1989) (Wedoff, J.) for discussion of the statutory scheme.

Following a tax sale, the effect of the owner filing bankruptcy is clear: "[W]hen a petition in bankruptcy is filed before the expiration of the applicable state redemption period, § 108(b) extends the redemption period for 60 days from the commencement of bankruptcy proceedings." Goldberg v. Tynan (In re Tynan), 773 F.2d 177, 179 (7th Cir. 1985). Furthermore, 11 U.S.C. § 362 does not toll the running of the redemption period under state law,

id. at 179-80; but requires the tax purchaser to seek to modify the automatic stay before petitioning for a tax deed.

After filing her first bankruptcy case, Debtor had sixty days to redeem from the tax sale provided she kept her first bankruptcy alive. She did not redeem before her first bankruptcy was dismissed. When Debtor's first bankruptcy was dismissed on June 5, she was returned to the legal position she occupied immediately before the commencement of her case. 11 U.S.C. § 349(b)(3). The second bankruptcy was filed after the redemption period expired. Thus, Debtor's argument that her second bankruptcy petition entitled her to another sixty-day extension under 11 U.S.C. § 108(b) is without merit. It has been held that "after the redemption period has expired, there is nothing that the debtor can do to prevent the purchaser from obtaining a deed to the property." In re Winters, 1995 WL 453053, at *5. Thus, courts usually have no discretion to depart from specific legislative requirements relating to redemption from tax sales. Dupuy v. Morse, 85 N.E.2d 187, 190 (Ill. App. Ct. 1949).

However, Illinois courts will exercise equitable discretion to relieve an owner from a deficient redemption based on the county clerk transmitting mistaken information about the amount necessary in order to redeem. Gage v. Scales, 100 Ill. 218 (Ill. 1881); see also In re Wells Props., Inc., 102 B.R. at 697. This is based on "the general, and often-expressed policy of Illinois law that 'redemption, although a statutory privilege and to be exercised in substantial compliance with the statute, is nevertheless looked upon with favor and unless injury is to result to the purchaser at the sale a liberal construction will be given redemption laws.'" Id. at 696-97 (citations omitted).

- 7 -

In this case, the Cook County Clerk allowed Debtor to redeem on September 4, perhaps with the understanding that another 60-day extension under 11 U.S.C. § 108(b) began to run with the filing of the second bankruptcy case. Sabre argues that the Clerk's mistake occurred after the period for redemption had already expired and, therefore, Debtor could not reasonably rely on it in tendering payment outside the redemption period. In In re Wells Props., Inc., an insufficient redemption amount was tendered on April 28, and the redemption period ended on May 1. Id. 102 B.R. at 688. There the court reasoned that the debtor would have tendered the correct amount by May 1, but for the clerk's error regarding the proper amount for redemption. In this case, Sabre argues that Debtor cannot argue that she would have timely redeemed but for the Cook County Clerk's error in issuing an Estimate of Redemption on September 4, 2007, because the statutory redemption period had already expired on June 7. Debtor argues that she was entitled to rely on the Clerk's issuing a certificate of redemption in September.

Sabre has also argued that the property never became property of the estate in the second bankruptcy case, because Debtor was divested of her legal and equitable interest when the redemption period expired, In re Halas, 194 B.R. at 612 (citing In re Lucille Jackson, 173 B.R. 637, 641 (Bankr. N.D. Ill. 1994) (citations omitted)), and, therefore, the automatic stay does not even apply.

In In re Wells Props., Inc., 102 B.R. at 691-92, Judge Wedoff analyzed whether the federal courts should abstain from deciding the adequacy of a redemption under state law. He reasoned that whether something was property of the estate and the validity of a lien against that property are core proceeding in bankruptcy and, therefore, not subject to mandatory abstention under 28 U.S.C. § 1334(c)(2). Permissive abstention is governed by 28 U.S.C. § 1334(c)(1),

- 8 -

which provides for abstention "in the interest of justice, or in the interest of comity with State courts or respect for State law." According to that opinion, "Courts have abstained pursuant to this provision in proceedings that raised novel or unsettled issues of state law, without raising significant issues of bankruptcy law. On the other hand, where there are significant bankruptcy law issues or where the state law involved is settled, courts have declined to abstain under Section 1334(c)(1)." In re Wells Props., Inc., 102 B.R. at 692.

