# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| BETTY J. DUMAS, | ) | |
| | ) | |
| Appellant, | ) | No. 08 C 2424 |
| | ) | |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| SABRE GROUP, L.L.C., | ) | |
| | ) | |
| Appellee, | ) | |
| | ) | |
| IN RE: | ) | |
| | ) | |
| BETTY J. DUMAS, | ) | |
| | ) | |
| Debtor. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Appellee Sabre Group's Motion to Dismiss this appeal. For the reasons stated below, the motion to dismiss [18] is granted, and the appeal is dismissed as moot.

**I.      Background**

Betty Dumas appeals an order [1-5] issued by Judge Schmetterer on March 7, 2008, that modified the automatic stay (in place pursuant to 11 U.S.C. § 362) and remanded the previously removed tax proceedings to Illinois state court for further consideration. Judge Schmetterer reasoned that, pursuant to 28 U.S.C. § 1334(c)(1), it was appropriate to abstain from deciding the issue presented because Illinois state law was unsettled as to whether an equitable exception would be recognized that might support Ms. Dumas' contention that her redemption was adequate, given that the Cook County Clerk's Office accepted her payment even though the redemption period technically had expired two months earlier under the applicable Illinois law.

Judge Schmetterer determined that the Illinois state court was the appropriate forum for such a determination, and thus modified the stay and remanded the state tax proceedings.

In her appeal before this Court, Ms. Dumas contends that the bankruptcy court erred in modifying the automatic stay and granting relief to Sabre Group and that this Court should remand the matter for consideration by the bankruptcy court of her defense that her redemption was in fact proper under Illinois state law. Through counsel, Ms. Dumas filed her opening brief and the requisite appendix with the Court on May 14, 2008. See [6, 7]. However, Ms. Dumas subsequently requested that counsel withdraw and has elected to proceed *pro se*.

While this matter has been on appeal, Sabre Group filed a motion to dismiss, contending that Ms. Dumas's appeal in this court is moot because the underlying bankruptcy case has been dismissed. Sabre Mot. [18] at 2, ¶ 3. In response, Ms. Dumas does not dispute that the underlying bankruptcy case has been dismissed, nor does she present any argument that consideration of her appeal by this Court is appropriate. See [22, 29].

**II.    Analysis**

According to Sabre Group, and as confirmed on the bankruptcy court docket sheet, the bankruptcy court, on its own motion, dismissed the underlying proceedings on August 26, 2008, because Ms. Dumas had failed to pay the filing fee in full.[1] See 07 B 11984, Docket Entry No. 115; Order, dated August 26, 2008. As of the date of this opinion, the docket sheet in the bankruptcy court does not reflect an appeal by Ms. Dumas of Judge Schmetterer's order dismissing Ms. Dumas' bankruptcy petition for failure to paying the filing fee in full.

---

[1] Although Sabre Group principally relies on the bankruptcy's court August 26, 2008 order dismissing those proceedings for failure to pay the requisite filing fee, this Court could not locate the order in the record before it on appeal. However, the Court has reviewed the bankruptcy court docket and takes judicial notice of the August 26, 2008 order dismissing Ms. Dumas' bankruptcy matter for failure to paying the filing fee. See, *e.g.*, *In re Consolidated Industries Corp.*, 397 F.3d 524, 527 (7th Cir. 2005) (granting motion to take judicial notice of bankruptcy court order).

2

Under 11 U.S.C. § 362, the statutory provision that imposes an automatic stay for bankruptcy actions in other proceedings, a stay may be terminated in a few circumstances, one of which occurred here. Section 362(c)(2) provides that a stay under this provision "continues until the earliest of (A) the time the case is closed; (B) the time the case is dismissed; or (C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied." Thus, when Ms. Dumas's bankruptcy action was dismissed on August 26, 2008, the stay was extinguished as well. See *In re Mary Robenson*, 1991 WL 274463, at *3 (N.D. Ill. Dec. 13, 1991) (declining to address the merits of an appeal of a bankruptcy order that was "mooted by the dismissal of the underlying bankruptcy case"). The automatic stay which was modified by the bankruptcy court remained in place only while Ms. Dumas's bankruptcy action was still pending; once the case was dismissed, the stay ceased to exist. 11 U.S.C. § 362(c)(2)(B).

This Court agrees with the reasoning in *Robenson* that "because there is no stay, the appeal of the bankruptcy court's order granting relief from the stay is moot. Is it simply impossible for this court to grant [Ms. Dumas] the relief requested." *Robenson*, 1991 WL 274463, at *3. The Seventh Circuit has recognized that:

> [t]he general law, as well as the law in this circuit, has long been established that if pending an appeal an event occurs which renders it impossible to grant any relief or renders a decision unnecessary the appeal will be dismissed. * * * 'There must be an actual controversy; an appeal will not be entertained to determine moot questions, and it will be dismissed, therefore, if by act of the parties or otherwise the circumstances have so changed that it is impossible or unnecessary for the appellate court to grant relief.'

*Fink v. Continental Foundry and Machine Co.*, 240 F.2d 369, 374 (7th Cir. 1957) (quoting *Selective Products Corp. v. Humphrey's*, 86 F.2d 821, 823 (7th Cir. 1936)); see also *Duncan v. Farm Credit Bank of St. Louis*, 940 F.2d 1099, 1101 (7th Cir. 1991) (citing *Fink*, among other

cases, for the principle that where an event occurs that renders it impossible for the appellate court to grant any relief or renders a decision unnecessary, the appeal will be dismissed as moot); *In re Winters*, 1999 WL 281083, at *3 n.1 (N.D. Ill. Mar. 31, 1999) (same).

Here, even if Ms. Dumas were correct that the bankruptcy court erred in modifying the stay – a decision that this Court has not reached – this Court has no power to direct any relief in the bankruptcy court. Because Ms. Dumas failed to file a timely appeal of the bankruptcy court's August 26 order, not only has the stay has been extinguished, but the bankruptcy action has been dismissed in an order that is final and no longer appealable. See *Robenson*, 1991 WL 274463, at *4 ("A remand by us to the Bankruptcy Court would, therefore, be useless. If we had some power to restore the bankruptcy proceeding, the situation would be different, but there is no appeal from the order dismissing it."). In short, because there is no longer a live case or controversy in the bankruptcy court, Ms. Dumas's appeal is moot and must be dismissed.

## III. Conclusion

For the reasons set forth above, Sabre Group's motion to dismiss [18] is granted and Ms. Dumas's appeal is dismissed as moot.

Dated: December 10, 2008 _____
Robert M. Dow, Jr.
United States District Judge

4