Some Illinois courts have ruled that the redemption rights of a mortgagor are not lost if he makes a timely tender, notwithstanding that it is in an inadequate amount, where such inadequacy results from the mistake of a public officer who wrongfully informed the mortgagor as to the amount due. In re Application of County Treasurer, 171 Ill.App.3d 644, 121 Ill.Dec. 545, 525 N.E.2d 852, 854-55 (Ill. App. Ct. 1987). In addition, there is precedent to the effect that the official can waive the statutory conditions regarding the form of tender (i.e., personal check versus cash or certified funds) without affecting the owner's rights to tender in the correct form outside the redemption period. In re Application of Williamson County Collector, 470 N.E.2d 1193, 1194-95 (Ill. App. Ct. 1984). The Property Tax Code has been amended to require the person attempting to redeem to rely reasonably on the county clerk's error. 35 ILCS 200/22-45; In re County Collector, 742 N.E.2d 839, 842-43 (Ill. App. Ct. 2000).

In seeking equitable relief, this Debtor claims to be entitled to rely on the fact that the Cook County Clerk issued a certificate of redemption after expiration of the redemption period. This set of facts is not governed by settled Illinois law. Therefore, the removed Adversaries should be remanded so that the Illinois courts may decide the issue. Because the property cannot be sold and the Chapter 7 Trustee does not pursue any interest, and also because there are no

- 9 -

creditors other than Sabre, cause is shown for the automatic stay to be lifted and the tax proceedings remanded so that adequacy of the attempted redemption can be decided in state court. Moreover, Debtor' attorney has reported that on January 14, 2008, an Illinois court ordered Dumas to vacate her home based on alleged safety concerns and that the home is now in hands of a receiver. That is further cause to modify the stay was so Sabre can obtain a ruling on its claim for tax deed.

Under Illinois law, "a court may properly exercise its equitable powers and allow redemption even after the statutory period has expired in cases where redemption may have been precluded due to fraud or mistake on the part of the purchaser or public official." Phoenix Bond & Indemnity Co. v. FDIC (In re Rosewell), 498 N.E.2d 790, 794 (Ill. App. Ct. 1986). In Rosewell, the statutory redemption date was November 14, 1983. Id. at 792. In October 1983, however, the party with the right to redeem received notices stating both the correct redemption date and an incorrect redemption date, which the deputy county clerk mistakenly stated was February 15, 1984. The redeeming party relied on the incorrect notice, and redeemed by February 15, 1984. The trial court denied the tax purchaser's petition for tax deed, and the appellate court affirmed, holding in pertinent parts as follows:

> If [the redeeming party] is permitted to redeem the property, the county will not lose any tax revenue to which it is entitled since the taxes have already been paid. It has long been settled that Illinois law favors redemption and unless injury results to the purchaser at the sale, a liberal construction will be given to the redemption laws. And, the mere failure of a tax certificate holder to get a deed does not injure him, since the purchaser recovers the amount paid from the county. Moreover, the right of a purchaser to get a deed is subservient to the right of the owner or interested party in the property to redeem.

Id. at 794 (citations omitted).

- 10 -

As in In re Rosewell, a state court judge in the tax deed proceeding will hold plenary jurisdiction and may be able to exercise broad equitable powers so as to allow Dumas's September 4, 2007, redemption even if such redemption occurred after the statutory redemption date. Dumas was informed by an employee of the Cook County Clerk that she had until September 3, 2007 to redeem. She relied on that information, and redeemed on September 4, 2007, as September 3, 2007 was Labor Day and the Clerk's office was closed. Assuming the County Clerk supplied misinformation, under In re Rosewell such misinformation from a public official need not be the basis on which Dumas loses her home, especially when there would be no prejudice to the County, which received payment for the taxes at the auction, or to Sabre, which could receive the redemption amount from the County Clerk.

However, while a bankruptcy judge may exercise equitable powers under 11 U.S.C. § 105 to carry out purposes within core or related bankruptcy jurisdiction, that judge lacks the full general equitable powers of a state court judge. Specifically, a bankruptcy judge cannot use equitable tools available under § 105 to overrule explicit statutory language of another code section, such as the sixty-day extension in 11 U.S.C. § 108(b), or to alter property rights outside of nonbankruptcy law. In re Ludlow Hosp. Soc., Inc., 124 F.3d 22, 27 (1st Cir. (Mass.) 1997). Therefore, while some equitable remedies are available here, this is not a court with full equity powers of the state judge.

Dumas stresses that In re Rosewell is simply one of her theories on which this Court could find her redemption timely. In addition, In re Bates, 270 B.R. 455, 467 (Bankr. N.D. Ill. 2001), held that, "As long as the redemption period has not expired prior to the bankruptcy filing, there is a claim that can be treated during the bankruptcy case – through sale of the

- 11 -

collateral in Chapter 7 or plan treatment in Chapter 13 – even though the redemption period expires during the pendency of the case." However, no sale is possible here, and Debtor's motion to convert to Chapter 13 was withdrawn.

Dumas's first bankruptcy case extended the redemption period to July 7, 2007, by operation of 11 U.S.C. § 108(b). Dumas argues that her second bankruptcy case further extended the redemption period to September 3, 2007, and therefore she could redeem on September 4, 2007, before the redemption period expired in the second case. Dumas also relies on In re Kasco, No. 06 B 16620 (Bankr. N.D. Ill. Nov. 8, 2007) (Hollis, J.) In Kasco, Judge Hollis followed, among other precedents, Bates and held that property owners could make a redemption payment through their chapter 13 plan because they filed a bankruptcy petition before the redemption expired. Therefore, under Bates, Dumas argues that she could redeem at any time during the second bankruptcy case because she filed each bankruptcy petition within the redemption period.

Both of these arguments assume that the extension from Debtor's first bankruptcy case stayed alive under § 108(b) even after her case was dismissed, and that she can benefit from another extension upon the filing of her second case. However, dismissal of a bankruptcy case ends all rights, protections, and duties that filing of the case brought into existence unless the statute specifically preserves them after dismissal. 11 U.S.C. § 349(b)(3). No statute preserved the extension after dismissal of Debtor's first case, so Debtor's argument under bankruptcy law must be rejected. Moreover, as noted Debtor did not (and probably could not) pursue conversion to Chapter 13, and the property is not presently marketable because of the cloud on title from the tax sale.

- 12 -

## CONCLUSION

Debtor's state law redemption period expired on June 7, 2007, two days after dismissal of her first bankruptcy case. She was not entitled to a second sixty-day extension under 11 U.S.C. § 108(b) at the time when she filed her second bankruptcy. Under Illinois law, however, courts are able, under limited circumstances, to exercise their equitable discretion in applying the Illinois Property Tax Code based on mistakes by the collecting clerk. There is no case law found holding that one of those mistakes that can be recognized is the issuing of a certificate of redemption after expiration of the statutory redemption period. This is an unsettled area of state law, and this Court should abstain under 28 U.S.C. § 1334(c)(1) from deciding the issue.

The automatic stay will be modified so that Sabre can proceed with its Petition for Tax Deed which will be remanded. Debtor can raise her redemption defense in that proceeding, and the state judge can exercise full equitable authority to resolve the issue under state law.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Entered this 7th day of March 2008.

ENTERED

MAR - 7 2008

JACK B. SCHMETTERER BANKRUPTCY JUDGE
UNITED STATES BANKRUPTCY COURT

- 13 -

## CERTIFICATE OF SERVICE

I, Dorothy Clay certify that on March ___7___, 2008, I caused to be mailed by United States

first class mail copies of the MEMORANDUM OPINION to the following:

Matthew M. Wawrzyn, Esq.
David A. Agay, Esq.
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
Counsel for Debtor

Betty J Dumas
3620 South Calumet Av
Chicago, IL 60653
Debtor

Harold L Moskowitz, Esq.
Law Offices of Harold Moskowitz
55 West Monroe Street
Suite 1100
Chicago, IL 60603
Counsel for Sabre Group, LLC

Gregg Szilagyi, Esq.
Tailwind Services LLC
One South Wacker Drive
Suite 800
Chicago, IL 60606
Chapter 7 Trustee

Richard N. Golding, Esq.
Law offices of Richard N. Golding PC
The Boyce Building
500 North Dearborn Street
Second Floor
Chicago, IL 60610
Counsel for Illinois Financial Funding

_Dorothy Clay_
Secretary/Deputy Clerk